KEKER & VAN NEST LLP
ASHOK RAMANI – #200020
aramani@kvn.com
MICHAEL S. KWUN – #198945
mkwun@kvn.com
TIA A. SHERRINGHAM – #258507
tsherringham@kvn.com
STACY S. CHEN – #261822
schen@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
NETFLIX, INC.

ORIGINAL
FILED

DEC 21 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

PSG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NETFLIX, INC.,

Plaintiff,

v.

ROVI CORPORATION,
ROVI TECHNOLOGIES CORPORATION,
ROVI GUIDES, INC. (f/k/a GEMSTAR-V
GUIDE INTERNATIONAL), and
UNITED VIDEO PROPERTIES, INC.

Defendants.

Case No.  6591

**COMPLAINT FOR DECLARATORY RELIEF**

**DEMAND FOR JURY TRIAL**

Plaintiff Netflix, Inc. hereby alleges for its Complaint against Defendants Rovi Corporation, Rovi Technologies Corporation, Rovi Guides, Inc. (f/k/a Gemstar-TV Guide International), and United Video Properties, Inc. (collectively "the Defendants") on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

## I. THE PARTIES

1. Plaintiff Netflix, Inc. ("Netflix") is incorporated in Delaware with an address at 100 Winchester Circle, Los Gatos, California, 95032.

2. Defendant Rovi Corporation is incorporated in Delaware with an address at 2830 De La Cruz Blvd., Santa Clara, California 95050.

3. Defendant Rovi Technologies Corporation is incorporated in Delaware with an address at 2830 De La Cruz Blvd., Santa Clara, California 95050. On information and belief, Rovi Technologies Corporation is a wholly owned subsidiary of Defendant Rovi Corporation.

4. Defendant Rovi Guides, Inc. (f/k/a Gemstar-TV Guide International) is incorporated in Delaware with an address at 2830 De La Cruz Blvd., Santa Clara, California 95050. On information and belief, Rovi Guides, Inc. is a wholly owned subsidiary of Rovi Corporation.

5. Defendant United Video Properties, Inc. is incorporated in Delaware with an address at 2830 De La Cruz Blvd., Santa Clara, California 95050. On information and belief, United Video Properties is a wholly owned subsidiary of Rovi Guides, Inc.

## II. NATURE OF THE ACTION

6. This is a declaratory-judgment action seeking a determination that Netflix does not infringe any valid claim of United States Patent Nos. 7,100,185 ("the '185 patent"), 6,305,016 ("the '016 patent"), 7,945,929 ("the '929 patent"), 6,898,762 ("the '762 patent"), and 7,103,906 ("the '906 patent") (collectively "the Disputed Patents") under 35 U.S.C. § 271, and that the Disputed Patents are invalid under at least 35 U.S.C. §§ 101, 102, 103, and 112.

7. On information and belief, Defendant United Video Properties, Inc. is the owner by assignment of the '185 patent, which is entitled "Electronic television program guide schedule system and method" and which issued on August 29, 2006. A true and correct copy of the '185 patent is attached as **Exhibit A** to this Complaint.

8. On information and belief, Defendant United Video Properties, Inc. is the owner by assignment of the '016 patent, which is entitled "Systems and methods for displaying information with a perceived partial transparency over a television program" and which issued

on October 16, 2001. A true and correct copy of the '016 patent is attached as **Exhibit B** to this Complaint.

9. On information and belief, Defendant United Video Properties, Inc. is the owner by assignment of the '929 patent, which is entitled "Program guide system with combination category search" and which issued on May 17, 2011. A true and correct copy of the '929 patent is attached as **Exhibit C** to this Complaint.

10. On information and belief, Defendant United Video Properties, Inc. is the owner by assignment of the '762 patent, which is entitled "Client-server electronic program guide" and which issued on May 24, 2005. A true and correct copy of the '762 patent is attached as **Exhibit D** to this Complaint.

11. On information and belief, Defendant Rovi Technologies Corporation is the owner by assignment of the '906 patent, which is entitled "User controlled multi-device media-on-demand system" and which issued on September 5, 2006. A true and correct copy of the '906 patent is attached as **Exhibit E** to this Complaint.

### III. JURISDICTION AND VENUE

12. This Court has subject-matter jurisdiction over Netflix's claims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because those claims arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. As alleged more fully below, there is a substantial controversy of sufficient immediacy and reality between Netflix and the Defendants regarding non-infringement and invalidity of the Disputed Patents to warrant the issuance of a declaratory judgment.

13. This Court has personal jurisdiction over the Defendants. On information and belief, each one of the Defendants maintains its principal place of business in Santa Clara, a city within this judicial district. Further, on information and belief, each one of the Defendants has continuous and systematic contacts with the State of California and this judicial district.

14. As alleged more fully below, Defendant Rovi Corporation, on behalf of its subsidiaries including (but not limited to) Defendants Rovi Guides, Inc., Rovi Technologies, Corp., and United Video Properties, Inc., has purposefully directed its patent-infringement

threats and accusations for the Disputed Patents at Netflix, which maintains a principal place of business in this judicial district. This declaratory-judgment action arises out of Defendant Rovi Corporation's threats, accusations, and attempts, on its own behalf and on behalf of its subsidiaries including (but not limited to) Defendants Rovi Guides, Inc., Rovi Technologies, Corp., and United Video Properties, Inc., to enforce the Disputed Patents against Netflix in this judicial district.

15. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

## IV. INTRADISTRICT ASSIGNMENT

16. Pursuant to Civil Local Rule 3-2(c), this is an Intellectual Property Action to be assigned on a district-wide basis.

## V. FACTUAL BACKGROUND

17. Netflix is the world's leading Internet subscription service for enjoying movies and TV shows.

18. Netflix is a pioneer in the Internet delivery of movies and TV shows. In 1999, Netflix unveiled its monthly subscription service, through which consumers could select DVDs, place and order them in their queue, and receive them by mail at their location of choice. Paired with Netflix's proprietary personalized-recommendation engine, Netflix's approach presented a novel way to maximize customer convenience and flexibility, solve inventory-management challenges, and eliminate the industry's historical reliance on due dates and late fees. In 2007, Netflix introduced its streaming service, through which customers could select and watch content of their choice on their computing devices instantly.

19. Netflix has invested tens of millions of dollars and thousands of hours of engineering time in formulating, refining, and perfecting its services. Netflix in 2011 launched its services in Canada, Latin America, and the Caribbean, and looks forward to expanding to the rest of the world.

20. Despite its worldwide reach, Netflix is and always has been a California company. Its corporate headquarters for over a decade have been in Los Gatos, California.

1  Today, Netflix employs nearly 1000 employees in this judicial district.

2      21.    While Rovi holds itself out as a technology company that provides interactive program guides ("IPGs") products and services, on information and belief Rovi's main business is licensing patents that Rovi itself does not practice in the marketplace. Rovi, which claims to own one of the world's most extensive patent portfolios, has emphasized that its long-term success depends on its enforcement of its patent rights.

    22.    On April 22, 2011, Clay E. Gaetje, Vice President of Intellectual Property Licensing at Rovi Corp., wrote an unsolicited letter to David Hyman, Netflix's General Counsel, to discuss a license to the Disputed Patents. Mr. Gaetje explained that "[b]ased on our review of Netflix's user interface, we believe Netflix would benefit from a license under our patent portfolio." The letter enclosed a presentation identifying the '016, '929, '185, and '906 patents. The presentation compared features of Netflix's system to the methods claimed in the Disputed Patents, and included snapshots of Netflix's user interface on various platforms (*e.g.*, online, PC, mobile).

    23.    On August 9, 2011, Mr. Gaetje wrote to Mr. Hyman and Alyssa Harvey, Associate General Counsel at Netflix, to follow-up on his April 22, 2011 letter to Mr. Hyman. This time Mr. Gaetje enclosed a representative claim chart for each of the Disputed Patents (the four patents identified in Mr. Gaetje's letter of April 22, 2011 as well as the '762 patent), as well a "supplemental presentation," with additional screenshots of the Netflix system. Mr. Gaetje requested that he and Arvin Patel, head of the worldwide IPG licensing program, meet with Netflix to "discuss the matter and move this issue forward." Four days later, Mr. Gaetje emailed Ms. Harvey again and renewed his request for an in-person meeting.

    24.    On August 17, 2011, Rovi proposed a license to its video-guidance patent portfolio providing for a specific per-subscriber monthly fee.

    25.    On September 1, 2011, Samir Armaly, Senior Vice President of Intellectual Property and Licensing at Rovi, and also based in California, wrote to Mr. Hyman and charged Netflix with having infringed Rovi's patents: "While our strong preference remains to find a commercial resolution to this issue, in the absence of any meaningful feedback from Netflix we

can only assume that Netflix has concluded it is not interested in taking the *necessary* licenses from Rovi and need to proceed accordingly. If our assumption is correct, then we would expect Netflix to immediately remove any and all of the *infringing* features and functionality currently being offered." (emphases added). Mr. Armaly requested that Netflix "immediately remove the features and functionality that have been identified on an exemplary basis as *infringing specific Rovi video guidance patents*" (emphasis added). Lastly, Mr. Armaly warned that "[Rovi] will obviously expect to be appropriately compensated for any infringement that has occurred to date."

26. On September 21, 2011, in-house counsel for Netflix met face-to-face with Rovi personnel to discuss Rovi's patent portfolio. These meetings occurred in Netflix's Los Gatos offices. The parties met again face-to-face in Netflix's Los Gatos offices on October 31, 2011.

27. Following these discussions, Mr. Armaly wrote Mr. Hyman on November 5, 2011, and proposed a non-exclusive license of Rovi's patents. Rovi proposed to license its video-guidance patents and patent applications for a specified term for an annual fee. In addition, Rovi's agreement included a fee for past use on a per-subscriber basis. The agreement was contingent on Netflix concluding the agreement "within the current quarter."

28. On November 11, 2011, Mr. Armaly wrote again to Mr. Hyman, advising that "we think it is important to keep making progress toward a decision on whether or not a commercial resolution will be possible, and if so, to conclude such an agreement within this quarter."

29. In early December 2011, Netflix advised Rovi that its terms were unacceptable.

30. On December 8, 2011, Mr. Armaly wrote to Ms. Ware and Mr. Hyman, ominously declaring that "we have made Rovi's position clear that an agreement needs to be concluded within the current quarter *or else we will have to pursue other options*" (emphasis added).

31. On December 11, 2011, Rovi presented Netflix with a revised non-exclusive license proposal that Netflix deemed unsuitable.

32. In the past two years, Rovi has sued at least three different companies (including

Toshiba, Hulu, and Sharp), alleging patent infringement of at least two of the Disputed Patents.

33. The facts alleged herein show that a substantial controversy exists between Rovi and Netflix, parties having adverse legal interests, regarding the validity and alleged infringement of the Disputed Patents, and that this controversy is of sufficient immediacy and reality to warrant the issuance of declaratory judgment.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of United States Patent No. 7,100,185)**

34. Netflix incorporates by reference Paragraphs 1 through 33, inclusive, as though fully set forth in this Paragraph.

35. Netflix has never infringed and is not currently infringing—whether directly or indirectly, contributorily or by inducement, or literally or under the doctrine of equivalents—any valid claim of the '185 patent.

36. Netflix is informed and believes, based upon Defendant Rovi Corporation's prior threats of patent infringement, on its own behalf and on behalf of its subsidiaries including (but not limited to) Defendants Rovi Guides, Inc., Rovi Technologies, Corp., and United Video Properties, Inc., targeting Netflix's video-streaming services, its coercive licensing practices, and its allegations in its numerous lawsuits involving its patent portfolio, that the Defendants contend that Netflix's making, using, offering to sell, or selling video-streaming services infringes one or more claims of the '185 patent.

37. Accordingly, an actual and justiciable controversy has arisen and exists between Netflix and Rovi relating to the non-infringement of the '185 patent. Netflix seeks a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

### SECOND CLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity of United States Patent No. 7,100,185)**

38. Netflix is informed and believes that the claims of the '185 patent are invalid. In

view of the prior art, Defendant Rovi Corporation's assertions of what is claimed in the '185 patent, statements made by applicants in the course of prosecuting the '185 patent, and basic deficiencies in the '185 patent, Netflix believes and thereon alleges that the '185 patent and its claims fail to satisfy one or more of the conditions and requirements for patentability set forth in Title 35, Part II, of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and law pertaining. Specifically, without limitation, the '185 patent is invalid under Sections 102 and/or 103 as disclosed by or obvious in view of the prior art; the '185 patent as presented by the Defendants is invalid under Section 112 because its claims lack adequate support in the written description, are not adequately enabled by the disclosure of the '185 patent, and are indefinite in that a person of skill in the art would not understand the scope of what is claimed.

39. Netflix is informed and believes, based upon Defendant Rovi Corporation's prior threats of patent infringement, on its own behalf and on behalf of its subsidiaries including (but not limited to) Defendants Rovi Guides, Inc., Rovi Technologies, Corp., and United Video Properties, Inc., targeting Netflix's video streaming services, its coercive licensing practices, and its allegations in its numerous lawsuits involving its patent portfolio, that the Defendants contend that the claims of the '185 patent are valid and enforceable.

40. Accordingly, an actual and justiciable controversy has arisen and exists between Netflix and Rovi relating to the validity of the '185 patent. Netflix seeks a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

### THIRD CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of United States Patent No. 6,305,016)**

41. Netflix incorporates by reference Paragraphs 1 through 33, inclusive, as though fully set forth in this Paragraph.

42. Netflix has never infringed and is not currently infringing—whether directly or indirectly, contributorily or by inducement, or literally or under the doctrine of equivalents—any

1 valid claim of the '016 patent.

2     43. Netflix is informed and believes, based upon Defendant Rovi Corporation's prior threats of patent infringement, on its own behalf and on behalf of its subsidiaries including (but not limited to) Defendants Rovi Guides, Inc., Rovi Technologies, Corp., and United Video Properties, Inc., targeting Netflix's video-streaming services, its coercive licensing practices, and its allegations in its numerous lawsuits involving its patent portfolio, that the Defendants contend that Netflix's making, using, offering to sell, or selling video-streaming services infringe one or more claims of the '016 patent.

    44. Accordingly, an actual and justiciable controversy has arisen and exists between Netflix and Rovi relating to the non-infringement of the '016 patent. Netflix seeks a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

## FOURTH CLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity of United States Patent No. 6,305,016)**

    45. Netflix is informed and believes that the claims of the '016 patent are invalid. In view of the prior art, Defendant Rovi Corporation's assertions of what is claimed in the '016 patent, statements made by applicants in the course of prosecuting the '016 patent, and basic deficiencies in the '016 patent, Netflix believes and thereon alleges that the '016 patent and its claims fail to satisfy one or more of the conditions and requirements for patentability set forth in Title 35, Part II, of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and law pertaining. Specifically, without limitation, the '016 patent is invalid under Sections 102 and/ or 103 as disclosed by or obvious in view of the prior art; the '016 patent as presented by the Defendants is invalid under Section 112 because its claims lack adequate support in the written description, are not adequately enabled by the disclosure of the '016 patent, and are indefinite in that a person of skill in the art would not understand the scope of what is claimed.

    46. Netflix is informed and believes, based upon Defendant Rovi Corporation's prior

threats of patent infringement, on its own behalf and on behalf of its subsidiaries including (but not limited to) Defendants Rovi Guides, Inc., Rovi Technologies, Corp., and United Video Properties, Inc., targeting Netflix's video-streaming services, its coercive licensing practices, and its allegations in its numerous lawsuits involving its patent portfolio, that the Defendants contend that the claims of the '016 patent are valid and enforceable.

47. Accordingly, an actual and justiciable controversy has arisen and exists between Netflix and Rovi relating to the validity of the '016 patent. Netflix seeks a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

## FIFTH CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of United States Patent No. 7,045,929)**

48. Netflix incorporates by reference Paragraphs 1 through 33, inclusive, as though fully set forth in this Paragraph.

49. Netflix has never infringed and is not currently infringing—whether directly or indirectly, contributorily or by inducement, or literally or under the doctrine of equivalents—any valid claim of the '929 patent.

50. Netflix is informed and believes, based upon Defendant Rovi Corporation's prior threats of patent infringement, on its own behalf and on behalf of its subsidiaries including (but not limited to) Defendants Rovi Guides, Inc., Rovi Technologies, Corp., and United Video Properties, Inc., targeting Netflix's video-streaming services, its coercive licensing practices, and its allegations in its numerous lawsuits involving its patent portfolio, that the Defendants contend that Netflix's making, using, offering to sell, or selling video-streaming services infringe one or more claims of the '929 patent.

51. Accordingly, an actual and justiciable controversy has arisen and exists between Netflix and Rovi relating to the non-infringement of the '929 patent. Netflix seeks a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time to enable the parties to

ascertain their respective rights and duties.

## SIXTH CLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity of United States Patent No. 7,045,929)**

52. Netflix is informed and believes that the claims of the '929 patent are invalid. In view of the prior art, Defendant Rovi Corporation's assertions of what is claimed in the '929 patent, statements made by applicants in the course of prosecuting the '929 patent, and basic deficiencies in the '929 patent, Netflix believes and thereon alleges that the '929 patent and its claims fail to satisfy one or more of the conditions and requirements for patentability set forth in Title 35, Part II, of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and law pertaining. Specifically, without limitation, the '929 patent is invalid under Sections 102 and/ or 103 as disclosed by or obvious in view of the prior art; the '929 patent as presented by the Defendants is invalid under Section 112 because its claims lack adequate support in the written description, are not adequately enabled by the disclosure of the '929 patent, and are indefinite in that a person of skill in the art would not understand the scope of what is claimed.

53. Netflix is informed and believes, based upon Defendant Rovi Corporation's prior threats of patent infringement, on its own behalf and on behalf of its subsidiaries including (but not limited to) Defendants Rovi Guides, Inc., Rovi Technologies, Corp., and United Video Properties, Inc., targeting Netflix's video-streaming services, its coercive licensing practices, and its allegations in its numerous lawsuits involving its patent portfolio, that the Defendants contend that the claims of the '929 patent are valid and enforceable.

54. Accordingly, an actual and justiciable controversy has arisen and exists between Netflix and Rovi relating to the validity of the '929 patent. Netflix seeks a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

## SEVENTH CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of United States Patent No. 6,898,762)**

55. Netflix incorporates by reference Paragraphs 1 through 33, inclusive, as though fully set forth in this Paragraph.

56. Netflix has never infringed and is not currently infringing—whether directly or indirectly, contributorily or by inducement, or literally or under the doctrine of equivalents—any valid claim of the '762 patent.

57. Netflix is informed and believes, based upon Defendant Rovi Corporation's prior threats of patent infringement, on its own behalf and on behalf of its subsidiaries including (but not limited to) Defendants Rovi Guides, Inc., Rovi Technologies, Corp., and United Video Properties, Inc., targeting Netflix's video-streaming services, its coercive licensing practices, and its allegations in its numerous lawsuits involving its patent portfolio, that the Defendants contend that Netflix's making, using, offering to sell, or selling video-streaming services infringe one or more claims of the '762 patent.

58. Accordingly, an actual and justiciable controversy has arisen and exists between Netflix and Rovi relating to the non-infringement of the '762 patent. Netflix seeks a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

## EIGHTH CLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity of United States Patent No. 6,898,762)**

59. Netflix is informed and believes that the claims of the '762 patent are invalid. In view of the prior art, Defendant Rovi Corporation's assertions of what is claimed in the '762 patent, statements made by applicants in the course of prosecuting the '762 patent, and basic deficiencies in the '762 patent, Netflix believes and thereon alleges that the '762 patent and its claims fail to satisfy one or more of the conditions and requirements for patentability set forth in Title 35, Part II, of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and law pertaining. Specifically, without limitation, the

'762 patent is invalid under Sections 102 and/ or 103 as disclosed by or obvious in view of the prior art; the '762 patent as presented by the Defendants is invalid under Section 112 because its claims lack adequate support in the written description, are not adequately enabled by the disclosure of the '762 patent, and are indefinite in that a person of skill in the art would not understand the scope of what is claimed.

60. Netflix is informed and believes, based upon Defendant Rovi Corporation's prior threats of patent infringement, on its own behalf and on behalf of its subsidiaries including (but not limited to) Defendants Rovi Guides, Inc., Rovi Technologies, Corp., and United Video Properties, Inc., targeting Netflix's video-streaming services, its coercive licensing practices, and its allegations in its numerous lawsuits involving its patent portfolio, that the Defendants contend that the claims of the '762 patent are valid and enforceable.

61. Accordingly, an actual and justiciable controversy has arisen and exists between Netflix and Rovi relating to the validity of the '762 patent. Netflix seeks a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

## NINTH CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of United States Patent No. 7,103,906)**

62. Netflix incorporates by reference Paragraphs 1 through 33, inclusive, as though fully set forth in this Paragraph.

63. Netflix has never infringed and is not currently infringing—whether directly or indirectly, contributorily or by inducement, or literally or under the doctrine of equivalents—any valid claim of the '906 patent.

64. Netflix is informed and believes, based upon Defendant Rovi Corporation's prior threats of patent infringement, on its own behalf and on behalf of its subsidiaries including (but not limited to) Defendants Rovi Guides, Inc., Rovi Technologies, Corp., and United Video Properties, Inc., targeting Netflix's video-streaming services, its coercive licensing practices, and its allegations in its numerous lawsuits involving its patent portfolio, that the Defendants contend

that Netflix's making, using, offering to sell, or selling video-streaming services infringe one or more claims of the '906 patent.

65. Accordingly, an actual and justiciable controversy has arisen and exists between Netflix and Rovi relating to the non-infringement of the '906 patent. Netflix seeks a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

### TENTH CLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity of United States Patent No. 7,103,906)**

66. Netflix is informed and believes that the claims of the '906 patent are invalid. In view of the prior art, Defendant Rovi Corporation's assertions of what is claimed in the '906 patent, statements made by applicants in the course of prosecuting the '906 patent, and basic deficiencies in the '906 patent, Netflix believes and thereon alleges that the '906 patent and its claims fail to satisfy one or more of the conditions and requirements for patentability set forth in Title 35, Part II, of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and law pertaining. Specifically, without limitation, the '906 patent is invalid under Sections 102 and/ or 103 as disclosed by or obvious in view of the prior art; the '906 patent as presented by the Defendants is invalid under Section 112 because its claims lack adequate support in the written description, are not adequately enabled by the disclosure of the '906 patent, and are indefinite in that a person of skill in the art would not understand the scope of what is claimed.

67. Netflix is informed and believes, based upon Defendant Rovi Corporation's prior threats of patent infringement, on its own behalf and on behalf of its subsidiaries including (but not limited to) Defendants Rovi Guides, Inc., Rovi Technologies, Corp., and United Video Properties, Inc., targeting Netflix's video-streaming services, its coercive licensing practices, and its allegations in its numerous lawsuits involving its patent portfolio, that the Defendants contend that the claims of the '906 patent are valid and enforceable.

68. Accordingly, an actual and justiciable controversy has arisen and exists between

Netflix and Rovi relating to the validity of the '906 patent. Netflix seeks a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff Netflix requests entry of judgment in its favor and against the Defendants as follows:

1. A declaration that Netflix has not infringed, willfully infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '185 patent;

2. A declaration that all claims of the '185 patent are invalid;

3. A declaration that Netflix has not infringed, willfully infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '016 patent;

4. A declaration that all claims of the '016 patent are invalid;

5. A declaration that Netflix has not infringed, willfully infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '929 patent;

6. A declaration that all claims of the '929 patent are invalid;

7. A declaration that Netflix has not infringed, willfully infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '762 patent;

8. A declaration that all claims of the '762 patent are invalid;

9. A declaration that Netflix has not infringed, willfully infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '906 patent;

10. A declaration that all claims of the '906 patent are invalid;

11. A declaration that this is an "exceptional case" under 35 U.S.C. § 285 and an award granting Netflix its costs and reasonable attorneys' fees as permitted under that statute; and

12. Any other and further relief that this Court may deem just and proper.

## VIII. JURY DEMAND

Netflix demands a jury trial for all issues so triable.

Dated: December 21, 2011

Respectfully submitted,

KEKER & VAN NEST LLP

By: /s/ Ashok Ramani
ASHOK RAMANI
MICHAEL S. KWUN
TIA A. SHERRINGHAM
STACY S. CHEN
Attorneys for Plaintiff
NETFLIX, INC.