1   YAR R. CHAIKOVSKY (SBN 175421)
    ychaikovsky@mwe.com
2   DAVID L. LARSON (SBN 112342)
    dlarson@mwe.com
3   HONG S. LIN (SBN 249898)
    hlin@mwe.com
4   JEREMIAH A. ARMSTRONG (SBN 253705)
    jarmstrong@mwe.com
5   KYLE A. VIRGIEN (SBN 278747)
    kvirgien@mwe.com
6   McDERMOTT WILL & EMERY LLP
    275 Middlefield Road, Suite 100
7   Menlo Park, CA  94025-4004
    Telephone:     +1 650 815 7400
8   Facsimile:     +1 650 815 7401

9   Attorneys for Defendants-Counterclaimants
    ROVI CORPORATION,
10  ROVI TECHNOLOGIES CORPORATION,
    ROVI GUIDES, INC. (f/k/a GEMSTAR-TV
11  GUIDE INTERNATIONAL), and
    UNITED VIDEO PROPERTIES, INC., and
12  Counterclaimants
    APTIV DIGITAL, INC. and
13  STARSIGHT TELECAST, INC.

<div style="text-align:left; margin-left:30px;">McDERMOTT WILL & EMERY LLP<br>ATTORNEYS AT LAW<br>MENLO PARK</div>

14                          UNITED STATES DISTRICT COURT
                          NORTHERN DISTRICT OF CALIFORNIA
15                              SAN JOSE DIVISION

16  NETFLIX, INC.,
                    Plaintiff,
17                                              CASE NO.  5:11-cv-06591-PSG
            v.
18  ROVI CORPORATION,                           **DEFENDANTS' ANSWER AND**
    ROVI TECHNOLOGIES                            **AFFIRMATIVE AND OTHER DEFENSES;**
19  CORPORATION,                                 **AND COUNTERCLAIMANTS'**
    ROVI GUIDES, INC. (f/k/a GEMSTAR-            **COUNTERCLAIMS TO COMPLAINT**
20  TV GUIDE INTERNATIONAL), and
    UNITED VIDEO PROPERTIES, INC.                DEMAND FOR JURY TRIAL
21                  Defendants,
    AND
22
    ROVI CORPORATION,
23  ROVI TECHNOLOGIES
    CORPORATION,
24  ROVI GUIDES, INC. (f/k/a GEMSTAR-
    TV GUIDE INTERNATIONAL)
25  UNITED VIDEO PROPERTIES, INC.,
    APTIV DIGITAL, INC., and
26  STARSIGHT TELECAST, INC.
                    Counterclaimants,
27
            v.
28  NETFLIX, INC.,
                    Counterdefendant.

Defendants' Answer and Affirmative and Other
Defenses; and Counterclaimants' Counterclaims to          (No. 5:11-CV-06591-PSG)
Complaint

**Rovi Corporation, Rovi Technologies Corporation, Rovi Guides, Inc.
(f/k/a Gemstar-TV Guide International), United Video Properties, Inc.,
<u>Aptiv Digital, Inc., and StarSight Telecast, Inc.'s Answer and Counterclaims</u>**

Defendants/Counterclaimants Rovi Corporation, Rovi Technologies Corporation, Rovi

Guides, Inc. (f/k/a Gemstar-TV Guide International), and United Video Properties, Inc. and

Counterclaimants Aptiv Digital, Inc. and StarSight Telecast, Inc. (collectively "Rovi"), by and

through their undersigned counsel, respectively answer the Complaint by Netflix, Inc. ("Netflix")

and plead counterclaims as follows:

## I. THE PARTIES

1.      Rovi is without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 1, and on that basis denies them.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Admitted.

## II. NATURE OF THE ACTION

6.      Rovi admits that the Complaint purports to state that it is a declaratory-judgment

action seeking a determination that Netflix does not infringe U.S. Patent Nos. 7,100,185 ("the

'185 patent"), 6,305,016 ("the '016 patent"), 7,945,929 ("the '929 patent"), 6,898,762 ("the '762

patent"), and 7,103,906 ("the '906 patent") (collectively "the Disputed Patents").  Rovi admits

that the Complaint alleges that the Disputed Patents are invalid under 35 U.S.C. §§ 271, 101, 102,

103, and 112.  Rovi denies the remaining allegations in paragraph 6.

7.      Rovi admits that United Video Properties, Inc. is the owner by assignment of the

'185 patent, which is entitled "Electronic television program guide schedule system and method"

Defendants' Answer and Affirmative and Other
Defenses; and Counterclaimants' Counterclaims to
Complaint                                    - 2 -                         (No. 5:11-CV-06591-PSG)

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

and which issued on August 29, 2006.  Rovi further admits that Exhibit A to The complaint appears to be a copy of the '185 patent.  Rovi denies the remaining allegations in paragraph 7.

8.      Rovi admits that United Video Properties, Inc. is the owner by assignment of the '016 patent, which is entitled "Systems and method for displaying information with a perceived partial transparency over a television program" and which issued on October 16, 2001.  Rovi further admits that Exhibit B to the Complaint appears to be a copy of the '016 patent.  Rovi denies the remaining allegations in paragraph 8.

9.      Rovi admits that United Video Properties, Inc. is the owner by assignment of the '929 patent, which is entitled "Program guide system with combination category search" and which issued on May 17, 2011.  Rovi further admits that Exhibit C to the Complaint appears to be a copy of the '929 patent.  Rovi denies the remaining allegations in paragraph 9.

10.     Rovi admits that United Video Properties, Inc. is the owner by assignment of the '762 patent, which is entitled "Client-server electronic program guide" and which issued on May 24, 2005.  Rovi further admits that Exhibit D to the Complaint appears to be a copy of the '762 patent.  Rovi denies the remaining allegations in paragraph 10.

11.     Rovi admits that Rovi Technologies Corporation is the owner by assignment of the '906 patent, which is entitled "User controlled multi-device media-on-demand system" and which issued on September 5, 2006.  Rovi further admits that Exhibit D to the Complaint appears to be a copy of the '906 patent.  Rovi denies the remaining allegations in paragraph 11.

### III. JURISDICTION AND VENUE

12.     Rovi admits that, because Netflix alleges that this action arises under the patent laws of the United States, namely 35 U.S.C. § 1, *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, this Court has subject-matter jurisdiction pursuant to 28 U.S.C.

Defendants' Answer and Affirmative and Other
Defenses; and Counterclaimants' Counterclaims to
Complaint                          - 3 -                     (No. 5:11-CV-06591-PSG)

§§ 1331, 1338(a), but Rovi specifically denies Netflix's allegations that the Disputed Patents are invalid and that Netflix does not infringe the Disputed Patents.

13.     Rovi admits that this Court has personal jurisdiction over Rovi.  Rovi further admits that Rovi Corporation, Rovi Technologies Corporation, Rovi Guides, Inc. (f/k/a Gemstar-TV Guide International, and United Video Properties, Inc. each maintains its principal place of business in Santa Clara, which is within this judicial district.  Rovi further admits that each of the Rovi entities named in the Complaint has contacts with the State of California and this judicial district.

14.     Rovi admits that Netflix purports to maintain a principal place of business in this judicial district.  Rovi denies the remaining allegations of paragraph 14.

15.     Rovi admits that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

### IV. INTRADISTRICT ASSIGNMENT

16.     Rovi admits that this is an Intellectual Property Action that, pursuant Civil Local Rule 3-2(c), is to be assigned on a district-wide basis.

### V. FACTUAL BACKGROUND

17.     Rovi is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and on that basis denies them.

18.     Rovi is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, and on that basis denies them.

19.     Rovi is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and on that basis denies them.

20.     Rovi is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and on that basis denies them.

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

21.     Rovi denies that Rovi's main business is licensing patents that Rovi itself does not practice in the marketplace.  Rovi is a leader in the digital entertainment technology field and dedicates significant resources to the research and development of new interactive program guide products and services.  A majority of Rovi's revenue is derived from sources other than intellectual property licensing.  Rovi denies the remaining allegations of paragraph 21.

22.     Rovi admits that Clay E. Gaetje, Vice President of Intellectual Property Licensing at Rovi Corp., wrote a letter to David Hyman to discuss a license and that his letter included the phrase: "[b]ased on our review of Netflix's user interface, we believe that Netflix would benefit from a license under our patent portfolio."  Rovi further admits that the letter contained a presentation that mentioned, among other things, the '016, '929, '185, and '906 patents.  Rovi further admits that this presentation included comparisons of Netflix's technology to the claims of the Disputed Patents, which included images of Netflix's website.  Rovi denies the remaining allegations of paragraph 22.

23.     Rovi admits that Mr. Gaetje wrote to Mr. Hyman and Alyssa Harvey on August 9, 2011.  Rovi further admits that Mr. Gaetje enclosed a claim chart for each of the Disputed Patents and screenshots of Netflix's website.  Rovi further admits that Mr. Gaetje also enclosed a presentation providing information on a number of patents in Rovi's portfolio, including the Disputed Patents and each of the patents asserted in the counterclaims below.  Rovi denies the remaining allegations of paragraph 23.

24.     Rovi admits that, at Netflix's request, it sent a proposed license agreement to Netflix on August 17, 2011.  Rovi further admits that this proposed license agreement set out a per-subscriber monthly fee.  Rovi denies the remaining allegations of paragraph 24.

25.     Rovi admits that Samir Armaly's primary office is in California.  Rovi further admits that Samir Armaly wrote to Mr. Hyman on September 1, 2011 and that his letter included

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

Defendants' Answer and Affirmative and Other
Defenses; and Counterclaimants' Counterclaims to
Complaint

- 5 -

(No. 5:11-CV-06591-PSG)

the following phrases: "While our strong preference remains to find a commercial resolution to this issue, in the absence of any meaningful feedback from Netflix we can only assume that Netflix has concluded it is not interested in taking the necessary licenses from Rovi and need to proceed accordingly.  If our assumption is correct, then we would expect Netflix to immediately remove any and all of the infringing features and functionality currently being offered."; "immediately remove the features and functionality that have been identified on an exemplary basis as infringing specific Rovi video guidance patents"; and "[Rovi] will obviously expect to be appropriately compensated for any infringement that has occurred to date."  Rovi denies the remaining allegations of paragraph 25.

26.     Rovi admits that Rovi and Netflix met face-to-face on October 31, 2011.  Rovi denies the remaining allegations of paragraph 26.

27.     Rovi admits that, as requested by Netflix, it provided Netflix with a proposed non-exclusive license.  Rovi also admits to proposing a per-user fee for past infringement.  Rovi denies the remaining allegations of paragraph 27.

28.     Rovi admits that Mr. Armaly wrote to Mr. Hyman on November 11, 2011 and that his email contained the phrase: "we think it is important to keep making progress toward a decision on whether or not a commercial resolution will be possible, and if so, to conclude such an agreement within this quarter."  Rovi denies the remaining allegations of paragraph 28.

29.     Denied.

30.     Rovi admits that on December 8, 2011, Mr. Armaly wrote to Ms. Ware and Mr. Hyman and that his email contained the phrase "[w]e have made Rovi's position clear that an agreement needs to be concluded within the current quarter or else we will have to pursue other options."  Rovi denies the remaining allegations of paragraph 30.

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

Defendants' Answer and Affirmative and Other
Defenses; and Counterclaimants' Counterclaims to
Complaint

- 6 -

(No. 5:11-CV-06591-PSG)

31.     Rovi admits that on December 11, 2011 it provided Netflix with a non-exclusive license proposal.  Rovi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31, and on that basis denies them.

32.     Rovi admits that it has brought suits against Toshiba, Hulu, and Sharp in the two years preceding the filing of the Complaint to protect its intellectual property rights.  Rovi denies the remaining allegations of paragraph 32.

33.     Rovi admits that there exists a substantial controversy between Rovi and Netflix— two parties with adverse interests—regarding the validity and infringement of the Disputed Patents.  Rovi specifically denies Netflix is entitled to declaratory judgment on any of its claims, and also denies the remaining allegations of paragraph 33.

## VI. CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of United States Patent No. 7,100,185)**

34.     Rovi incorporates by reference its responses to paragraphs 1-33, inclusive, as though set forth fully in this paragraph.

35.     Denied.

36.     Rovi admits that it contends that Netflix's making, using, offering to sell, or selling video-streaming services infringes one or more claims of the '185 Patent.  Rovi denies the remaining allegations of paragraph 36.

37.     Rovi admits that an actual and justiciable controversy exists between Netflix and Rovi relating to the infringement of the '185 patent.  Rovi admits that Netflix purports to seek a judicial determination and declaration of the respective rights and duties of the parties.  Rovi denies the remaining allegations of paragraph 37.

Defendants' Answer and Affirmative and Other
Defenses; and Counterclaimants' Counterclaims to
Complaint                                    - 7 -                    (No. 5:11-CV-06591-PSG)

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

**SECOND CLAIM FOR RELIEF**

**(Declaratory Judgment of Invalidity of United States Patent No. 7,100,185)**

38.     Denied.

39.     Rovi admits that it contends that the claims of the '185 Patent are valid and enforceable.  Rovi denies the remaining allegations of paragraph 39.

40.     Rovi admits that an actual and justiciable controversy exists between Netflix and Rovi relating to the validity of the '185 patent.  Rovi admits that Netflix purports to seek a judicial determination and declaration of the respective rights and duties of the parties.  Rovi denies the remaining allegations of paragraph 40.

**THIRD CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement of United States Patent No. 6,305,016)**

41.     Rovi incorporates by reference its responses to paragraphs 1-33, inclusive, as though set forth fully in this paragraph.

42.     Denied.

43.     Rovi admits that it contends that Netflix's making, using, offering to sell, or selling video-streaming services infringes one or more claims of the '016 patent.  Rovi denies the remaining allegations of paragraph 43.

44.     Rovi admits that an actual and justiciable controversy exists between Netflix and Rovi relating to the infringement of the '016 patent.  Rovi admits that Netflix purports to seek a judicial determination and declaration of the respective rights and duties of the parties.  Rovi denies the remaining allegations of paragraph 44.

**FOURTH CLAIM FOR RELIEF**

**(Declaratory Judgment of Invalidity of United States Patent No. 6,305,016)**

45.     Denied.

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

46.     Rovi admits that it contends that the claims of the '016 Patent are valid and enforceable.  Rovi denies the remaining allegations of paragraph 46.

47.     Rovi admits that an actual and justiciable controversy exists between Netflix and Rovi relating to the validity of the '016 patent.  Rovi admits that Netflix purports to seek a judicial determination and declaration of the respective rights and duties of the parties.  Rovi denies the remaining allegations of paragraph 47.

## FIFTH CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of United States Patent No. 7,045,929)

48.     Rovi incorporates by reference its responses to paragraphs 1-33, inclusive, as though set forth fully in this paragraph.

49.     Denied.

50.     Rovi admits that it contends that Netflix's making, using, offering to sell, or selling video-streaming services infringes one or more claims of the '929 patent.  Rovi denies the remaining allegations of paragraph 50.

51.     Rovi admits that an actual and justiciable controversy exists between Netflix and Rovi relating to the infringement of the '929 patent.  Rovi admits that Netflix purports to seek a judicial determination and declaration of the respective rights and duties of the parties.  Rovi denies the remaining allegations of paragraph 51.

## SIXTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of United States Patent No. 7,045,929)

52.     Denied.

53.     Rovi admits that it contends that the claims of the '929 Patent are valid and enforceable.  Rovi denies the remaining allegations of paragraph 53.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

54.     Rovi admits that an actual and justiciable controversy exists between Netflix and Rovi relating to the validity of the '929 patent. Rovi admits that Netflix purports to seek a judicial determination and declaration of the respective rights and duties of the parties. Rovi denies the remaining allegations of paragraph 54.

## SEVENTH CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of United States Patent No. 6,898,762)**

55.     Rovi incorporates by reference its responses to paragraphs 1-33, inclusive, as though set forth fully in this paragraph.

56.     Denied.

57.     Rovi admits that it contends that Netflix's making, using, offering to sell, or selling video-streaming services infringes one or more claims of the '762 patent. Rovi denies the remaining allegations of paragraph 57.

58.     Rovi admits that an actual and justiciable controversy exists between Netflix and Rovi relating to the infringement of the '762 patent. Rovi admits that Netflix purports to seek a judicial determination and declaration of the respective rights and duties of the parties. Rovi denies the remaining allegations of paragraph 58.

## EIGHTH CLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity of United States Patent No. 6,898,762)**

59.     Denied.

60.     Rovi admits that it contends that the claims of the '762 Patent are valid and enforceable. Rovi denies the remaining allegations of paragraph 60.

61.     Rovi admits that an actual and justiciable controversy exists between Netflix and Rovi relating to the validity of the '762 patent. Rovi admits that Netflix purports to seek a

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

Defendants' Answer and Affirmative and Other
Defenses; and Counterclaimants' Counterclaims to
Complaint
- 10 -
(No. 5:11-CV-06591-PSG)

judicial determination and declaration of the respective rights and duties of the parties.  Rovi

denies the remaining allegations of paragraph 61.

## NINTH CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of United States Patent No. 7,103,906)

62.    Rovi incorporates by reference its responses to paragraphs 1-33, inclusive, as

though set forth fully in this paragraph.

63.    Denied.

64.    Rovi admits that it contends that Netflix's making, using, offering to sell, or

selling video-streaming services infringes one or more claims of the '906 patent.  Rovi denies the

remaining allegations of paragraph 64.

65.    Rovi admits that an actual and justiciable controversy exists between Netflix and

Rovi relating to the infringement of the '906 patent.  Rovi admits that Netflix purports to seek a

judicial determination and declaration of the respective rights and duties of the parties.  Rovi

denies the remaining allegations of paragraph 65.

## TENTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of United States Patent No. 7,103,906)

66.    Denied.

67.    Rovi admits that it contends that the claims of the '906 Patent are valid and

enforceable.  Rovi denies the remaining allegations of paragraph 67.

68.    Rovi admits that an actual and justiciable controversy exists between Netflix and

Rovi relating to the validity of the '906 patent.  Rovi admits that Netflix purports to seek a

judicial determination and declaration of the respective rights and duties of the parties.  Rovi

denies the remaining allegations of paragraph 68.

Defendants' Answer and Affirmative and Other
Defenses; and Counterclaimants' Counterclaims to        - 11 -                        (No. 5:11-CV-06591-PSG)
Complaint

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

## VII. PRAYER FOR RELIEF

Paragraphs 1 through 12 of the Prayer for Relief in the Complaint do not require a response.  Rovi denies that Netflix is entitled to any relief, and denies any allegations contained in paragraphs 1 through 12.

## VIII. JURY DEMAND

Netflix's request for a jury trial does not require a response.  To the extent that any allegations are included in this demand, Rovi denies each and every such allegation.  Rovi also demands a jury trial pursuant to Federal Rule of Civil Procedure 38 on all issues so triable.

## IX. AFFIRMATIVE AND OTHER DEFENSES

Rovi reserves the right to assert any and all defenses, including affirmative defenses that may be ascertained during the course of discovery, including but not limited to the failure of Netflix to properly state any or all of its claims.

## X. COUNTERCLAIMS

Rovi hereby alleges on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

69.     Rovi incorporates by reference paragraphs 1 through 68, inclusive, as though fully set forth in this paragraph.

### **THE PARTIES**

70.     Rovi Corporation is incorporated in Delaware with an address at 2830 De La Cruz Blvd., Santa Clara, CA 95050.

71.     Rovi Technologies Corporation is incorporated in Delaware with an address at 2830 De La Cruz Blvd., Santa Clara, CA 95050.

72.     Rovi Guides, Inc. (f/k/a Gemstar-TV Guide International) is incorporated in Delaware with an address at 2830 De La Cruz Blvd., Santa Clara, CA 95050.

Defendants' Answer and Affirmative and Other
Defenses; and Counterclaimants' Counterclaims to
Complaint                                   - 12 -                    (No. 5:11-CV-06591-PSG)

73.     United Video Properties, Inc. is incorporated in Delaware with an address at 2830 De La Cruz Blvd., Santa Clara, CA 95050.

74.     Aptiv Digital, Inc. is incorporated in Delaware with an address at 2830 De La Cruz Blvd., Santa Clara, CA 95050.  Aptiv Digital, Inc. is a wholly owned subsidiary of Rovi Corporation.

75.     StarSight Telecast, Inc. is incorporated in California, with an address at 2830 De La Cruz Blvd., Santa Clara, CA 95050.  StarSight Telecast, Inc. is a wholly owned subsidiary of Rovi Corporation.

76.     Netflix, Inc. is incorporated in Delaware with an address at 100 Winchester Circle, Los Gatos, CA 95032.

## JURISDICTION AND VENUE

77.     This is an action arising under the patent laws of the United States.  Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

78.     This Court has specific and general jurisdiction over Netflix by virtue of its principal place of business in this district and its continuous and systematic contacts with California and this district in the normal course of its business.

79.     Netflix maintains its principal place of business in this district and does business in this district.  Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FIRST COUNTERCLAIM

### (Infringement of U.S. Patent No. 7,100,185)

80.     Rovi incorporates by reference paragraphs 69 through 79, inclusive, as though fully set forth in this paragraph.

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

81.     United Video Properties, Inc. owns by assignment the entire right, title, and interest in and to the '185 Patent, including the right to bring this suit for injunctive relief and damages.

82.     The '185 Patent issued on August 29, 2006, and is entitled "Electronic television program guide schedule system and method."  A true and correct copy of the '185 Patent is attached as Exhibit 1 and made a part hereof.

83.     The '185 Patent is valid and enforceable under United States Patent Laws.  Rovi is informed and believes that Netflix has infringed and is infringing the '185 Patent, in violation of 35 U.S.C.§ 271 *et seq.*, directly or indirectly, by making, using, offering for sale, or selling in the United States video-streaming services that infringe one or more claims of the '185 Patent.

84.     Upon information and belief, Netflix sells and offers for sale those services knowing of the '185 Patent, knowing them to be specially made or adapted for infringing the '185 Patent and not to be a staple article or commodity of commerce suitable for substantial non-infringing use, and knowing that at least its customers and end users use its video-streaming services in a manner that infringes the '185 Patent.

85.     Upon information and belief, Netflix, knowing of the '185 Patent, actively induces infringement of the '185 Patent by at least encouraging and instructing its customers and end users to use its video-streaming services in a manner that infringes the '185 Patent, knowing that its actions would induce infringement of the '185 Patent, knowing that infringement of the '185 Patent would take place, intending that infringement take place and in substantial numbers, and resulting in direct infringement of the '185 Patent by its customers, including end users, of the accused services.

86.     Netflix's infringement of the '185 Patent is exceptional and entitles Rovi to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

Defendants' Answer and Affirmative and Other
Defenses; and Counterclaimants' Counterclaims to          - 14 -          (No. 5:11-CV-06591-PSG)
Complaint

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

87.     Rovi has been damaged by Netflix's infringement of the '185 Patent and will continue to be damaged unless enjoined by this Court.  Rovi does not have an adequate remedy at law.

88.     Netflix's infringement of the '185 Patent is willful and deliberate, justifying an increase of damages of up to three times under 35 U.S.C. § 284.  Netflix had actual knowledge of its infringement of the '185 Patent no later than August 5, 2011, when Rovi approached Netflix to discuss a potential license.

## SECOND COUNTERCLAIM

### (Infringement of U.S. Patent No. 6,305,016)

89.     Rovi incorporates by reference paragraphs 69 through 79, inclusive, as though fully set forth in this paragraph.

90.     United Video Properties, Inc. owns by assignment the entire right, title, and interest in and to the '016 Patent, including the right to bring this suit for injunctive relief and damages.

91.     The '016 Patent issued on October 16, 2001, and is entitled "Systems and methods for displaying information with a perceived partial transparency over a television program."  A true and correct copy of the '016 Patent is attached as Exhibit 2 and made a part hereof.

92.     The '016 Patent is valid and enforceable under United States Patent Laws.  Rovi is informed and believes that Netflix has infringed and is infringing the '016 Patent, in violation of 35 U.S.C.§  271 *et seq.*, directly or indirectly, by making, using, offering for sale, or selling in the United States video-streaming services that infringe one or more claims of the '016 Patent.

93.     Upon information and belief, Netflix sells and offers for sale those services knowing of the '016 Patent, knowing them to be specially made or adapted for infringing the '016 Patent and not to be a staple article or commodity of commerce suitable for substantial non-

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

Defendants' Answer and Affirmative and Other
Defenses; and Counterclaimants' Counterclaims to
Complaint
- 15 -
(No. 5:11-CV-06591-PSG)

infringing use, and knowing that at least its customers and end users use its video-streaming services in a manner that infringes the '016 Patent.

94.     Upon information and belief, Netflix, knowing of the '016 Patent, actively induces infringement of the '016 Patent by at least encouraging and instructing its customers and end users to use its video-streaming services in a manner that infringes the '016 Patent, knowing that its actions would induce infringement of the '016 Patent, knowing that infringement of the '016 Patent would take place, intending that infringement take place and in substantial numbers, and resulting in direct infringement of the '016 Patent by its customers, including end users, of the accused services.

95.     Netflix's infringement of the '016 Patent is exceptional and entitles Rovi to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

96.     Rovi has been damaged by Netflix's infringement of the '016 Patent and will continue to be damaged unless enjoined by this Court.  Rovi does not have an adequate remedy at law.

97.     Netflix's infringement of the '016 Patent is willful and deliberate, justifying an increase of damages of up to three times under 35 U.S.C. § 284.  Netflix had actual knowledge of its infringement of the '016 Patent no later than August 5, 2011, when Rovi approached Netflix to discuss a potential license.

## THIRD COUNTERCLAIM

### (Infringement of U.S. Patent No. 7,945,929)

98.     Rovi incorporates by reference paragraphs 69 through 79, inclusive, as though fully set forth in this paragraph.

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

Defendants' Answer and Affirmative and Other
Defenses; and Counterclaimants' Counterclaims to
Complaint
- 16 -
(No. 5:11-CV-06591-PSG)

1    99.    United Video Properties, Inc. owns by assignment the entire right, title, and
2  interest in and to the '929 Patent, including the right to bring this suit for injunctive relief and
3  damages.

4    100.    The '929 Patent issued on May 17, 2011, and is entitled "Program guide system
5  with combination category search."  A true and correct copy of the '929 Patent is attached as
6  Exhibit 3 and made a part hereof.

7    101.    The '929 Patent is valid and enforceable under United States Patent Laws.  Rovi is
8  informed and believes that Netflix has infringed and is infringing the '929 Patent, in violation of
9  35 U.S.C.§ 271 *et seq.*, directly or indirectly, by making, using, offering for sale, or selling in the
10 United States video-streaming services that infringe one or more claims of the '929 Patent.

11   102.    Upon information and belief, Netflix sells and offers for sale those services
12 knowing of the '929 Patent, knowing them to be specially made or adapted for infringing the '929
13 Patent and not to be a staple article or commodity of commerce suitable for substantial non-
14 infringing use, and knowing that at least its customers and end users use its video-streaming
15 services in a manner that infringes the '929 Patent.

16   103.    Upon information and belief, Netflix, knowing of the '929 Patent, actively induces
17 infringement of the '929 Patent by at least encouraging and instructing its customers and end
18 users to use its video-streaming services in a manner that infringes the '929 Patent, knowing that
19 its actions would induce infringement of the '929 Patent, knowing that infringement of the '929
20 Patent would take place, intending that infringement take place and in substantial numbers, and
21 resulting in direct infringement of the '929 Patent by its customers, including end users, of the
22 accused services.

23   104.    Netflix's infringement of the '929 Patent is exceptional and entitles Rovi to
24 attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

Defendants' Answer and Affirmative and Other
Defenses; and Counterclaimants' Counterclaims to          - 17 -                    (No. 5:11-CV-06591-PSG)
Complaint

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

105.     Rovi has been damaged by Netflix's infringement of the '929 Patent and will continue to be damaged unless enjoined by this Court.  Rovi does not have an adequate remedy at law.

106.     Netflix's infringement of the '929 Patent is willful and deliberate, justifying an increase of damages of up to three times under 35 U.S.C. § 284.  Netflix had actual knowledge of its infringement of the '929 Patent no later than August 5, 2011, when Rovi approached Netflix to discuss a potential license.

## FOURTH COUNTERCLAIM

### (Infringement of U.S. Patent No. 6,898,762)

107.     Rovi incorporates by reference paragraphs 69 through 79, inclusive, as though fully set forth in this paragraph.

108.     United Video Properties, Inc. owns by assignment the entire right, title, and interest in and to the '762 Patent, including the right to bring this suit for injunctive relief and damages.

109.     The '762 Patent issued on May 24, 2005, and is entitled "Client-server electronic program guide."  A true and correct copy of the '762 Patent is attached as Exhibit 4 and made a part hereof.

110.     The '762 Patent is valid and enforceable under United States Patent Laws.  Rovi is informed and believes that Netflix has infringed and is infringing the '762 Patent, in violation of 35 U.S.C.§ 271 *et seq.*, directly or indirectly, by making, using, offering for sale, or selling in the United States video-streaming services that infringe one or more claims of the '762 Patent.

111.     Upon information and belief, Netflix sells and offers for sale those services knowing of the '762 Patent, knowing them to be specially made or adapted for infringing the '762 Patent and not to be a staple article or commodity of commerce suitable for substantial non-

Defendants' Answer and Affirmative and Other
Defenses; and Counterclaimants' Counterclaims to          - 18 -                    (No. 5:11-CV-06591-PSG)
Complaint

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

infringing use, and knowing that at least its customers and end users use its video-streaming services in a manner that infringes the '762 Patent.

112. Upon information and belief, Netflix, knowing of the '762 Patent, actively induces infringement of the '762 Patent by at least encouraging and instructing its customers and end users to use its video-streaming services in a manner that infringes the '762 Patent, knowing that its actions would induce infringement of the '762 Patent, knowing that infringement of the '762 Patent would take place, intending that infringement take place and in substantial numbers, and resulting in direct infringement of the '762 Patent by its customers, including end users, of the accused services.

113. Netflix's infringement of the '762 Patent is exceptional and entitles Rovi to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

114. Rovi has been damaged by Netflix's infringement of the '762 Patent and will continue to be damaged unless enjoined by this Court. Rovi does not have an adequate remedy at law.

115. Netflix's infringement of the '762 Patent is willful and deliberate, justifying an increase of damages of up to three times under 35 U.S.C. § 284. Netflix had actual knowledge of its infringement of the '762 Patent no later than August 5, 2011, when Rovi approached Netflix to discuss a potential license.

## FIFTH COUNTERCLAIM

### (Infringement of U.S. Patent No. 7,103,906)

116. Rovi incorporates by reference paragraphs 69 through 79, inclusive, as though fully set forth in this paragraph.

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

117.    Rovi Technologies Corporation owns by assignment the entire right, title, and interest in and to U.S. Patent No. 7,103,906, including the right to bring this suit for injunctive relief and damages.

118.    The '906 Patent issued on September 5, 2006, and is entitled "User controlled multi-device media-on-demand system."  A true and correct copy of the '906 Patent is attached as Exhibit 5 and made a part hereof.

119.    The '906 Patent is valid and enforceable under United States Patent Laws.  Rovi is informed and believes that Netflix has infringed and is infringing the '906 Patent, in violation of 35 U.S.C.§ 271 *et seq.*, directly or indirectly, by making, using, offering for sale, or selling in the United States video-streaming services that infringe one or more claims of the '906 Patent.

120.    Upon information and belief, Netflix sells and offers for sale those services knowing of the '906 Patent, knowing them to be specially made or adapted for infringing the '906 Patent and not to be a staple article or commodity of commerce suitable for substantial non-infringing use, and knowing that at least its customers and end users use its video-streaming services in a manner that infringes the '906 Patent.

121.    Upon information and belief, Netflix, knowing of the '906 Patent, actively induces infringement of the '906 Patent by at least encouraging and instructing its customers and end users to use its video-streaming services in a manner that infringes the '906 Patent, knowing that its actions would induce infringement of the '906 Patent, knowing that infringement of the '906 Patent would take place, intending that infringement take place and in substantial numbers, and resulting in direct infringement of the '906 Patent by its customers, including end users, of the accused services.

122.    Netflix's infringement of the '906 Patent is exceptional and entitles Rovi to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

Defendants' Answer and Affirmative and Other
Defenses; and Counterclaimants' Counterclaims to
Complaint                                          - 20 -                    (No. 5:11-CV-06591-PSG)

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

123.     Rovi has been damaged by Netflix's infringement of the '906 Patent and will continue to be damaged unless enjoined by this Court.  Rovi does not have an adequate remedy at law.

124.     Netflix's infringement of the '906 Patent is willful and deliberate, justifying an increase of damages of up to three times under 35 U.S.C. § 284.  Netflix had actual knowledge of its infringement of the '906 Patent no later than August 5, 2011, when Rovi approached Netflix to discuss a potential license.

### SIXTH COUNTERCLAIM

### (Infringement of U.S. Patent No. 7,974,962)

125.     Rovi incorporates by reference paragraphs 69 through 79, inclusive, as though fully set forth in this paragraph.

126.     Aptiv Digital, Inc. owns by assignment the entire right, title, and interest in and to U.S. Patent No. 7,974,962 ("the '962 Patent"), including the right to bring this suit for injunctive relief and damages.

127.     The '962 Patent issued on July 5, 2011, and is entitled "Search engine for a video recorder."  A true and correct copy of the '962 Patent is attached as Exhibit 6 and made a part hereof.

128.     The '962 Patent is valid and enforceable under United States Patent Laws.  Rovi is informed and believes that Netflix has infringed and is infringing the '962 Patent, in violation of 35 U.S.C.§  271 *et seq.*, directly or indirectly, by making, using, offering for sale, or selling in the United States video-streaming services that infringe one or more claims of the '962 Patent.

129.     Upon information and belief, Netflix sells and offers for sale those services knowing of the '962 Patent, knowing them to be specially made or adapted for infringing the '962 Patent and not to be a staple article or commodity of commerce suitable for substantial non-

Defendants' Answer and Affirmative and Other
Defenses; and Counterclaimants' Counterclaims to
Complaint                                                    - 21 -                                     (No. 5:11-CV-06591-PSG)

infringing use, and knowing that at least its customers and end users use its video-streaming services in a manner that infringes the '962 Patent.

130.    Upon information and belief, Netflix, knowing of the '962 Patent, actively induces infringement of the '962 Patent by at least encouraging and instructing its customers and end users to use its video-streaming services in a manner that infringes the '962 Patent, knowing that its actions would induce infringement of the '962 Patent, knowing that infringement of the '962 Patent would take place, intending that infringement take place and in substantial numbers, and resulting in direct infringement of the '962 Patent by its customers, including end users, of the accused services.

131.    Netflix's infringement of the '962 Patent is exceptional and entitles Rovi to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

132.    Rovi has been damaged by Netflix's infringement of the '962 Patent and will continue to be damaged unless enjoined by this Court. Rovi does not have an adequate remedy at law.

133.    Netflix's infringement of the '962 Patent is willful and deliberate, justifying an increase of damages of up to three times under 35 U.S.C. § 284. Netflix had actual knowledge of its infringement of the '962 Patent no later than August 5, 2011, when Rovi approached Netflix to discuss a potential license.

## SEVENTH COUNTERCLAIM

### (Infringement of U.S. Patent No. 8,112,776)

134.    Rovi incorporates by reference paragraphs 69 through 79, inclusive, as though fully set forth in this paragraph.

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

Defendants' Answer and Affirmative and Other
Defenses; and Counterclaimants' Counterclaims to
Complaint                                    - 22 -                        (No. 5:11-CV-06591-PSG)

135.    Starsight Telecast, Inc. owns by assignment the entire right, title, and interest in and to U.S. Patent No. 8,112,776, ("the '776 patent"), including the right to bring this suit for injunctive relief and damages.

136.    The '776 Patent issued on February 7, 2012, and is entitled "Interactive computer system for providing television schedule information."  A true and correct copy of the '776 Patent is attached as Exhibit 7 and made a part hereof.

137.    The '776 Patent is valid and enforceable under United States Patent Laws.  Rovi is informed and believes that Netflix has infringed and is infringing the '776 Patent, in violation of 35 U.S.C.§ 271 *et seq.*, directly or indirectly, by making, using, offering for sale, or selling in the United States video-streaming services that infringe one or more claims of the '776 Patent.

138.    Upon information and belief, Netflix sells and offers for sale those services knowing of the '776 Patent, knowing them to be specially made or adapted for infringing the '776 Patent and not to be a staple article or commodity of commerce suitable for substantial non-infringing use, and knowing that at least its customers and end users use its video-streaming services in a manner that infringes the '776 Patent.

139.    Upon information and belief, Netflix, knowing of the '776 Patent, actively induces infringement of the '776 Patent by at least encouraging and instructing its customers and end users to use its video-streaming services in a manner that infringes the '776 Patent, knowing that its actions would induce infringement of the '776 Patent, knowing that infringement of the '776 Patent would take place, intending that infringement take place and in substantial numbers, and resulting in direct infringement of the '776 Patent by its customers, including end users, of the accused services.

140.    Netflix's infringement of the '776 Patent is exceptional and entitles Rovi to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

Defendants' Answer and Affirmative and Other
Defenses; and Counterclaimants' Counterclaims to          - 23 -                    (No. 5:11-CV-06591-PSG)
Complaint

141.    Rovi has been damaged by Netflix's infringement of the '776 Patent and will continue to be damaged unless enjoined by this Court.  Rovi does not have an adequate remedy at law.

142.    Netflix's infringement of the '776 Patent is willful and deliberate, justifying an increase of damages of up to three times under 35 U.S.C. § 284.  Netflix had actual knowledge of its infringement of the '906 Patent no later than August 5, 2011, when Rovi approached Netflix to discuss a potential license and provided Netflix with a presentation including the application leading to the '776 patent and an indication that the notice of allowance had been received.  Additionally, Netflix has knowledge of the '776 Patent no later than the filing date of these counterclaims.

### EIGHTH COUNTERCLAIM

### (Infringement of U.S. Patent No. 7,065,709)

143.    Rovi incorporates by reference paragraphs 69 through 79, inclusive, as though fully set forth in this paragraph.

144.    United Video Properties, Inc. owns by assignment the entire right, title, and interest in and to U.S. Patent No. 7,065,709 ("the '709 patent"), including the right to bring this suit for injunctive relief and damages.

145.    The '709 Patent issued on June 20, 2006, and is entitled "Client-server electronic program guide."  A true and correct copy of the '709 Patent is attached as Exhibit 8 and made a part hereof.

146.    The '709 Patent is valid and enforceable under United States Patent Laws.  Rovi is informed and believes that Netflix has infringed and is infringing the '709 Patent, in violation of 35 U.S.C.§ 271 *et seq.*, directly or indirectly, by making, using, offering for sale, or selling in the United States video-streaming services that infringe one or more claims of the '709 Patent.

147.   Upon information and belief, Netflix sells and offers for sale those services knowing of the '709 Patent, knowing them to be specially made or adapted for infringing the '709 Patent and not to be a staple article or commodity of commerce suitable for substantial non-infringing use, and knowing that at least its customers and end users use its video-streaming services in a manner that infringes the '709 Patent.

148.   Upon information and belief, Netflix, knowing of the '709 Patent, actively induces infringement of the '709 Patent by at least encouraging and instructing its customers and end users to use its video-streaming services in a manner that infringes the '709 Patent, knowing that its actions would induce infringement of the '709 Patent, knowing that infringement of the '709 Patent would take place, intending that infringement take place and in substantial numbers, and resulting in direct infringement of the '709 Patent by its customers, including end users, of the accused services.

149.   Netflix's infringement of the '709 Patent is exceptional and entitles Rovi to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

150.   Rovi has been damaged by Netflix's infringement of the '709 Patent and will continue to be damaged unless enjoined by this Court.  Rovi does not have an adequate remedy at law.

151.   Netflix's infringement of the '709 Patent is willful and deliberate, justifying an increase of damages of up to three times under 35 U.S.C. § 284.  Netflix had actual knowledge of its infringement of the '709 Patent no later than August 5, 2011, when Rovi approached Netflix to discuss a potential license.

## PRAYER FOR RELIEF

WHEREFORE, Rovi respectfully requests the following relief:

(A) Dismiss the Complaint with prejudice;

Defendants' Answer and Affirmative and Other
Defenses; and Counterclaimants' Counterclaims to
Complaint
- 25 -
(No. 5:11-CV-06591-PSG)

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

(B) Declare that Netflix has infringed, contributed to the infringement of, and/or induced the infringement of one or more claims of the '185, '016, '929, '762, and '906 Patents.

(C) Declare that all claims of the '185, '016, '929, '762, and '906 Patents are valid and enforceable.

(D) Issue preliminary and permanent injunctions enjoining Netflix, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further infringement of the '185, '016, '929, '762, '906, '962, '776, and '709 patents;

(E) Award Rovi damages in an amount sufficient to compensate it for Netflix's infringement of the '185, '016, '929, '762, '906, '962, '776, and '709 patents, together with accounting, pre-judgment and post-judgment interest and costs under 35 U.S.C § 284, but in no event less than a reasonable royalty, and increase such damages pursuant to 3S U.S.C § 284 because of the knowing, willful and wanton nature of Netflix's conduct;

(F) Declare that this is an "exceptional case" pursuant to provision 35 U.S.C § 285, and all other applicable law, and award Rovi all costs of suit and reasonable attorneys' fees pursuant to those provisions; and

(G) Order any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Rovi demands a trial by jury on all issues so triable.

Defendants' Answer and Affirmative and Other
Defenses; and Counterclaimants' Counterclaims to
Complaint
- 26 -
(No. 5:11-CV-06591-PSG)

1    Dated: February 17, 2012                    Respectfully submitted,
                                                 McDERMOTT WILL & EMERY LLP
2

3
                                                 By: /s/ Yar R. Chaikovsky
4                                                    YAR R. CHAIKOVSKY
                                                     DAVID L. LARSON
5                                                    HONG S. LIN
                                                     JEREMIAH A. ARMSTRONG
6                                                    KYLE A. VIRGIEN

7                                                Attorneys for Defendants-Counterclaimants
                                                 ROVI CORPORATION,
8                                                ROVI TECHNOLOGIES CORPORATION,
                                                 ROVI GUIDES, INC. (f/k/a GEMSTAR-TV
9                                                GUIDE INTERNATIONAL), and
                                                 UNITED VIDEO PROPERTIES, INC.
10                                               and Counterclaimants
                                                 APTIV DIGITAL, INC., and
11                                               STARSIGHT TELECAST, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

Defendants' Answer and Affirmative and Other
Defenses; and Counterclaimants' Counterclaims to          - 27 -                    (No. 5:11-CV-06591-PSG)
Complaint