| | |
|---|---|
| KEKER & VAN NEST LLP<br>ASHOK RAMANI, #200020<br>aramani@kvn.com<br>MICHAEL S. KWUN, #198945<br>mkwun@kvn.com<br>SHARIF E. JACOB, #257456<br>sjacob@kvn.com<br>STACY CHEN, #261822<br>schen@kvn.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:   415 391 5400<br>Facsimile:   415 397 7188<br><br>Attorneys for Plaintiff, Counterdefendant and Counterclaimant NETFLIX, INC. | McDERMOTT WILL & EMERY LLP<br>YAR R. CHAIKOVSKY, #175421<br>ychaikovsky@mwe.com<br>DAVID L. LARSON, #112342<br>dlarson@mwe.com<br>HONG S. LIN, #249898<br>hlin@mwe.com<br>PHILIP OU, #259896<br>pou@mwe.com<br>McDERMOTT WILL & EMERY LLP<br>275 Middlefield Road, Suite 100<br>Menlo Park, CA  94025-4004<br>Telephone:   650 815 7400<br>Facsimile:   650 815 7401<br><br>Attorneys for Defendants, Counterclaimants, and Counterdefendants ROVI CORPORATION and UNITED VIDEO PROPERTIES, INC.; Defendants and Counterclaimants ROVI TECHNOLOGIES CORPORATION and ROVI GUIDES, INC.; and Counterclaimants and Counterdefendants APTIV DIGITAL, INC. and STARSIGHT TELECAST, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NETFLIX, INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>ROVI CORPORATION; ROVI TECHNOLOGIES CORPORATION; ROVI GUIDES, INC. (f/k/a GEMSTAR-TV GUIDE INTERNATIONAL); and UNITED VIDEO PROPERTIES, INC.,<br><br>   Defendants.<br><br>ROVI CORPORATION; ROVI TECHNOLOGIES CORPORATION; ROVI GUIDES, INC. (f/k/a GEMSTAR-TV GUIDE INTERNATIONAL); UNITED VIDEO PROPERTIES, INC.; APTIV DIGITAL, INC.; and STARSIGHT TELECAST, INC., | Case No. 4:11-CV-6591 PJH<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   August 7, 2014<br>Time:   2:00 p.m.<br>Dept.:   Courtroom 3, 3rd Floor<br>Judge:   The Honorable Phyllis J. Hamilton<br><br>Date Comp. Filed:  December 21, 2011<br><br>Trial Date:  None |

1

JOINT CASE MANAGEMENT STATEMENT
Case No. 4:11-CV-6591 PJH

|  |  |
|---|---|
| Counterclaimants, | |
| v. | |
| NETFLIX, INC., | |
| Counterdefendant. | |
| NETFLIX, INC. | |
| Counterclaimant, | |
| v. | |
| ROVI CORPORATION; UNITED VIDEO PROPERTIES, INC.; APTIV DIGITAL, INC.; and STARSIGHT TELECAST, INC. | |
| Counterdefendants. | |

Netflix, Inc. ("Netflix" or "Plaintiff") and Rovi Corp., Rovi Technologies Corp., Rovi Guides, Inc., United Video Properties, Inc., Aptiv Digital, Inc., and Starsight Telecast, Inc. (collectively, "Rovi" or "Defendants") hereby submit the following Joint Case Management Statement.

## I. JURISDICTION AND SERVICE

This is an action arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). The Court has personal jurisdiction over the parties, and venues lies under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b). All parties to this action have been served.

## II. FACTS

Netflix contends that it has not infringed United States Patent Nos. 7,100,185, 6,305,016, 7,945,929, 6,898,762, 7,103,906, 7,974,962, 8,112,776, and 7,065,709 (collectively "the Disputed Patents"). Netflix has filed claims and counterclaims seeking declaratory judgment of non-infringement and invalidity of the Disputed Patents. Netflix further contends that the Disputed Patents are unenforceable under the doctrine of patent misuse.

Rovi contends that Netflix infringes the Disputed Patents. Rovi has filed counterclaims and seeks a judgment and order that Netflix has directly infringed, and/or indirectly infringed by way of inducement and/or contributory infringement one or more claims of the Disputed Patents. Rovi further contends that Netflix's infringement is, and has been, willful, entitling Rovi to enhanced damages. Rovi denies that the Disputed Patents are invalid or unenforceable.

Rovi intends on withdrawing its claims as to United States Patent Nos. 7,100,185, 6,305,016, and 8,112,776.

## III. LEGAL ISSUES

The issues to be decided in this action include the following:

1. The proper construction of the asserted claims of the Disputed Patents;

3

2. Whether Netflix infringes or has infringed the asserted claims of the Disputed Patents whether directly, contributorily, or by inducement;

3. Whether each of the asserted claims of the Disputed Patents is invalid for lack of patentable subject matter under 35 U.S.C. § 101;

4. Whether each of the asserted claims of the Disputed Patents is invalid as anticipated under 35 U.S.C. § 102;

5. Whether each of the asserted claims of the Disputed Patents is invalid as obvious under 35 U.S.C. § 103;

6. Whether each of the asserted claims of the Disputed Patents is invalid as indefinite, or for failure to satisfy the written-description requirement, under 35 U.S.C. § 112;

7. Whether each of the asserted claims of the Disputed Patents fails to satisfy one or more of the other conditions for patentability set forth in Title 35, Part II, of the United States Code, and the rules, regulations, and law pertaining;

8. Whether Rovi is estopped from asserting one or more claims of the Disputed Patents based upon statements, representations, and/or amendments made to and/or before the United States Patent and Trademark Office;

9. Whether each of the Dispute Patents is unenforceable for any reason, including without limitation under the doctrine of patent misuse;

10. Whether any party is entitled to prevail on any affirmative defense;

11. Whether Rovi is entitled to an injunction enjoining Netflix from further infringement of the Disputed Patents;

12. The amount of damages to which Rovi is entitled for any infringement of any valid and enforceable claim;

13. Whether such damages, if any, are limited under 35 U.S.C. §§ 286, 287, or 288;

14. Whether Rovi is entitled to treble damages pursuant to 35 U.S.C. §284; and

15. Whether any party is entitled to attorney's fees and costs pursuant to 35 U.S.C. § 285.

## IV. MOTIONS

There are no pending motions. The parties recently stipulated to lifting the stay in this case based on the conclusion of the matter before the U.S. International Trade Commission, *Certain Products Containing Interactive Program Guide and Parental Control Technology* (ITC Inv. No. 337-TA-845) ("845 Investigation"). The parties are discussing a stipulated request for the Court to issue an Order requesting that the record from the 845 Investigation be transferred from the ITC to this Court and be admissible in the lawsuit. *See* 28 U.S.C. § 1659(b) ("after the dissolution of a stay under subsection (a), the record of the proceeding before the United States International Trade Commission shall be transmitted to the district court and shall be admissible in the civil action, subject to such protective order as the district court determines necessary, to the extent permitted under the Federal Rules of Evidence and the Federal Rules of Civil Procedure"); *see also* 19 C.F.R. § 210.39(b).

The parties anticipate filing summary judgment motions.

Rovi also intends to file a Rule 12 motion and/or a motion for leave to file an early summary judgment motion on Netflix's affirmative defense of patent misuse, where patent misuse was a subject of the ALJ's determination in the ITC's 845 Investigation. Netflix intends to oppose any motion by Rovi on this issue.

## V. AMENDMENT OF PLEADINGS

As noted in Section II, Rovi intends on withdrawing its claims as to Patent Nos. 7,100,185, 6,305,016, and 8,112,776. The parties propose that the deadline for amending the pleadings be set for October 19, 2014.

## VI. EVIDENCE PRESERVATION

The parties have instituted reasonable document-retention measures to maintain relevant documents, including the issuance of a litigation hold for both hardcopy and electronic documents.

## VII. DISCLOSURES

The parties have not served initial disclosures, but have agreed to serve their initial disclosures on August 21, 2014.

## VIII. DISCOVERY

As to certain of the Disputed Patents, a significant amount of discovery on overlapping issues already took place in the 845 Investigation, and the parties are negotiating a mechanism to re-use that discovery in this case to create efficiencies and avoid unnecessary burden and discovery costs for all parties. The parties propose the following discovery plan:

### A. Subjects for Discovery

The parties' claims and defenses require both party and third-party discovery on at least the following subjects: infringement and non-infringement; whether any infringement is willful, validity and invalidity; enforceability; and whether this is an exceptional case.

### B. Limitations on Discovery

The parties agree to abide by the discovery limitations of the Federal Rules of Civil Procedure, with the following proposed modifications:

*1. Depositions*

Each individual deposition (i.e., not a 30(b)(6) deposition) shall count for a minimum of 3 hours. The parties agree to address the appropriate limitations on expert depositions at a later time. The parties respectfully ask the Court to set the limits on depositions based on the competing proposals set forth below.

#### a. Netflix's Proposal

Netflix proposes that each side may take 90 hours of deposition time on the record, excluding third-party depositions and expert depositions taken after the service of expert reports.

Netflix further proposes that, of the 90 hours, each side may take up 30 hours of depositions under Federal Rule of Civil Procedure 30(b)(6), and that each 30(b)(6) deposition shall count for a minimum of one hour.  For witnesses testifying in both their individual capacity and as a 30(b)(6) designee, fifty percent (50%) of the deposition time on the record shall count towards the 30-hour limit for 30(b)(6) depositions.  Netflix further proposes a limit of 75 hours for third-party depositions.

### b. Rovi's Proposal

Rovi proposes that each side may each take up to 150 hours of deposition time on the record of a party or third-party (excluding expert depositions).  To the extent the Court believes an hour limit on 30(b)(6) depositions is necessary, Rovi proposes that limit to be 100 hours.

### 2. *Interrogatories*

Each side may propound 40 interrogatories.  Any one interrogatory requesting information concerning the Disputed Patents as a group constitutes one interrogatory.  Any one contention interrogatory propounded to multiple parties shall constitute one interrogatory.

### 3. *Requests for Admission*

Each side may serve 40 requests for admission.  Any one request for admission seeking contentions and propounded to multiple parties shall constitute one request for admission.  These limitations exclude requests for admission directed to the authentication of documents, of which the parties may serve an unlimited number.

### 4. *Protective Order*

A stipulated protective order will be required.  The parties agree to meet and confer in good faith and will attempt to submit a joint proposed order by August 28, 2014.  If the parties cannot agree on a proposed order, the parties shall file a single proposed order setting forth the provisions on which the parties agree, and setting forth in brackets the provisions on which the parties disagree.

Any briefing to accompany the proposed order shall comply with Part VIII.B.7 of this Joint Case Management Statement, except that both parties shall simultaneously file and serve their letters on August 28, 2014.

5. *Privilege Logs*

The parties needs not log (a) privileged communications taking place after the filing of the complaint or (b) privileged communications to or from the attorneys of record in this action. Privilege logs are due 60 days prior to the close of fact discovery. Each privilege log shall set forth (i) the type of document withheld, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients.

6. *Expert Communications and Drafts*

Within three days after the disclosure of any expert report, the disclosing party shall send the opposing party a disk containing all of the documents cited in the expert report.

Communications between counsel and a retained testifying expert witness shall not be subject to discovery, unless the communications: (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that counsel provided and that the expert considered or relied upon forming the opinions to be expressed; and/or (iii) identify assumptions that counsel provided and that the expert relied upon in forming the opinions to be expressed. Notwithstanding the foregoing, all communications between counsel and a retained expert during deposition shall not be discoverable. Communications and exchanges between counsel and non-testifying retained consulting expert witnesses are not discoverable. In addition, any draft reports, notes, working papers, or other preparatory materials, in whatever form, prepared by any retained expert shall not be subject to discovery.

7. *Discovery Disputes*

Until such time a Magistrate Judge is assigned to this action to handle discovery disputes, the parties respectfully request that the Court include the following provision regarding

8

discovery disputes in its case management order.  Where the attorneys for the affected parties or non-party witness cannot agree on a resolution of any other discovery dispute, or if they are unable to obtain a telephonic ruling on a discovery dispute that arises during a deposition, the party seeking discovery or a protective order shall notify the Court by letter not exceeding three pages in length certifying that the parties have met and conferred, outlining the nature of the dispute, and attaching the disputed discovery excerpts and a proposed order.  Within four business days of receiving such a letter, any opposing affected party or non-party witness may submit a responsive letter not exceeding three pages attaching any additional relevant discovery excerpts and a proposed order.  Except for the letters and attachments authorized herein, papers shall not be submitted with respect to a dispute governed by this paragraph unless the Court has so directed.  A party may request leave to file a discovery motion upon a showing of good cause.

After referral to a Magistrate Judge, Netflix will respectfully request that the Magistrate Judge adopt the foregoing procedures for resolving discovery disputes.  Rovi requests that the procedures of the Magistrate Judge be followed.

## IX.     CLASS ACTIONS

This case is not a class action.

## X.      RELATED CASES

The aforementioned and related ITC proceeding has concluded.  *Certain Products Containing Interactive Program Guide and Parental Control Technology* (ITC Inv. No. 337-TA-845).

## XI.     RELIEF

Netflix seeks the following relief by way of this action:

1.      A declaration and judgment that Netflix has not infringed, willfully infringed, induced others to infringe, or contributed to the infringement of any valid claim of the Disputed Patents;

9

JOINT CASE MANAGEMENT STATEMENT
Case No. 4:11-CV-6591 PJH

2. A declaration and judgment that all claims of the Disputed Patents are invalid and unenforceable;

3. That Rovi's claims be dismissed;

4. That Rovi take nothing by its claims;

5. A declaration that this is an "exceptional case" under 35 U.S.C. § 285 and an award granting Netflix its costs and reasonable attorneys' fees as permitted under that statute; and

6. Any other and further relief that this Court may deem just and proper.

Rovi seeks the following relief by way of this action:

1. A dismissal of Netflix's claims with prejudice;

2. A declaration that Netflix has infringed, contributed to the infringement of, and/or induced the infringement of one or more claims of the Disputed Patents;

3. A declaration that all claims of the Disputed Patents are valid and enforceable;

4. A judgment and order that Netflix has directly infringed, and/or indirectly infringed by way of inducement and/or contributory infringement one or more claims of the Disputed Patents;

5. Preliminary and permanent injunctions and any applicable order enjoining Netflix, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further infringement of the Disputed Patents;

6. A judgment and order awarding Rovi damages in an amount sufficient to compensate it for Netflix's infringement of the Disputed Patents, together with accounting, pre-judgment and post-judgment interest and costs under 35 U.S.C § 284, but in no event less than a reasonable royalty, and increase such damages pursuant to 35 U.S.C § 284 because of the knowing, willful and wanton nature of Netflix's conduct;

7. A judgment and order that this is an "exceptional case" pursuant to provision 35 U.S.C § 285 (*e.g.,* in particular based on Netflix's continued pursuit of its patent misuse defense, an issue which was a subject of the ALJ's determination in the ITC's 845 Investigation) and all other applicable law, and award Rovi all costs of suit and reasonable attorneys' fees pursuant to those provisions; and

8. Any other and further relief that this Court may deem just and proper.

## XII. SETTLEMENT AND ADR

The parties do not believe that this case is suitable for alternative dispute resolution. The parties believe that court-sponsored mediation would be premature at this time. The parties remain willing to engage in good faith settlement negotiations.

## XIII. CONSENT TO MAGISTRATE

On January 12, 2012, Netflix consented to a magistrate judge for all purposes. On February 23, 2012, Rovi declined to consent to the assignment to a magistrate judge for all purposes.

## XIV. OTHER REFERENCES

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

As noted above, Rovi intends on withdrawing its claims as to United States Patent Nos. 7,100,185, 6,305,016, and 8,112,776 which will narrow the number of Disputed Patents in the case. Rovi further seeks to discuss with the Court how to narrow or eliminate Netflix's affirmative patent misuse defense referenced above in Sections IV and XI.

The parties otherwise are not yet aware of any issues that can be narrowed by agreement or motion, but will continue to discuss the matter as the case progresses.

## XVI. EXPEDITED TRIAL PROCEDURE

The parties agree that this is not the type of case that should be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

## XVII. SCHEDULING

The parties propose the following competing case schedules reflected in the table below.

<u>Netflix's Proposal:</u>

Netflix's proposed schedule is the parties' prior agreed scheduled, moved by forward in time to reflect the just-lifted stay of this litigation. This schedule, including the extensions to the default deadlines set forth in the Northern District of California Patent Local Rules, more or less incorporates the deadlines from the stipulated schedule set forth in the Joint Case Management Statement (Dkt. 41) filed on May 10, 2012. As the parties mutually understood at that time, reasonable extensions to the default deadlines are necessary to account for the size and complexity of this action. Even assuming the parties are successful in reaching an agreement on the '185, '016, and '776 Patents, this remains a five-patent case covering a variety of technologies and involving numerous separately-accused features of the Netflix service. Rovi provides no reason to depart from the previously agreed-upon schedule. Netflix also respectfully submits that having post-claim construction deadlines triggered by the Court's Claim Construction Ruling provides greater flexibility for the Court and certainty for the parties, by avoiding the likelihood of having to reconfigure the entire schedule should the claim-construction order take longer to issue than anticipated.

<u>Rovi's Proposal:</u>

Rovi's proposed case schedule is in accordance with the Northern District of California Patent Rules and there is no reason for departing from the Local Rule time periods. Rovi's proposal begins with Rovi serving its "Disclosure of Asserted Claims and Infringement Contentions" no later than 14 days after the August 7, 2014 Case Management Conference (P.L.R. 3-1), and thereafter following the scheduling deadlines based on the Patent Local Rules. Rovi also notes that this case should move forward with only five (as opposed to the original

12

eight) patents, and three of those five patents were already at issue in the 845 Investigation. In contrast, Netflix's proposed schedule delays Rovi's service of infringement contentions for almost 6 weeks, and extends the time between other deadlines in the Patent Local Rules resulting in over a 6-month difference between the parties' proposed dates (subject to the Court's convenience) of a *Markman* hearing. Rovi respectfully submits that it will be ready to serve its P.L.R. 3-1 disclosures on its proposed date of August 21, 2014, and there otherwise is no basis to delay this or any subsequent deadlines. Following the proposed *Markman* hearing date, the parties' proposals also differ in that Rovi has proposed specific deadlines while Netflix has proposed deadlines to be triggered by your Honor's issuance of a *Markman* order. Rovi respectfully submits that setting post-*Markman* deadlines provides greater certainty to the parties (*e.g.* having a trial date) and Rovi's proposed schedule—which includes a 6-month window between the proposed *Markman* hearing and the close of fact discovery—was intended to provide sufficient time for your Honor to rule on *Markman* and for the parties to then complete any remaining discovery. To the extent an adjustment in the case scheduled is needed (*e.g.,* based on the timing of your Honor's issuance of a *Markman* order), Rovi would welcome discussing with the Court any necessary adjustments then.

| Event | Netflix's Proposal | Rovi's Proposal |
|---|---|---|
| Initial Disclosures Due | August 21 2014 ||
| Rovi serves infringement contentions and makes document accompanying disclosures (Patent L.R. 3-1 and 3-2) | October 8, 2014 | August 21, 2014 |
| Netflix serves invalidity contentions and make document production accompanying invalidity contentions (Patent L.R. 3-3 and 3-4) | January 9, 2015 | October 6, 2014 |

| Event | Netflix's Proposal | Rovi's Proposal |
|---|---|---|
| Deadline to amend pleadings | October 19, 2014 ||
| Exchange of proposed terms for construction (Patent L.R. 4-1) | February 16, 2015 | October 20, 2014 |
| Exchange of preliminary claim constructions and extrinsic evidence (Patent L.R. 4-2) | April 15, 2015 | November 10, 2014 |
| Joint claim construction and prehearing statement (Patent L.R. 4-3) | May 13, 2015 | December 5, 2014 |
| Completion of claim construction discovery (Patent L.R. 4-4) | June 12, 2015 | January 5, 2015 |
| Rovi's opening claim construction brief | July 17, 2015 | January 20, 2015 |
| Netflix's responsive claim construction brief | August 14, 2015 | February 3, 2015 |
| Rovi's claim construction reply | August 28, 2015 | February 10, 2015 |
| Markman Tutorial (1/2 day) | Subject to the Court's convenience, September 9, 2015 or thereafter. Subject to the Court's convenience, February 25, 2015, or thereafter. | Subject to the Court's convenience, February 25, 2015, or thereafter. |
| Claim Construction Hearing | Subject to the Court's convenience, September 23, 2015 or thereafter. | Subject to the Court's convenience, March 11, 2015, or thereafter. |
| Fact discovery cut-off | Three months after service of the Claim Construction Ruling | September 11, 2015 |

| Event | Netflix's Proposal | Rovi's Proposal |
|---|---|---|
| Initial expert disclosures/reports (on issue where the party bears the burden of proof) | Five months after service of the Claim Construction Ruling | October 30, 2015 |
| Rebuttal expert reports | Six months after service of the Claim Construction Ruling | December 18, 2015 |
| Close of expert discovery | Seven months after service of the Claim Construction Ruling | January 22, 2016 |
| Deadline for dispositive motions | Eight months after service of the Claim Construction Ruling | February 19, 2016 |
| Hearing on dispositive motions | Subject to the convenience of the Court, eleven months after service of the Claim Construction Ruling | Subject to the convenience of the Court, April 22, 2016 or thereafter. |
| Final pretrial conference | Subject to the convenience of the Court, thirteen months after service of the Claim Construction Ruling | Subject to the convenience of the Court, June 2, 2016 or thereafter. |
| Trial | Subject to the convenience of the Court, fourteen months after service of the Claim Construction Ruling | Subject to the convenience of the Court, July 18 or thereafter. |

## XVIII. TRIAL

The case will be tried to a jury on all issues so triable.  Netflix requests a trial by jury of the factual issues underlying the patent misuse defense.  Rovi requests that all issues concerning the defense of patent misuse be tried before the bench.  Netflix requests a trial of eighteen days,

15

including the patent misuse defense.  Rovi requests a jury trial of seven days, and to the extent Netflix's defense of patent misuse is still in the case, a one day bench trial for that issue.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

## XIX.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties have filed Certifications of Interested Persons or Entities pursuant to Civil Local Rule 3-16.

## XX.    OTHER MATTERS

In computing any period of time prescribed or allowed by this Joint Case Management Statement, the provisions of Federal Rule of Civil Procedure 6 shall apply unless otherwise stated.

The parties consent to e-mail service pursuant to Federal Rule of Civil Procedure 5(b)(2)(E).  The parties may continue to serve by any permissible method of their choice.  This agreement does not require separate service of documents filed on ECF, service of which shall continue to be effective on the parties as provided by General Order No. 45, § 9.  The parties agree that a courtesy copy of any document to be served by a method other than e-mail or ECF will be sent to the attorneys of record for the receiving party by e-mail on the date service is made.

The parties are not aware at this time of any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Rovi's undersigned counsel, Yar R. Chaikovsky, hereby attests that Ashok Ramani, counsel for Netflix, concurs in the filing of this Joint Case Management Statement, in accordance with General Order No. 45, Electronic Case Filing, section 10(b).

Dated:  July 31, 2014                                        KEKER & VAN NEST LLP

                                                             */s Ashok Ramani*
                                                      By:    ASHOK RAMANI
                                                             SHARIF E. JACOB

                                                             Attorneys for Plaintiff, Counterdefendant
                                                             and Counterclaimant NETFLIX, INC.

Dated:  July 31, 2014                                        MCDERMOTT WILL & EMERY LLP

                                                             */s/ Yar R. Chaikovsky*
                                                      By:    YAR R. CHAIKOVSKY

                                                             Attorneys for Defendants-Counterclaimants
                                                             Rovi Corp., Rovi Technologies Corp., Rovi
                                                             Guides, Inc., United Video Properties, Inc.,
                                                             Aptiv Digital, Inc., and Starsight Telecast,
                                                             Inc.