1  YAR R. CHAIKOVSKY (SBN 175421)
   ychaikovsky@mwe.com
2  DAVID L. LARSON (SBN 112342)
   dlarson@mwe.com
3  HONG S. LIN (SBN 249898)
   hlin@mwe.com
4  PHILIP OU (SBN 259896)
   pou@mwe.com
5  SRULI YELLIN (SBN 291431)
   syellin@mwe.com
6  McDERMOTT WILL & EMERY LLP
   275 Middlefield Road, Suite 100
7  Menlo Park, CA  94025-4004
   Telephone:     +1 650 815 7400
8  Facsimile:     +1 650 815 7401

9  Attorneys for Defendants, Counterclaimants, and
   Counterdefendants ROVI CORPORATION and
10 UNITED VIDEO PROPERTIES, INC.,
   Defendants and Counterclaimants ROVI
11 TECHNOLOGIES CORPORATION AND
   ROVI GUIDES, INC. (f/k/a GEMSTAR-TV
12 GUIDE INTERNATIONAL), and
   Counterdefendants APTIV DIGITAL, INC. and
13 STARSIGHT TELECAST, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| NETFLIX, INC.,<br>　　　　　Plaintiff,<br><br>　　　v.<br>ROVI CORPORATION,<br>ROVI TECHNOLOGIES<br>CORPORATION,<br>ROVI GUIDES, INC. (f/k/a GEMSTAR-<br>TV GUIDE INTERNATIONAL), and<br>UNITED VIDEO PROPERTIES, INC.<br>　　　　　Defendants, | CASE NO.  4:11-cv-06591-PJH<br><br>**ROVI'S NOTICE OF MOTION AND MOTION TO DISMISS CERTAIN NETFLIX CLAIMS FOR DECLARATORY RELIEF**<br><br>DEMAND FOR JURY TRIAL |
| ROVI CORPORATION, ROVI<br>TECHNOLOGIES CORPORATION,<br>ROVI GUIDES, INC. (f/k/a GEMSTAR-<br>TV GUIDE INTERNATIONAL),<br>UNITED VIDEO PROPERTIES, INC.,<br>APTIV DIGITAL, INC., and STARSIGHT<br>TELECAST, INC.<br>　　　　　Counterclaimants,<br><br>　　　v.<br>NETFLIX, INC.,<br>　　　　　Counterdefendant. | **HEARING DATE:** December 10, 2014<br><br>**TIME:** 9:00 a.m. |

ROVI'S MOTION TO DISMISS CERTAIN
NETFLIX CLAIMS FOR DECLARATORY                     CASE NO.  C-11-CV-06591-PJH
RELIEF

| | |
|---|---|
| 1 | NETFLIX, INC., |
| 2 | Counterclaimants, |
| 3 | v. |
| | ROVI CORPORATION, UNITED VIDEO PROPERTIES, INC., APTIV DIGITAL, |
| 4 | INC., AND STARSIGHT TELECAST, INC. |
| 5 | Counterdefendants, |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on December 10, 2014 at 9:00 a.m. at 1301 Clay Street, Oakland, California, Courtroom 3, 3rd Floor, before the Honorable Phyllis J. Hamilton, Declaratory-Judgment Defendants and Counterclaimants Rovi Corporation, United Video Properties, Inc., Rovi Technologies Corporation, Rovi Guides, Inc., Aptiv Digital, Inc., and Starsight Telecast, Inc. ("Rovi") will, and hereby does, move the Court for an order dismissing Declaratory-Judgment Plaintiff Netflix, Inc.'s ("Netflix") first, second, third, and fourth claims asserted in Netflix's Complaint, and third and fourth counterclaims in Netflix's Answer and Counterclaims. This motion is based on this submission, the accompanying declarations and exhibits, the pleadings and other documents on file in this case, and any argument presented to the Court.

**RELIEF REQUESTED**

Rovi requests an order dismissing certain claims and counterclaims asserted by Netflix, namely claims one through four in Netflix's Complaint seeking declaratory judgments of non-infringement and invalidity of U.S. Patent Nos. 7,100,185 (the "'185 patent) and 6,305,016 (the "'016 patent), and counterclaims three and four in Netflix's Answer and Counterclaims, seeking declaratory judgments of non-infringement and invalidity of U.S. Patent No. 8,112,776 (the "'776 patent).[1] *See* Dkts. 1 & 33.

---

[1] Netflix filed a Motion to Amend Its Answer and Counterclaims on October 20, 2014. *See* Dkt. 70. As part of that Motion, Netflix maintains its counterclaims seeking declaratory judgment of non-infringement and invalidity of the '776 patent. For the reasons stated herein, Rovi opposes Netflix's Motion to the extent Netflix continues to assert counterclaims against the '776 patent.

ROVI'S MOTION TO DISMISS CERTAIN
NETFLIX CLAIMS FOR DECLARATORY            - 1 -            CASE NO. C-11-CV-06591-PJH
RELIEF

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Netflix continues to waste the Court's and the parties' resources litigating patents where Rovi has granted Netflix a covenant not to sue and the Court has dismissed Rovi's infringement claims with prejudice. In light of the dismissal and the covenant not to sue, there is simply no concrete case or controversy between Rovi and Netflix as to those patents. Nevertheless, Netflix attempts to manufacture a controversy by arguing that at some unknown time in the future Rovi could possibly sue some unidentified customer of Netflix. However, Netflix's subjective and speculative fear that one of its customers may be sued at some indeterminate time in the future does not create a justiciable case or controversy between Rovi and Netflix. Therefore, there is no subject matter jurisdiction over Netflix's counterclaims relating to the '016, '185, and '776 patents.[2]

## II. STATEMENT OF ISSUES

Whether declaratory judgment jurisdiction exists over claims and counterclaims of non-infringement and invalidity as to patents for which Rovi has granted Netflix a covenant not to sue and the Court has dismissed Rovi's infringement claims with prejudice.

## III. STATEMENT OF FACTS

Netflix filed this suit on December 21, 2011, seeking, *inter alia*, declaratory judgments of non-infringement and invalidity of the '185 and '016 patents. *See* Dkt. 1, Netflix's Declaratory Judgment Complaint, at 7-10, claims 1-4. In its Answer and Counterclaims, Rovi counterclaimed for infringement of the '185 and '016 patents, and also asserted infringement of the '776 patent. *See* Dkt. 16, at 13-16, 22-24, counterclaims 1-2 and 7. In response to Rovi's assertion of the '776 patent, Netflix filed its Answer and Counterclaims on March 12, 2012 seeking declaratory

---

[2] Netflix has indicated it may be willing to agree to dismiss its Third and Fourth claims for relief on the '016 patent. *See* Ex. F, Email from S. Chen to Counsel for Rovi dated October 29, 2014. The parties are currently negotiating a stipulation to that effect. However, Netflix still refuses to dismiss its counterclaims as to the '185 and '776 patents. As explained herein, notwithstanding any potential agreement between the parties with respect to dismissal of the '016 patent, Netflix's claims and counterclaims as to the '185 and '776 patents should also be dismissed because there is not case or controversy as to those patents.

1  judgments of non-infringement and invalidity of the '776 patent. *See* Dkt. 33, at 17-19,
2  counterclaims 3-4.

3  In May 2012, the Court stayed this case pending the outcome of a co-pending ITC
4  Investigation. *See* Dkt. 47. During the stay, reexamination proceedings challenging patentability
5  were instituted against the '776 patent and already pending against the '016 patent.[3] At the
6  conclusion of the reexamination proceedings, the USPTO issued a certificate of reexamination of
7  the '016 patent, confirming the validity of claims 9-11 and 22-24, adding new claim 28, and
8  cancelling claims 1-8, 12-21, and 25-27. *See* Ex. A, '016 reexamination certificate. The USPTO
9  also issued a certificate of reexamination of the '776 patent amending claims 1-26 and adding
10 new claims 27-51. *See* Ex. B, '776 reexamination certificate. The Court lifted the stay on July
11 10, 2014. *See* Dkt. 52. Shortly after the stay was lifted and only two days after the '776 patent
12 reexamination certificate issued, Rovi offered Netflix a covenant not to sue for infringement of
13 the '016, '185, and '776 patents. *See* Ex. D, Email from H. Lin dated August 6, 2014.

14 On August 28, 2014, Rovi served Netflix with its Preliminary Infringement Contentions
15 and did not allege infringement of any claims of the '016, '185, or '776 patents. *See* Ex. E,
16 Rovi's Disclosure of Asserted Claims and Infringement Contentions.

17 On October 3, 2014, Rovi moved to dismiss with prejudice its claims for infringement of
18 the '016, '185, and '776 patents. *See* Dkt. 66. The Court dismissed those claims with prejudice
19 on October 8, 2014. *See* Dkt. 67. On October 16, 2014, Rovi granted Netflix a covenant not to
20 sue as to the '185, '016, and '776 patents. *See* Ex. C. The covenant not to sue that was granted
21 mirrored the covenant not to sue initially offered on August 6. *See* Ex. D.

22 On October 20, 2014, Netflix filed a Motion to Amend Its Answer and Counterclaims.
23 *See* Dkt. 70. Despite the Court's dismissal with prejudice and Rovi's covenant not to sue, Netflix
24 seeks to maintain its declaratory judgment claims for non-infringement and invalidity of the '776
25 patent. *See* Dkt. 70-1, at 17-18, counterclaims 3-4.

26

---

27 [3] Ex parte re-examination of the '776 patent was requested on November 7, 2013 and instituted
28 on December 6, 2013, and re-examination of the '016 patent was requested on September 16, 2010 and instituted on November 5, 2010.

ROVI'S MOTION TO DISMISS CERTAIN
NETFLIX CLAIMS FOR DECLARATORY          - 3 -          CASE NO. C-11-CV-06591-PJH
RELIEF

## IV. APPLICABLE LEGAL STANDARD

Article III jurisdiction requires that the facts alleged must, "under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 (2007).

The party seeking to maintain a declaratory judgment claim bears the burden to establish that declaratory judgment jurisdiction "existed at the time the claim for declaratory relief was filed and that it has continued since." *Benitec Austl. Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1345 (Fed. Cir. 2007). "[A] fear of future harm that is only subjective is not an injury or threat of injury caused by the defendant that can be the basis of an Article III case or controversy." *Prasco, LLC v. Medicis Pharmaceutical Corp.*, 537 F.3d 1329 (Fed. Cir. 2008).

"In the context of a patent case, an actual controversy exists 'where the patentee takes a position that puts the declaratory judgment plaintiff in the position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do.'" *Ours Tech., Inc. v. Data Drive Thru, Inc.,* 645 F. Supp. 2d 830, 834 (N.D. Cal. 2009), *quoting SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007) (emphasis added). "It is well-established that, in patent cases, the existence of a case or controversy must be evaluated on a claim-by-claim basis." *Streck, Inc. v. Research & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1281 (Fed. Cir. 2012) (internal citations omitted).

Moreover, "[a] patentee defending against an action for a declaratory judgment of invalidity can divest the trial court of jurisdiction over the case by filing a covenant not to assert the patents at issue against the putative infringer." *Super Sack Mfg. Corp. v. Chase Packaging Corp.,* 57 F.3d 1054, 1058 (Fed. Cir. 1995).

## IV. ARGUMENT

Declaratory judgment jurisdiction does not exist over counterclaims of non-infringement and invalidity of the '016, '185, and '776 patents because there is no case or controversy between Rovi and Netflix regarding those patents. First, Rovi granted Netflix an unconditional covenant not to sue on those patents. Second, Rovi's claims for infringement of those patents were

1 dismissed with prejudice.  Third, Netflix's speculative and unsubstantiated fear of future suit
2 against its customers is insufficient to create a justiciable case or controversy.  In the absence of
3 declaratory judgment jurisdiction, Netflix's claims for declarations of non-infringement and
4 invalidity of the '016, '185, and '776 patents should be dismissed.

### A. There is no case or controversy because Rovi granted Netflix a covenant not to sue on the '016, '185, and '776 patents

"Whether a covenant not to sue will divest the trial court of jurisdiction depends on what is covered by the covenant."  *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.,* 556 F.3d 1294, 1297 (Fed. Cir. 2009).  A covenant that covers "the current products whether they were produced and sold before or after the covenant," generally divests the court of Article III jurisdiction.  *Id.* at 1300.  When a covenant or promise not to sue for infringement is filed prior to resolution of an infringement claim, the "promise not to sue obviate[s] any reasonable apprehension that the declaratory relief plaintiff might have of being held liable for its acts of infringement."  *See Benitec,* 495 F.3d at 1343, 1347, 1352 (holding that the court lacked jurisdiction over claim seeking declaration of patent invalidity, where patentee promised "not to sue [declaratory judgment plaintiff] for patent infringement arising from activities and/or products occurring on or before the date dismissal [was] entered"); *Super Sack*, 57 F.3d at 1056 (holding declaratory relief action "rendered moot" when patent holder stated it "unconditionally agree[d] not to sue [declaratory judgment plaintiff] for infringement as to any claim of the patents-in-suit based upon the products currently manufactured and sold by [plaintiff]").

Despite already having dismissed its infringement claims, on October 16, 2014, Rovi granted a covenant not to sue Netflix on the '016, '185, and '776 patents:

> Rovi Corporation and its subsidiaries ("Rovi") unconditionally covenant not to sue Netflix, Inc. ("Netflix") for infringement as to any claim of U.S. Patent Nos. 6,305,016, 7,100,185 or 8,112,776 based upon Netflix's making, having made, using, distributing, importing, offering for sale, or selling its video-streaming service as it exists as of the execution of this Agreement or has existed in the past through the respective expirations of U.S. Patent Nos. 6,305,016, 7,100,185 and 8,112,776.

*See* Ex. C, Letter from H. Lin to A. Ramani dated October 16, 2014 (granting covenant not to sue); s*ee also* Ex. D, Email from H. Lin to A. Ramani dated August 6, 2014 (offering same).

ROVI'S MOTION TO DISMISS CERTAIN
NETFLIX CLAIMS FOR DECLARATORY      - 5 -              CASE NO.  C-11-CV-06591-PJH
RELIEF

Rovi's covenant not to sue divests declaratory judgment jurisdiction over Netflix's claims for non-infringement and invalidity because it unconditionally covenants not to sue Netflix for infringement of the '016, '185, and '776 patents based on any of Netflix's current or past video-streaming services. *See, e.g., Dow Jones & Co, Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1345 (Fed. Cir. 2010) (holding covenant reciting "[Patent holder], on behalf of itself and any successors-in-interest to the '530 patent, will release and *unconditionally covenant not to sue [accused infringer], for infringement of the '530 patent as of the date of this agreement based on [accused infringer's] manufacture, importation, use, sale and/or offer for sale of currently existing products or use of methods*" extinguished any current or future case or controversy, thus divesting the district court of subject matter jurisdiction) (emphasis added); *Crossbow Tech., Inc. v. YH Tech.*, 531 F. Supp. 2d 1117, 1122 (N.D. Cal. 2007) (holding no declaratory judgment jurisdiction existed in light of the covenant reciting "[Plaintiff] hereby *unconditionally agrees not to sue* defendant []for infringement as to any claim of [the asserted patent] based upon [defendant's] manufacture, development, design, marketing, licensing, distributing, offering for sale, or selling the [accused products] *as they exist today or have existed in the past*."); *Benitec*, 495 F.3d at at 1343 (holding no declaratory judgment jurisdiction exists where patent holder "covenants and promises not to sue [accused infringer] for patent infringement arising from activities and/or products occurring on or before the date dismissal was entered in this action.")

Like *Dow Jones*, *Crossbow*, and *Benitec*, Rovi's covenant covers Netflix's current and past video-streaming service whether infringed by Netflix before or after the covenant, thus removing any concrete possibility of suit. Indeed, Rovi's unconditional covenant not to sue Netflix on the '016, '185, and '776 patents removes even the remote possibility of an infringement lawsuit against Netflix based on these patents. As a result, dismissal of Netflix claims and counterclaims as to the '016, '185, and '776 is warranted.

**B.   There is no case or controversy because Rovi dropped its claims of infringement of the '016, '185, and '776 patents against Netflix**

While Rovi's grant of a covenant not to sue is alone sufficient to divest the Court of jurisdiction over the '016, '185, and '776 patents, Netflix further cannot meet its burden of

1  showing on a claim by claim basis that an actual controversy existed at, and has continued since,
2  the time the counterclaim was filed. "It is well-established that, in patent cases, the existence of a
3  case or controversy must be evaluated on a claim-by-claim basis." *Streck, Inc.*, 665 F.3d at 1281;
4  *see also, Fox Group, Inc. v. Cree, Inc.*, 700 F.3d 1300, 1308-09 (Fed. Cir. 2012) (finding no case
5  or controversy existed with regard to non-asserted claims of asserted patents) (internal citations
6  omitted). Furthermore, as the party seeking a declaratory judgment, Netflix must "establish that
7  such jurisdiction existed at the time the claim for declaratory relief was filed and that it has
8  continued since." *Benitec*, 495 F.3d at 1344.

9       *Streck* is instructive. In *Streck*, the plaintiff sued the defendant for infringement of "one or
10 more claims" of the asserted patents after which the defendant counterclaimed for invalidity and
11 noninfringement of "the asserted claims." In its infringement contentions, the plaintiff only
12 asserted certain of the claims (*i.e.*, the asserted claims) and did not assert other claims of the
13 patent (*i.e.*, non-asserted claims). *Streck*, 665 F.3d at 1276. The district court dismissed the
14 defendant's invalidity counterclaims as to the non-asserted claims finding it lacked jurisdiction
15 over the counterclaims because the plaintiff did not assert infringement of the non-asserted claim.
16 *Id*. at 1277. On appeal, the Federal Circuit affirmed the dismissal finding that the defendant
17 failed to show a continuing case or controversy as to the non-asserted claims and, under
18 *MedImmune*, the district court did not have jurisdiction over the non-asserted claims. *Id.* at 1284.

19      Just like *Streck*, no case or controversy exists between Rovi and Netflix as to the '016,
20 '185, and '776 patents. Rovi dismissed with prejudice its claims of infringement of those patents[4]
21 and has not provided any infringement charts or otherwise alleged infringement of any claims of

---

[4] Rovi's infringement claims relating to the '016, '185, and '776 patents have been dismissed with prejudice, *see* Dkt. 67, and thus claim preclusion would prevent Rovi from asserting these patents against the Netflix products and services at issue in this case. *See*, e.g., *Goodman Ball, Inc. v. Mach II Aviation, Inc.*, Case No. C 10-01249, 2010 U.S. Dist. LEXIS 123066, *22 (N.D. Cal. 2010) ("In the present case, the infringement action against the [Accused product] was terminated by a dismissal with prejudice, which is a judgment on the merits. *Accordingly, under basic claim preclusion rules, [patentee] is precluded from bringing another suit for infringement regarding the [Accused Product].*") (emphasis added) (internal citations omitted); *and Gen. Protecht Group, Inc. v. Leviton Mfg. Co., Inc.*, Case No. CIV 10-1020, 2012 U.S. Dist. LEXIS 67259, *67 (D.N.M. May 12, 2012) ("a dismissal with prejudice has res judicata and collateral estoppel effect that would prevent a party from bringing claims in a later lawsuit related to the infringing activity covered by an earlier lawsuit").

ROVI'S MOTION TO DISMISS CERTAIN
NETFLIX CLAIMS FOR DECLARATORY     - 7 -     CASE NO. C-11-CV-06591-PJH
RELIEF

1 these patents. Indeed, as described above, Rovi has also granted Netflix a covenant not to sue for
2 infringement of the '016, '185, and '776 patents, removing any possibility of a future
3 infringement lawsuit against Netflix on its current or past video-streaming services. As a result,
4 there is no continuing case or controversy as to these patents and no jurisdiction exists.

5 In fact, there has *never* been a case or controversy as to current claims of the '016 and
6 '776 patents. Claim 28 of the '016 patent and claims 1-26 and 25-71 of the '776 patent did not
7 even exist at the time Netflix filed its declaratory judgment claims. Instead, all of these claims
8 were added in their current form upon issuance of the reexamination certificates, which occurred
9 significantly after the start of this litigation and have never been asserted against Netflix. *See*
10 Ex. A, at 2 (reexamination certificate issued on June 14, 2013); Ex. B, at 2 (reexamination
11 certificated issued on August 4, 2014). The only claims of the '016 patent that have existed since
12 Netflix filed its declaratory judgment complaint in December 2011 are claims 9-11 and 22-24,
13 which were never charted or asserted against Netflix. As a result, there is not currently and never
14 has been a case or controversy as to the current claims of the '016 and '776 patents. *See Streck*,
15 665 F.3d at 1281 (a "case or controversy must be evaluated on a claim-by-claim basis" and must
16 exist "at the time the claim for declaratory relief was filed and [] has continued since"). *Id.* at
17 1282. Accordingly, there is no actual justiciable controversy over the '016, '185, and '776
18 patents supporting jurisdiction.

19 **C.     Netflix's speculative fear of suit against its customers does not create a
          justiciable case or controversy**
20

21 In opposition to Rovi's instant motion, Netflix is likely to argue that a case or controversy
22 currently exists between Rovi and Netflix because Netflix is concerned that Rovi may file a
23 lawsuit against Netflix's customers at some indeterminate time in the future. Such speculation,
24 however, is insufficient to create a case or controversy between Rovi and Netflix.

25 As a threshold matter, Netflix's Declaratory Judgment Complaint (Dkt. 1) and Answers
26 and Counterclaims (Dkt. 33) fail to plead any facts which establish any possibility of a threat of a
27 suit against any of Netflix's *customers*. For that reason alone, Netflix has failed to establish a
28 case or controversy and its claims and counterclaims as to the '016, '185, and '776 patents should

ROVI'S MOTION TO DISMISS CERTAIN
NETFLIX CLAIMS FOR DECLARATORY          - 8 -              CASE NO. C-11-CV-06591-PJH
RELIEF

1  be dismissed. *See Adobe Sys, Inc. v. Kelora Sys. LLC*, No. 11-3938, 2011 WL 6101545, at *14
2  (N.D. Cal. Dec. 7, 2011) (dismissing declaratory judgment complaint because it failed to
3  demonstrate a concrete threat of suit against declaratory judgment plaintiff); *Proofpoint, Inc. v.
4  InNova Patent Licensing, LLC*, No. 5:11-CV-02288, 2011 WL 4915847, at *5-*8  (N.D. Cal. Oct.
5  17, 2011) (dismissing declaratory judgment complaint for failure to sufficiently plead an actual
6  controversy and finding that alleged injury that threat of litigation against customers will cause
7  economic harm "cannot form the basis of an 'actual controversy'").

8  Notwithstanding its failure to plead facts sufficient to establish a case or controversy,
9  Netflix has been unable to demonstrate that its customers face an immediate threat of suit on the
10 '016, '185, or '776 patents.  On August 6, Rovi offered Netflix a covenant not to sue for
11 infringement of the '185, '016, and '776 patents.  *See* Ex. D.  In response to Rovi's offer, Netflix
12 alleged the covenant not to sue was insufficient because it did not extend to Netflix's customers.
13 However, Netflix could not and still has not identified or provided any evidence that Rovi will
14 sue Netflix's customers in the future or that there is currently even the threat of any such
15 litigation.

16 Instead, in an effort to create the illusion of a case or controversy, Netflix recently stated
17 that "even though Rovi has granted Netflix a covenant not to sue on the '185, '016, and '776
18 patents, Netflix lacks sufficient assurance from Rovi, for now, to drop its counterclaims." Dkt.
19 70, at 4 fn. 1.  But such a cursory allegation is entirely speculative and provides no evidence of an
20 objective, real, and immediate injury or threat of future injury or suit against Netflix's customers
21 sufficient to create a case or controversy.  *See Prasco*, 537 F.3d at 1338-39 ("a case or
22 controversy must be based on a real and immediate injury or threat of future injury that is caused
23 by the defendants—an objective standard that cannot be met by a purely subjective or speculative
24 fear of future harm."); *see also Dodge-Regupol, Inc. v. RB Rubber Prods., Inc.*, 585 F. Supp. 2d
25 645, 654 (M.D. Pa. 2008) ("[Declaratory judgment plaintiff's] argument that declaratory
26 jurisdiction may be based on potential suits against customers, installers, or suppliers suffers from
27 the same defect as its argument that jurisdiction may be based on its own fear of future suit:
28 *potential future infringement suits are simply too speculative to provide the immediate*

ROVI'S MOTION TO DISMISS CERTAIN
NETFLIX CLAIMS FOR DECLARATORY       - 9 -           CASE NO. C-11-CV-06591-PJH
RELIEF

1  *controversy necessary to justify a declaratory judgment*.") (emphasis added); *Cisco Systems, Inc.
2  v. Alberta Telecom. Research Center*, 538 Fed. Appx. 894 at 898 (Fed. Cir. 2013) (unpublished)
3  ("Finally, TR Labs has expressly offered to give Cisco a covenant not to sue Cisco for
4  infringement of any of the asserted patents…. It is understandable that Cisco may have an
5  interest in saving its customers from infringement contentions premised, even in part, on their use
6  of Cisco products. In the circumstances presented here, that interest is simply insufficient to give
7  rise to a current, justiciable case or controversy upon which federal declaratory judgment
8  jurisdiction may be predicated."). As a result, Netflix's unsupported speculation that its
9  customers may potentially be sued at some unknown time in the future is insufficient to create a
10 case or controversy upon which declaratory judgment jurisdiction may be based.

## V.     CONCLUSION

No declaratory judgment jurisdiction exists over Netflix's claims and counterclaims of non-infringement and invalidity of the '016, '185, and '776 patents because there is no case or controversy between Rovi and Netflix regarding those patents. First, Rovi granted Netflix an unconditional covenant not to sue on those patents. Second, Rovi's claims for infringement of those patents were dismissed with prejudice. Third, Netflix's subjective fear of future suit against its customers is too speculative to create a justiciable case or controversy. For these reasons, claims one through four in Netflix's Declaratory Judgment Complaint and claims three and four in Netflix's Answer and Counterclaims should be dismissed.

ROVI'S MOTION TO DISMISS CERTAIN NETFLIX CLAIMS FOR DECLARATORY RELIEF       - 10 -       CASE NO. C-11-CV-06591-PJH

| | |
|---|---|
| Dated: October 30, 2014 | McDERMOTT WILL & EMERY LLP |

By: */s/ Yar R. Chaikovsky*
    Yar R. Chaikovsky

Attorney for Defendants, Counterclaimants and Counterdefendants:
Rovi Corporation, Rovi Technologies Guides, Inc. (f/k/a Gemstar-TV Guide International), Rovi Guides, Inc., United Video Properties, Inc., Aptiv Digital, Inc. and StarSight Telecast

ROVI'S MOTION TO DISMISS CERTAIN NETFLIX CLAIMS FOR DECLARATORY RELIEF     - 11 -     CASE NO. C-11-CV-06591-PJH