KEKER & VAN NEST LLP
ASHOK RAMANI - # 200020
aramani@kvn.com
MICHAEL S. KWUN - # 198945
mkwun@kvn.com
SHARIF E. JACOB - # 257546
sjacob@kvn.com
STACY CHEN - # 261822
schen@kvn.com
EDWARD A. BAYLEY - # 267532
ebayley@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Plaintiff, Counter-Defendant
and Counter-Claimant NETFLIX, INC.

McDERMOTT WILL & EMERY LLP
YAR R. CHAIKOVSKY, #175421
ychaikovsky@mwe.com
DAVID L. LARSON, #112342
dlarson@mwe.com
HONG S. LIN, #249898
hlin@mwe.com.
PHILIP OU, #259896
pou@mwe.com
McDERMOTT WILL & EMERY LLP
275 Middlefield Road, Suite 100
Menlo Park, CA 94025-4004
Telephone:    650 815 7400
Facsimile:    650 815 7401

Attorneys for Defendants, Counterclaimants, and
Counterdefendants ROVI CORPORATION and
UNITED VIDEO PROPERTIES, INC.;
Defendants and Counterclaimants ROVI
TECHNOLOGIES CORPORATION AND ROVI
GUIDES, INC.; and Counterclaimants and
Counterdefendants APTIV DIGITAL, INC. and
STARSIGHT TELECAST, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NETFLIX, INC.,<br><br>      Plaintiff,<br><br>      v.<br><br>ROVI CORPORATION; ROVI TECHNOLOGIES CORPORATION; ROVI GUIDES, INC. (f/k/a GEMSTAR-TV GUIDE INTERNATIONAL); ~~and~~ UNITED VIDEO PROPERTIES, INC.,<br><br>      Defendants. | Case No. 4:11-CV-6591 PJH<br><br>**[~~PROPOSED~~] SUPPLEMENTAL PROTECTIVE ORDER GOVERNING SOURCE CODE** |
| ROVI CORPORATION; ROVI TECHNOLOGIES CORPORATION; ROVI GUIDES, INC. (f/k/a GEMSTAR-TV GUIDE INTERNATIONAL); UNITED VIDEO PROPERTIES, INC.; APTIV DIGITAL, INC.; and STARSIGHT TELECAST, INC.,<br><br>      Counterclaimants,<br><br>      v.<br><br>NETFLIX, INC., | |

| | |
|---|---|
| 1 | Counterdefendant. |
| 2 | NETFLIX, INC. |
| 3 | Counterclaimant, |
| 4 | v. |
| 5 | ROVI CORPORATION; UNITED VIDEO PROPERTIES, INC.; APTIV DIGITAL, |
| 6 | INC.; and STARSIGHT TELECAST, INC., |
| 7 | Counterdefendants. |

1    The Court entered the Stipulated Protective Order (Dkt. 64) on October 3, 2014 to govern
2    discovery in this action. However, disclosure and discovery activity in this action is likely to
3    involve the production of source code for which special additional protection from public
4    disclosure and from use for any purpose other than prosecuting this litigation may be warranted.
5    Accordingly, the parties hereby submit that discovery in this action shall be subjected to
6    additional protections set forth in this Supplemental Protective Order Governing Source Code and
7    as determined by the Court.
8    The parties acknowledge that this Order does not confer blanket protections on all
9    disclosures or responses to discovery and that the protection it affords from public disclosure and
10    use extends only to the limited information or items that are entitled to confidential treatment
11    under the applicable legal principles. The parties further acknowledge that this Supplemental
12    Protective Order Governing Source Code does not entitle them to file confidential information
13    under seal; Civil Local Rule 79-5 and the Court's Standing Order for Sealed or Confidential
14    Documents set forth the procedures that must be followed and the standards that will be applied
15    when a party seeks permission from the Court to file material under seal.
16    IT IS HEREBY ORDERED THAT:
17    1.    <u>DEFINITIONS</u>
18    1.1    The definitions set forth in Paragraph 1 of the Stipulated Protective Order are incorporated
19    by reference.
20    11.    <u>SOURCE CODE</u>.
21    To the extent production of Source Code becomes necessary in this case, a Producing
22    Party may designate documents, information, or things as "HIGHLY CONFIDENTIAL AEO –
23    SOURCE CODE," if it comprises or includes confidential, proprietary, or trade secret Source
24    Code.
25    11.1    <u>Who May Review Source Code</u>. Protected Material designated as "HIGHLY
26    CONFIDENTIAL AEO – SOURCE CODE," shall only be accessed and reviewed by Source
27    Code Qualified Persons. Source Code Qualified Persons shall mean the following:
28

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) who have been disclosed pursuant to Paragraph 7[1], above;

(c) the Court and its personnel;

(d) court reporters, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Attachment A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

11.2 <u>The Source Code Computer</u>. All Source Code shall be made available by the Producing Party to Source Code Qualified Persons on a secured, "stand-alone" computer that may not be linked to any network—including without limitation any local area network ("LAN"), intranet, or the Internet—and may not be connected to any printer (except as otherwise permitted in paragraphs 11.9 & 11.10) or any storage device other than the internal hard disk drive of the computer (the "Source Code Computer"). Except as necessary to create printouts pursuant to paragraphs 11.9 & 11.10 of this Protective Order, all access ports on the Source Code Computer shall be disabled as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of Source Code outside or away from the Source Code Computer on which the Source Code is provided for inspection. The Source Code Computer shall be kept in a secure, mutually agreed upon location in Northern California. The

---

[1] Individuals who have previously signed the "Acknowledgement and Agreement to Be Bound" attached the Stipulated Protective Order (Dkt. 64) and have already been disclosed pursuant to Paragraph 7, and for whom the 10-day period to object has run under Paragraph 7.2, shall be considered "Source Code Qualified Person" immediately upon signing Exhibit A hereto and may immediately receive material designated as HIGHLY CONFIDENTIAL AEO – SOURCE CODE. The filing of this Supplemental Protective Order shall not operate to extend, or otherwise affect, the 10-day deadline for serving written objections pursuant to Paragraph 7.2 for any new individuals that may be disclosed.

884123

Source Code Computer may be password protected and shall have the Source Code stored on a hard-drive contained inside the computer. The Producing Party, at its sole discretion, may choose to waive any or all of the default requirements in this paragraph 11 for its own convenience.

11.3 <u>Format for Producing Source Code</u>. The Producing Party shall produce Source Code in computer-searchable format on the Source Code Computer. The Receiving Party may request that commercially-available software tools for viewing and searching Source Code be installed on the Source Code Computer, provided, however, that such software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least three (3) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer. To the extent that such tools record local working files or other records reflecting the work performed by the Receiving Party, such files and records shall not be reviewed, altered or deleted by the Producing Party.

11.4 <u>Access to the Source Code Computer</u>. Access to the Source Code Computer shall be granted during normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. local time at the reviewing location on 24 hours' notice except as set forth below. Upon reasonable notice from the Receiving Party, which shall be not less than one (1) business days in advance, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the Source Code Computer outside of normal business hours. Such an expanded review period shall not begin earlier than 8:00 a.m. and shall not end later than 8:00 p.m. local time at the reviewing location. While the Producing Party may accommodate reasonable exceptions to the notice requirements mentioned above, the hours that the Source Code will be made available shall not be extended based solely upon the timing of the notice provided by the Receiving Party.

Outside computers (including laptops), smartphones, and cell phones are permitted in the room containing the Source Code Computer. Internet connectivity and camera functionality shall be disabled or otherwise inaccessible on all outside computers, and the Producing Party shall have

the right to randomly inspect such outside computers at reasonable intervals to monitor that Internet connectivity and camera functionality remain disabled or otherwise inaccessible. Such monitoring, however, shall not entail review of any work product generated by the Receiving Party (*e.g.*, continuous monitoring of the screens of the outside computers or monitoring any notes or work product of the receiving party). Smartphones and cell phones brought into the room containing the Source Code Computer shall be placed away from the Source Code Computer and may not be used in the room containing the Source Code Computer. The Producing Party shall provide a separate room in close proximity to the room containing the Source Code Computer from which the Receiving Party may make phone calls.

      11.5    <u>Identification of Source Code Qualified Persons</u>. All Source Code Qualified Persons who will review Source Code on behalf of a Receiving Party shall be identified in writing to the Producing Party at least two (2) business days in advance of the first time that such person reviews such Source Code. The Producing Party may require proper identification of all Source Code Qualified Persons before any access to the Source Code Computer, and each and every time a person accesses the Source Code Computer, the Producing Party may require each Source Code Qualified Person to complete a Source Code review log identifying: (1) the person's name; (2) the date and time access began; and (3) the date and time access ended.

      11.6    <u>Alteration of the Source Code Computer</u>. No person other than the Producing Party may alter, dismantle, disassemble, or modify the Source Code Computer in any way, or attempt to circumvent any security feature of the Source Code Computer.

      11.7    <u>No Copies of Source Code</u>. No copies shall be made of Source Code, whether physical, electronic, or otherwise, other than volatile copies necessarily made in the normal course of accessing the Source Code on the Source Code Computer, except for: (1) printouts of reasonable portions of the Source Code requested in accordance with the provisions of paragraph 11.9 of this Protective Order; and (2) such other uses to which the parties may agree or that the Court may Order.

      11.8    <u>Monitoring of Source Code Review</u>. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to

ensure that there is no unauthorized recording, copying, or transmission. Such monitoring, however, shall not entail review of any work product generated by the Receiving Party, e.g., monitoring the screens of the stand-alone computers, monitoring any surface reflecting any notes or work product of the receiving party, or monitoring the key strokes of the receiving party. There will be no video supervision by any Producing Party.

      11.9    <u>Creation of Source Code Printouts</u>.

The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically in the first instance. If the Producing Party objects to the creation of a print out for the requested Source Code, because the request is excessive or for any other reason, it shall notify the Receiving Party of its objection within the allotted two (2) business days pursuant to this paragraph. In the event of a dispute, the parties will meet and confer within two (2) business days of the objection being raised and if they cannot resolve the dispute the parties will raise it with the Court.11.10    <u>Format of Source Code Printouts.</u>

The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area.  To the extent paper copies of source code are provided to Source Code Qualified Persons under Section 11.1(b), such Source Code Qualified Persons shall maintain paper copies in a secured, locked area. To the extent any paper copies of source code are maintained in a location other than the Receiving Party's Outside Counsel of Record, the Receiving Party shall maintain a log, which the Producing Party may request at any time, identifying the location and Source Code Person(s) in possession of each such copy.  The Receiving Party may also temporarily keep the printouts at: (a) the Court for any proceedings(s) relating to the Source Code, for the dates associated with the proceeding(s); (b) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s); (c) the location of an Expert for the purpose of preparing

1  court filings, pleadings, or other papers (including an expert's expert report and (d) any

2  intermediate location reasonably necessary to transport the printouts (*e.g.,* a hotel prior to a Court

3  proceeding or deposition). The Receiving Party shall exercise due care in maintaining the

4  security of the printouts at these temporary locations. The Receiving Party is not required to

5  maintain a log for copies kept at any temporary locations. For avoidance of doubt, an access-

6  restricted location within the facilities of Outside Counsel of Record or the residence or offices of

7  a Source Code Qualified Person, such as a conference room within an access-restricted office or a

8  locked drawer or cabinet, shall constitute a secured, locked area.

9        The Receiving Party shall not create any electronic or other images of the paper copies

10  and shall not convert any of the information contained in the paper copies into any electronic

11  format. Hard copy printouts of Source Code shall be provided on Bates-numbered,

12  watermarked, and colored paper clearly labeled "HIGHLY CONFIDENTIAL AEO – SOURCE

13  CODE" on each page.

14        The Receiving Party shall only make additional paper copies if such additional copies are (1)

15  necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report),

16  (2) necessary for deposition, or (3) otherwise reasonably necessary for the preparation of its case. Any

17  paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and

18  must not be given to or left with a court reporter or any other unauthorized individual.

19        Only the pages reasonably necessary for deciding the issue for which the portions of the

20  Source Code are being filed or offered shall be copied under this subsection. To the extent

21  portions of Source Code are quoted in a Court filing, the front of the document will be stamped as

22  "CONTAINING HIGHLY CONFIDENTIAL AEO – SOURCE CODE." All hard copies of

23  pages of a Court filing containing quoted Source Code are to be printed on watermarked paper

24  and shall be stamped and treated as "HIGHLY CONFIDENTIAL AEO – SOURCE CODE."

25  Hard copies of pages that do not contain quoted Source Code are not required to be printed on

26  watermarked paper.

27        11.11  No Electronic Copies. Electronic copies of Source Code may only be made to be

28

1  included in documents which, pursuant to the Court's rules, procedures, and order(s), cannot be
2  filed or served in hard copy form and must be filed or served electronically. Only the necessary
3  amount of electronic copies to effectuate such filing or service may be stored on any Receiving
4  Party server, hard drive, or other electronic storage device at any given time. After any such
5  electronic filing or service, the Receiving Party shall delete all electronic copies from all
6  receiving party electronic storage devices.

         IT IS SO ORDERED

DATED: _December 5, 2014_____     _____
                                   Hon. Donna M. Ryu
                                   United States Magistrate Judge

EXHIBIT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name],

of _____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order, including

the Supplemental Protective Order incorporated by reference thereto, that was issued by the

United States District Court for the Northern District of California on October 3, 2014 and

_____ in the case of NETFLIX, INC., v. ROVI CORPORATION et al., Case No. 4:11-CV-

6591 PJH. I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt. I solemnly swear or affirm that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone #] as

my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                            [printed name]

Signature: _____
                  [signature]

884123