KEKER & VAN NEST LLP
ASHOK RAMANI - #200020
aramani@kvn.com
MICHAEL S. KWUN - #198945
mkwun@kvn.com
DAN JACKSON - #216091
djackson@kvn.com
SHARIF E. JACOB - #257546
sjacob@kvn.com
EDWARD A. BAYLEY - #267532
ebayley@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Plaintiff, Counter-Defendant,
and Counter-Claimant, NETFLIX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA--OAKLAND DIVISION

| | |
|---|---|
| NETFLIX, INC.,<br><br>         Plaintiff, Counter-Defendant,<br>         and Counter-Claimant<br><br>     v.<br><br>ROVI CORPORATION; ROVI TECHNOLOGIES CORPORATION; ROVI GUIDES, INC. (f/k/a GEMSTAR-TV GUIDE INTERNATIONAL); and UNITED VIDEO PROPERTIES, INC.,<br><br>         Defendants;<br><br>ROVI CORPORATION; ROVI TECHNOLOGIES CORPORATION; ROVI GUIDES, INC. (f/k/a GEMSTAR-TV GUIDE INTERNATIONAL); UNITED VIDEO PROPERTIES, INC.; APTIV DIGITAL, INC.; and STARSIGHT TELECAST, INC.,<br><br>         Counter-Claimants; and<br><br>ROVI CORPORATION; UNITED VIDEO PROPERTIES, INC.; APTIV DIGITAL, INC.; and STARSIGHT TELECAST, INC.,<br><br>         Counter-Defendants. | Case No. 4:11-CV-6591 PJH<br><br>**NETFLIX'S MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO LOCAL RULE 7-11 SEEKING LEAVE *NUNC PRO TUNC* TO FILE AN EARLY MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, TO DEEM NETFLIX'S MOTION FOR SUMMARY JUDGMENT A MOTION FOR JUDGMENT ON THE PLEADINGS** |

**I.     Introduction and Summary**

Yesterday—on December 15, 2014—Netflix filed a motion for summary judgment of invalidity of all of the patents in suit under 35 U.S.C. § 101.  (Dkt. 104.)  This morning, counsel for Netflix received a telephone call from the courtroom deputy stating that leave is generally required to file a motion for summary judgment before discovery closes.

By way of the instant motion for administrative relief pursuant to Local Rule 7-11, Netflix now seeks leave *nunc pro tunc* to file an early motion for summary judgment, on the basis of invalidity under 35 U.S.C. § 101, without prejudice to a further motion for summary judgment after the close of discovery, if necessary.[1]  *In the alternative,* Netflix requests that (1) the Court take judicial notice of Exhibits A-E and H to the Declaration of Michael S. Kwun in support of the motion filed yesterday (Dkt. 105); (2) Exhibits F and G to the Kwun Declaration be disregarded; and (3) the motion filed yesterday be deemed a motion for judgment on the pleadings.  At approximately 11 a.m. this morning, Netflix informed Rovi of the substance of the telephone call with the courtroom deputy, the relief that Netflix would be seeking, and asked whether Rovi would consent to this relief.  At the time of this filing, Netflix has not yet heard back from Rovi.

**II.    Netflix requests leave *nunc pro tunc* to file an early motion for summary judgment.**

The Supreme Court has declared that subject matter eligibility—including whether a patent improperly merely covers an abstract idea—is a "threshold test" that is to be decided *as a matter of law* in a patent infringement action.  *Bilski v. Kappos*, 561 U.S. 593, 602 (2010).  Judge Mayer has suggested that this threshold inquiry should be addressed "at the outset of litigation," and can be accomplished without "formal claim construction" where the asserted claims disclose "no more than an abstract idea garnished with accessories." *Ultramercial, Inc. v. Hulu, LLC,* No. 2010-1544, 2014 WL 5904902, at *8 (Fed. Cir. Nov. 14, 2014) (Mayer, J., concurring). Following this guidance, Netflix filed its motion for summary judgment of invalidity under section 101 to allow the Court to consider this threshold issue before the Court and the parties

---

[1] At the Case Management Conference on August 7, 2014, counsel for Netflix understood the Court to suggest that, given the size of this case, it might entertain more than one motion for summary judgment.

invest significant resources into discovery and claim construction.

Netflix's section 101 motion is considerably simpler than a typical motion for summary judgment after the close of discovery.  The motion is, in the main, based on the patents themselves, and an invention disclosure form that is part of the file history for one of the patents-in-suit—documents that are subject to judicial notice.  Fed. R. Evid. 201(b)(2); *Mack v. South Bay Beer Distributors, Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986) (records and reports of administrative bodies are subject to judicial notice).  Beyond that, the motion briefly cites to two pages from a 1996 issue of *TV Guide* and to Rovi's response to a single interrogatory in this action, both documents that are not reasonably subject to dispute.

Deferring this motion until after the close of discovery would run contrary to the notion of resolving the purely *legal* issue of subject matter eligibility as a "threshold" issue.  And addressing the motion now would have, as Judge Mayer noted in his concurring opinion in *Ultramercial,* "a number of salutary effects" given that "the section 101 determination bears some of the hallmarks of a jurisdictional inquiry."   2014 WL 5904902, at *8.  Addressing the issue at the outset allows "basic deficienc[ies]" to be revealed before courts needlessly devote judicial resources to a case.  *Id.*  Addressing section 101 early also "provides a bulwark against vexatious infringement suits," by allowing dismissal of meritless suits before substantial sums and effort have been expended on wide-ranging discovery.  *Id.*  An early determination also benefits the public, because "[s]ubject matter eligibility challenges provide the most efficient and effective tool for clearing the patent thicket, weeding out those patents that stifle innovation and transgress the public domain." *Id.* at *9.

For these reasons, Netflix respectfully requests leave *nunc pro tunc* to file an early motion for summary judgment without prejudice to the filing of a further motion for summary judgment after the close of discovery, if necessary.

### III. In the alternative, Netflix requests that its motion for summary judgment be deemed a motion for judgment on the pleadings.

In the alternative, Netflix requests that its motion for summary judgment be deemed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, without prejudice to the filing of a motion for summary judgment pursuant to Rule 56

after the close of discovery, if necessary. Netflix notes that Rovi has already filed a Rule 12 motion, after the close of pleadings. (Dkt. 75 (moving to dismiss certain claims for lack of subject matter jurisdiction).)

In deciding a Rule 12(c) motion, the Court may consider judicially noticeable facts. *Heliotrope General, Inc. v. Ford Motor Co.,* 189 F. 3d 971, 981 n.18 (9th Cir. 1999). The Court thus may consider the patents-in-suit and the information disclosure form that is part of the file history for U.S. Patent No. 7,103,906. *See* Kwun Decl., Exhs. A-E & H. For purposes of treating Netflix's motion as a motion for judgment on the pleadings, Netflix requests that the Court disregard the excerpt of a 1996 issue of *TV Guide* and Rovi's response to Netflix's Interrogatory No. 2 (Kwun Decl., Exhs. F & G), as well as the discussion of those exhibits in Netflix's brief. Once those two exhibits and their discussion are disregarded, Netflix's motion relies only on materials that may be considered for purposes of a motion for judgment on the pleadings.

## IV. Conclusion

For the foregoing reasons, Netflix respectfully seeks leave *nunc pro tunc* to file an early motion for summary judgment, on the basis of invalidity under 35 U.S.C. § 101, without prejudice to a further motion for summary judgment after the close of discovery, if necessary. In the alternative, Netflix requests that (1) the Court take judicial notice of Exhibits A-E and H to the Declaration of Michael S. Kwun in support of the motion filed yesterday; (2) Exhibits F and G to the Kwun Declaration be disregarded; and (3) the motion filed yesterday be deemed a motion for judgment on the pleadings.

Dated: December 16, 2014

Respectfully submitted,

KEKER & VAN NEST LLP

By: */s/ Michael S. Kwun*
MICHAEL S. KWUN

Attorneys for Plaintiff, Counter-Defendant, and Counter-Claimant, NETFLIX, INC.