KEKER & VAN NEST LLP
ASHOK RAMANI, #200020
aramani@kvn.com
MICHAEL S. KWUN, #198945
mkwun@kvn.com
SHARIF E. JACOB, #257456
sjacob@kvn.com
EDWARD A. BAYLEY, #267532
ebayley@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

McDERMOTT WILL & EMERY LLP
YAR R. CHAIKOVSKY, #175421
ychaikovsky@mwe.com
DAVID L. LARSON, #112342
dlarson@mwe.com
HONG S. LIN, #249898
hlin@mwe.com
PHILIP OU, #259896
pou@mwe.com
275 Middlefield Road, Suite 100
Menlo Park, CA  94025-4004
Telephone:    650 815 7400
Facsimile:    650 815 7401

Attorneys for Plaintiff, Counterdefendant
and Counterclaimant NETFLIX, INC.

Attorneys for Defendants-Counterclaimants
ROVI CORPORATION, ROVI
TECHNOLOGIES CORPORATION, ROVI
GUIDES, INC. (F/K/A GEMSTAR-TV GUIDE
INTERNATIONAL), and UNITED VIDEO
PROPERTIES, INC., and Counterclaimants
APTIV DIGITAL, INC. and STARSIGHT
TELECAST, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| NETFLIX, INC.,<br><br>                 Plaintiff,<br><br>        v.<br><br>ROVI CORPORATION; ROVI TECHNOLOGIES CORPORATION; ROVI GUIDES, INC. (f/k/a GEMSTAR-TV GUIDE INTERNATIONAL); and UNITED VIDEO PROPERTIES, INC.,<br><br>                 Defendants.<br><hr>ROVI CORPORATION; ROVI TECHNOLOGIES CORPORATION; ROVI GUIDES, INC. (f/k/a GEMSTAR-TV GUIDE INTERNATIONAL); UNITED VIDEO PROPERTIES, INC.; APTIV DIGITAL, INC.; and STARSIGHT TELECAST, INC.,<br><br>                 Counterclaimants, | Case No. 4:11-CV-6591 PJH<br><br>**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT PURSUANT TO PATENT LOCAL RULE 4-3**<br><br>Date:          March 25, 2015<br>Time:         2:00 p.m.<br>Dept.:         Courtroom 3, 3rd Floor<br>Judge:        Honorable Phyllis J. Hamilton<br><br>Date Comp. Filed:  December 21, 2011<br><br>Trial Date:  None |

886755.06

1          v.

2    NETFLIX, INC.,

3                    Counterdefendant.

4    NETFLIX, INC.

5                    Counterclaimant,

6          v.

7    ROVI CORPORATION; UNITED VIDEO
     PROPERTIES, INC.; APTIV DIGITAL, INC.;
8    and STARSIGHT TELECAST, INC.

9                    Counterdefendants.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

886755.06

1    Pursuant to Patent Local Rule 4-3 and the Court's standing order for patent cases, Rovi

2    Corporation, Rovi Technologies Corporation, Rovi Guides, Inc. (f/k/a Gemstar-TV Guide

3    International), United Video Properties, Inc., Aptiv Digital, Inc., and StarSight Telecast, Inc.

4    (collectively, "Rovi") and Netflix, Inc. ("Netflix") hereby provide the following Joint Claim

5    Construction and Prehearing Statement.  The five patents-in-suit for which there are claim terms in

6    dispute are attached as Exhibits A-E.

7    **I.    The Construction of Terms on Which the Parties Agree (Patent L.R. 4-3(a))**

8    Pursuant to Patent L.R. 4-3(a), the parties submit that they have agreed on the construction

9    of the terms set forth in the following chart:

10

| Claim Language (Agreed-Upon Terms in Bold) | Agreed-Upon Construction |
|---|---|
| U.S. Patent No. 6,898,762 | |
| **wherein the interactive television program guide client is wherein the interactive television program guide client is**<br><br>Found in claim numbers: '762 Patent: 13 | AGREED-UPON CONSTRUCTION: wherein the interactive television program guide client is |
| **televiBion**<br><br>Found in claim numbers: '762 Patent: 13 | AGREED-UPON CONSTRUCTION: television |

21   **II.    Proposed Construction of Disputed Terms (Patent L.R. 4-3(b))**

22   Pursuant to Patent L.R. 4-3(b), the Parties' proposed constructions of all disputed terms,

23   along with the identification of all references from the specification or prosecution history that

24   support that construction, and an identification of any extrinsic evidence known to the party on

25   which it intends to rely either to support its proposed construction or to oppose any other

26   party's proposed construction, are set forth in the following chart.[12]

---

[1] Statement by Rovi: Rovi objects to any attempt by Netflix to argue claim construction issues in its Motion for Summary Judgment of Invalidity Under 35 U.S.C. §101 or any other future pleading for claim terms not presented

JOINT CLAIM CONSTRUCTION AND PREHEARING
STATEMENT PURSUANT TO PLR 4-3
CASE NO. 4:11-CV-06591-PJH

886755.06

1    Rovi reserves the right to rely on any evidence cited by Netflix in connection with

2    construction of any of the disputed terms listed below.

3    Netflix reserves the right to rely on any evidence cited by Rovi in connection with

4    construction of any of the disputed terms listed below.

5

| Claim Language (Disputed Terms in **Bold**) U.S. Patent Nos. 7,103,906, 7,974,962, 6,898,762, 7,065,709, 7,945,929 | Netflix's Proposed Construction and Evidence in Support | Rovi's Proposed Construction and Evidence in Support |
|---|---|---|
| A method for use in a client-server interactive television **program guide** system [or] **program guide** server [or] **program guide** client [or] A method for use in an interactive **program guide** | **program guide** PROPOSED CONSTRUCTION: an application that produces display screens identifying the channels and times on which television programs will air **program listing** PROPOSED CONSTRUCTION: information identifying the channel and time on which a television program will air or previously has aired | **program guide** PROPOSED CONSTRUCTION: a guide that displays program listings **program listing** PROPOSED CONSTRUCTION: plain and ordinary meaning or, if a definition is needed, "information about available programs" |

19

20   herein. Neither party moved for leave under Civ. L. R. 7-11 to designate additional terms for construction pursuant
21   the Court's Standing Order for Patent Cases and Rovi believes any attempt to argue claim construction in any other
     pleading is contrary to the Patent Local Rules and the Court's Standing Order for Patent Cases which permit only ten
22   terms to be construed without leave of Court. Rovi also objects to the extent Netflix argues for claim constructions in
     its Motion for Summary Judgment that are different than those presented herein. Rovi reserves the right to address
23   the plain and ordinary meaning of claim terms or any alleged Netflix plain and ordinary meaning of claim terms in
     response to Netflix's Motion for Summary Judgment and any future pleading, especially as Netflix appears to adopt
24   claim constructions of terms under the guise of plain and ordinary meaning that are an obvious attempt to disregard
     this Court's rule limiting the parties to the construction of 10 terms and one Markman hearing.
     [2] Statement by Netflix: Netflix contends that the Joint Claim Construction Statement is not the appropriate place for
25   the parties to advance argument regarding Netflix's pending Motion for Summary Judgment of Invalidity Under 35
     U.S.C. §101, and Netflix disagrees with Rovi's mischaracterization of Netflix's motives and intentions in the
26   previous footnote. Nonetheless, Netflix objects to any attempt by Rovi—in its opposition to Netflix's Motion for
     Summary Judgment of Invalidity Under 35 U.S.C. §101 or in any other future pleading---to construe any claim terms
27   other than those terms that Rovi has offered for construction below. Netflix also objects to the extent Rovi argues for
     claim constructions—in its opposition to Netflix's Motion for Summary Judgment of Invalidity Under 35 U.S.C.
28   §101 or in any other future pleading---that are different than those presented herein.

JOINT CLAIM CONSTRUCTION AND PREHEARING
                                                                 STATEMENT PURSUANT TO PLR 4-3
                                                                 CASE NO. 4:11-CV-06591-PJH

886755.06

| Claim Language (Disputed Terms in **Bold**) U.S. Patent Nos. 7,103,906, 7,974,962, 6,898,762, 7,065,709, 7,945,929 | Netflix's Proposed Construction and Evidence in Support | Rovi's Proposed Construction and Evidence in Support |
|---|---|---|
| system<br><br>[or]<br><br>**program guide**<br><br>Found in claim numbers:<br>'762 Patent: 1, 6, 13, 15, 17<br>'709 Patent: 13, 17<br><br>generating a viewing history database comprising **program listings** and associated program criteria<br><br>[or]<br><br>**program listing** database<br><br>[or]<br><br>**program listing**<br><br>Found in claim numbers:<br>'709 Patent: 13, 14, 17, 18 | DICTIONARY/TREATISE DEFINITIONS: European Telecommunications Standards Institute (ETSI), TR 101 288 v.1.2.1, "Television systems; Code of practice for an Electronic Programme Guide (EPG)," at 8-15 [NETFLIXNDCAL00009537-44], 17 [NETFLIXNDCAL00009546], 30 [NETFLIXNDCAL00009559]; Digital Audio-Visual Council (DAVIC), 1.1 Specification Pt. 1, at 28 [NETFLIXNDCAL00001316], 37 [NETFLIXNDCAL00001325].<br><br>INTRINSIC EVIDENCE: '762 Patent Title[3]; '762 Patent Abstract; '762 Patent col. 1:16-4216; '762 Patent col. 1:57-65; '762 Patent col. 2:4-12; '762 Patent col. 3:13-19; '762 Patent col. 4:49-57; '762 Patent col. 5:10-17; '762 Patent col. 6:9-19; '762 Patent col. 6:51-7:2; '762 Patent col. 10:57-64; '762 Patent col. 10:64-66; '762 Patent col. 11:35-44; '762 Patent col. 11:48-54; '762 Patent col. 11:55-67; '762 Patent col. 12:1-17; '762 Patent col. 12:18-31; '762 Patent col. 12:61-65; '762 Patent col. | DICTIONARY/TREATISE DEFINITIONS: *Prentice Hall's Illustrated Dictionary of Computing*, 3rd ed., 1998 [RVNF00003969, 70].<br><br>INTRINSIC EVIDENCE: '762 patent specification: col. 1:29-37, 1:45-2:45, 4:10-29, 4:49-5:44, 5:63-6:8, 6:22-6:37, 6:51-7:49, 7:66-8:32, 9:10-9:27, 10:46-56, 14:10-14:24, 12:32-65, 15:42-54, 16:62-17:65, 18:16-32, 18:55-20:59, 19:34-46, 21:12-26, 21:60-22:11, 23:30-60, and all figures referenced therein; Abstract; FIGS. 1-24 and accompanying text; Claims 1-17; Provisional application 60/097538 at *1; Reply to Office Action at 3 (Nov. 25, 2002).<br><br>'709 patent specification: col. 1:8-42, 1:29, 2:4, 1:57-2:3, 4:49-5:13, 7:59-8:44, 10:40-12:32, 12:50-66, 13:1-5, 13:16-27, 13:27-56, 14:16-30, 15:48-16:15, 16:41-18:39, 18:62-20:23, 20:39-65, 21:26-35, 22:10-19 and all figures referenced therein; Abstract; FIGS. 6, 7, 8a-c, 11, 16a-c, 18, 19, & 20a-20c and accompanying text; Claims 1-24; Provisional Application 60/097538 at *1. |

---

[3] Because the '709 Patent and '762 Patent share a common specification, unless otherwise noted, Netflix has only cited to the relevant portions of '762 Patent for the sake of simplicity.

JOINT CLAIM CONSTRUCTION AND PREHEARING
STATEMENT PURSUANT TO PLR 4-3
CASE NO. 4:11-CV-06591-PJH

886755.06

| Claim Language (Disputed Terms in **Bold**) U.S. Patent Nos. 7,103,906, 7,974,962, 6,898,762, 7,065,709, 7,945,929 | Netflix's Proposed Construction and Evidence in Support | Rovi's Proposed Construction and Evidence in Support |
|---|---|---|
| | 13:23-26; '762 Patent col. 13:52-56; '762 Patent col. 14:7-10; '762 Patent col. 16:62-67; '762 Patent col. 17:37-41; '762 Patent col. 17:66-18:31; '762 Patent col. 20:39-56; '762 Patent col. 21:18-27; '762 Patent col. 22:3-9; '762 Patent col. 22:63-23:5; '762 Patent figs. 1-24; Provisional application 60/097538 at *1; U.S. Patent App. No. 09/357,941 Title; U.S. Patent App. No. 09/357,941 Abstract; U.S. Patent App. No. 09/357,941 at 1:9-2:2; U.S. Patent App. No. 09/357,941 at 5:14-15; U.S. Patent App. No. 09/357,941 at 9:32-10:7; U.S. Patent App. No. 09/357,941 at 21:10-14; U.S. Patent App. No. 09/357,941 at 21:21-23; U.S. Patent App. No. 09/357,941 at 26:11-27:3; U.S. Patent App. No. 09/357,941 at 28:9-20; U.S. Patent App. No. 09/357,941 at 30:19-23; U.S. Patent App. No. 09/357,941 at 37:29-32; U.S. Patent App. No. 09/357,941 at 40:22-29; U.S. Patent App. No. 09/357,941 at 60:14-17; U.S. Patent App. No. 09/357,941 at 65:5-10; U.S. Patent App. No. 09/357,941 at 69:25-29; U.S. Patent App. No. 09/357,941 at 78:8-15; U.S. Patent App. No. 09/357,941 figs. 1-108; U.S. Patent App. No. 09/034,934 Title; U.S. Patent App. No. 09/034,934 Abstract; U.S. | U.S. Patent App. No. 09/357,941 at 11:16-15:1 and all figures referenced therein; FIGS. 1-108 and accompanying text; Claims 1-81; U.S. Patent App. No. 09/139,777 at 2:1-28, 7:8-24; FIGS. 1-5 and accompanying text; Claims 1-17; U.S. Patent App. No. 09/349,939, at 17:27-18:19, 22:8-23:11, 23:26-26:9 and all figures referenced therein; FIGS. 1-29 and accompanying text; Claims 1-122; U.S. Patent App. No. 09/330,792 at: 1:20-3:17, 17:3-17:16 and accompanying figures; Claims 1-254; U.S. Patent App. No. 09/034,934 at: 3:15-5:2, 8:24-9:9, 13:9-17:15, 26:14-30:3; FIGS. 1-32 and accompanying text; Claims 1-180. EXTRINSIC EVIDENCE: In *Certain Products Containing Interactive Program Guide And Parental Control Technology* (337-TA-845), Confidential ID at 32-34, 94-95 (June 10, 2013) and final determination adopting same. |

886755.06

| Claim Language (Disputed Terms in **Bold**) U.S. Patent Nos. 7,103,906, 7,974,962, 6,898,762, 7,065,709, 7,945,929 | Netflix's Proposed Construction and Evidence in Support | Rovi's Proposed Construction and Evidence in Support |
|---|---|---|
| | Patent App. No. 09/034,934 at 1:4-13; U.S. Patent App. No. 09/034,934 at 2:2-12; U.S. Patent App. No. 09/034,934 at 2:18-29; U.S. Patent App. No. 09/034,934 at 4:5-13; U.S. Patent App. No. 09/034,934 at 9:15-30; U.S. Patent App. No. 09/034,934 at 12:19-29; U.S. Patent App. No. 09/034,934 at 9:15-30; U.S. Patent App. No. 09/034,934 at 13:9-13; U.S. Patent App. No. 09/034,934 at 17:23-29; U.S. Patent App. No. 09/034,934 at 18:20-19:8; U.S. Patent App. No. 09/034,934 at 19:3-8; U.S. Patent App. No. 09/034,934 at 19:20-23; U.S. Patent App. No. 09/034,934 at 20:1-6; U.S. Patent App. No. 09/034,934 at 20:19-23; U.S. Patent App. No. 09/034,934 at 25:24-26; U.S. Patent App. No. 09/034,934 at 26:14-24; U.S. Patent App. No. 09/034,934 at 28:14-18; U.S. Patent App. No. 09/034,934 at 32:1-5; U.S. Patent App. No. 09/034,934 figs. 1-32; U.S. Patent App. No. 09/034,934 Claim 22; U.S. Patent App. No. 09/332,244 Title; U.S. Patent App. No. 09/332,244 Abstract; U.S. Patent App. No. 09/332,244 at 3:20-28; U.S. Patent App. No. 09/332,244 at 12:23-13:10; U.S. Patent App. No. 09/332,244 at 43:1-12; U.S. Patent App. No. 09/332,244 at 46:6-10; U.S. Patent App. No. 09/332,244 figs. 1-31; U.S. Patent App. No. | |

886755.06

| Claim Language (Disputed Terms in **Bold**) U.S. Patent Nos. 7,103,906, 7,974,962, 6,898,762, 7,065,709, 7,945,929 | Netflix's Proposed Construction and Evidence in Support | Rovi's Proposed Construction and Evidence in Support |
|---|---|---|
| | 09/139,777 Title; U.S. Patent App. No. 09/139,777 Abstract; U.S. Patent App. No. 9/139,777 at 2:1-7; U.S. Patent App. No. 09/139,777 at 7:8- 12; U.S. Patent App. No. 9/139,777 figs. 1-5; U.S. Patent App. No. 09/034,939 Title; U.S. Patent App. No. 09/034,939 Abstract; U.S. Patent App. No. 9/034,939 at 17:27-18:7; U.S. Patent App. No. 09/034,939 at 22:2-23; U.S. Patent App. No. 09/330,792 Title; U.S. Patent App. No. 9/330,792 Abstract; U.S. Patent App. No. 9/330,792 at 7:2-6; U.S. Patent App. No. 9/330,792 at 10:30-11:10; U.S. Patent App. No. 09/330,792 at 15:3- 32; U.S. Patent App. No. 09/330,792 figs. 1-17; Prosecution History of '762 Patent, November 25, 2002 Reply to Office Action at pgs. 2-3; Prosecution History of '762 Patent, July 25, 2003 Preliminary Amendment Remarks at pgs. 8-9, 11; Prosecution History of '762 Patent, August 19, 2004 Reply to Office Action at pg. 26; '709 Patent claims 1-3, 7-9, 14, 18, 22, 24.<br><br>EXTRINSIC EVIDENCE: *United Video Properties, Inc. v. Amazon.com, Inc.*, 561 F. App'x. 914, 915-19 (Fed. Cir. 2014) [NETFLIXNDCAL00024481-84]; *United Video Properties,* | |

886755.06

| Claim Language (Disputed Terms in **Bold**) U.S. Patent Nos. 7,103,906, 7,974,962, 6,898,762, 7,065,709, 7,945,929 | Netflix's Proposed Construction and Evidence in Support | Rovi's Proposed Construction and Evidence in Support |
|---|---|---|
| | *Inc. v. Amazon.com, Inc.*, No. 11-003-RGA, 2012 WL 2370318 (D. De. 2014); *United Video Properties, Inc. v. Amazon.com, Inc.*, No. CIV. A. 11-003-RGA, 2012 WL 2370318, at *4-5, *13 (D. Del. June 22, 2012) *aff'd*, 561 F. App'x 914 (Fed. Cir. 2014) [NETFLIXNDCAL00024488-89, NETFLIXNDCAL00024498-99]; Plaintiffs' Reply Claim Construction Brief, No. CIV. A. 11-003-RGA, Dkt. 92 at 12 (D. Del. April 9, 2012) [NETFLIXNDCAL00024517]. | |
| **determining from a program listing database a set of programs not yet watched; applying the at least one of the associated program criteria to the set of programs not yet watched to generate at least one personal viewing recommendation** Found in claim numbers: '709 Patent: 13 **processing circuitry operative** (1) to determine at least one of the associated program criteria from the first database that meets the user preference profile, (2) **to determine from the second database a set of programs not yet watched by the user at** | **determining from a program listing database a set of programs not yet watched; applying the at least one of the associated program criteria to the set of programs not yet watched to generate at least one personal viewing recommendation** PROPOSED CONSTRUCTION: the "determining from a program listing database a set of programs not yet watched" method step must be performed prior to the "applying the at least one of the associated program criteria to the set of programs not yet watched to generate at least one personal viewing recommendation" method step | **determining from a program listing database a set of programs not yet watched; applying the at least one of the associated program criteria to the set of programs not yet watched to generate at least one personal viewing recommendation** PROPOSED CONSTRUCTION: No specific order required |

-7-

886755.06

| Claim Language (Disputed Terms in **Bold**) U.S. Patent Nos. 7,103,906, 7,974,962, 6,898,762, 7,065,709, 7,945,929 | Netflix's Proposed Construction and Evidence in Support | Rovi's Proposed Construction and Evidence in Support |
|---|---|---|
| **the interactive program guide client, (3) to apply the at least one of the associated program criteria to the set of programs not yet watched to generate at least one personal viewing recommendation**; and (4) to provide the personal viewing recommendation to the user at the interactive program guide client over the communications path Found in claim numbers: '709 Patent: 17 | **processing circuitry operative . . . (2) to determine from the second database a set of programs not yet watched by the user at the interactive program guide client, (3) to apply the at least one of the associated program criteria to the set of programs not yet watched to generate at least one personal viewing recommendation**; . . . <br><br> PROPOSED CONSTRUCTION: the processing circuitry must be operative "to determine from the second database a set of programs not yet watched by the user at the interactive program guide client" before it applies "the at least one of the associated program criteria to the set of programs not yet watched to generate at least one personal viewing recommendation" or, in the alternative, indefinite under *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005) <br><br> <span style="color:green">DICTIONARY/TREATISE DEFINITIONS: N/A</span> <br><br> <span style="color:red">INTRINSIC EVIDENCE: '709 Patent Title; '709 Patent Abstract; '709 Patent col. 1:16-49; '709 Patent Abstract; '709 Patent col. 20:26-33; '709 Patent figs. 1-24; '709 Patent</span> | **processing circuitry operative . . . (2) to determine from the second database a set of programs not yet watched by the user at the interactive program guide client, (3) to apply the at least one of the associated program criteria to the set of programs not yet watched to generate at least one personal viewing recommendation**; . . . <br><br> PROPOSED CONSTRUCTION: No specific order required and not indefinite <br><br> <span style="color:green">DICTIONARY/TREATISE DEFINITIONS: N/A</span> <br><br> <span style="color:red">INTRINSIC EVIDENCE: '709 patent specification: col. 2:12-24, 2:55-67, 9:37-47, 10:47-63, 19:41-20:3, 20:24-38, 21:20-35, and all figures referenced therein; Abstract; FIGS. 1, 2a-2c, 3, 4, 15, 16a-16c, 18, 19, 20a-20c, 21-24 and accompanying text; Claim 1-24; Provisional application 60/097538 at *1.</span> <br><br> <span style="color:blue">EXTRINSIC EVIDENCE: In *Certain Products Containing Interactive Program Guide And Parental Control Technology* (337-TA-845), Confidential ID at 26-31 (June 10, 2013).</span> |

886755.06

| Claim Language (Disputed Terms in **Bold**) U.S. Patent Nos. 7,103,906, 7,974,962, 6,898,762, 7,065,709, 7,945,929 | Netflix's Proposed Construction and Evidence in Support | Rovi's Proposed Construction and Evidence in Support |
|---|---|---|
| | claims 13, 17.<br><br>EXTRINSIC EVIDENCE: (Public) Commission Opinion, Certain Products Containing Interactive Program Guide and Parental Controls Technology, Inv. No. 337-TA-845 Slip Op. at 19-22 (December 11, 2013 USITC) [NETFLIXNDCAL00024589-92]; | |
| determining at least one of the associated program criteria from the viewing history database that meets a **user preference profile**<br><br>[or]<br><br>the interactive program guide client is operative to provide the user with an opportunity to create a **user preference profile**<br><br>[or]<br><br>a communications path over which the **user preference profile** is provided by the interactive program guide client<br><br>[or]<br><br>**user preference profile**<br><br>Found in claim numbers: '709 Patent: 13, 16, 17, 20 | **user preference profile**<br><br>PROPOSED CONSTRUCTION: set of user-defined preferences for program criteria<br><br>DICTIONARY/TREATISE DEFINITIONS: European Telecommunications Standards Institute (ETSI), TR 101 288 v.1.2.1, "Television systems; Code of practice for an Electronic Programme Guide (EPG)," at 7-8 [NETFLIXDNCAL00009536-37], 10 [NETFLIXDNCAL00009539], 19-20 [NETFLIXDNCAL00009548-49], 51-53 [NETFLIXDNCAL00009580-82].<br><br>INTRINSIC EVIDENCE: '709 Patent Title; '709 Patent Abstract; '709 Patent col. 2:28-32; '709 Patent col. 3:41-56; '709 Patent col. 14:17- | **user preference profile**<br><br>PROPOSED CONSTRUCTION: Criteria relating to user interest or disinterest in programs and/or program attributes<br><br>DICTIONARY/TREATISE DEFINITIONS: N/A<br><br>INTRINSIC EVIDENCE: '709 specification: col. 2:25-67, 6:17-29, 10:64-11:9, 12:39-13:23, 14:17-15:59, 17:1-10, 17:61-18:5, 18:39-61, 19:18-40, 20:4-65, 21:3-47, 24:1-12 and all figures referenced therein; Abstract; FIGS. 5, 9a-9c, 13a-13f, 15, 16a-16c, 17a-17b, 21, 24 and accompanying text; Claims 1-24; U.S. Patent 7,185,355 at: col. 1:60-2:47, 5:60-6:13, 6:30-7:54, 8:15-56, 9:23-50, 10:18-11:32, 15:3-16:13, Abstract, FIGS. 2a-2b, 3, 5-8, 10, 11, 14-17 and accompanying text; Claims 1-348. |

886755.06

| Claim Language (Disputed Terms in **Bold**) U.S. Patent Nos. 7,103,906, 7,974,962, 6,898,762, 7,065,709, 7,945,929 | Netflix's Proposed Construction and Evidence in Support | Rovi's Proposed Construction and Evidence in Support |
|---|---|---|
| | 30; '709 Patent col. 14:31-34; '709 Patent col. 14:36-43; '709 Patent col. 14:53-15:4; '709 Patent col. 15:5 20; '709 Patent col. 15:21-34; '709 Patent col. 15:60-16:67; '709 Patent col. 20:31-33; '709 Patent col. 20:39-50; '709 Patent col. 21:7-15; '709 Patent figs. 1-24; U.S. Patent App. No. 09/034,934 Title; U.S. Patent App. No. 09/034,934 Abstract; U.S. Patent App. No. 09/034,934 at 3:11-14; 3:21-29; U.S. Patent App. No. 09/034,934 at 5:7-14; U.S. Patent App. No. 09/034,934 at 5:24-28; U.S. Patent App. No. 09/034,934 at 6:4-7; U.S. Patent App. No. 09/034,934 at 12:26-29; U.S. Patent App. No. 09/034,934 at 12:30-13:8; U.S. Patent App. No. 09/034,934 at 13:26-16:16; U.S. Patent App. No. 09/034,934 at 16:26-17:15; U.S. Patent App. No. 09/034,934 at 18:5-17; U.S. Patent App. No. 09/034,934 at 24:25-27; U.S. Patent App. No. 09/034,934 figs. 1-32. EXTRINSIC EVIDENCE: N/A | EXTRINSIC EVIDENCE: *In Certain Products Containing Interactive Program Guide And Parental Control Technology* (337-TA-845), Confidential ID at 31-32 (June 10, 2013) and final determination adopting same. |
| **a first database comprising program listings and associated program criteria based on the user's viewing history at the interactive program guide client** | **a first database comprising program listings and associated program criteria based on the user's viewing history at the interactive program guide client** | **a first database comprising program listings and associated program criteria based on the user's viewing history at the interactive program guide client** |

886755.06

| Claim Language (Disputed Terms in **Bold**) U.S. Patent Nos. 7,103,906, 7,974,962, 6,898,762, 7,065,709, 7,945,929 | Netflix's Proposed Construction and Evidence in Support | Rovi's Proposed Construction and Evidence in Support |
|---|---|---|
| Found in claim numbers: '709 Patent: 17 | PROPOSED CONSTRUCTION: Plain and ordinary meaning[4]<br><br>DICTIONARY/TREATISE DEFINITIONS: European Telecommunications Standards Institute (ETSI), TR 101 288 v.1.2.1, "Television systems; Code of practice for an Electronic Programme Guide (EPG)," at 8 [NETFLIXDNCAL00009537], 11-12 [NETFLIXDNCAL00009540-41], 14-20 [NETFLIXDNCAL00009543-49].<br><br>INTRINSIC EVIDENCE: '709 Patent Title; '709 Patent Abstract; '709 Patent col. 6:17-29; '709 Patent figs. 1-24; '709 Patent claims 13, 14, 17, 18; U.S. Patent App. No. 9/330,792 Title; U.S. Patent App. No. 09/330,792 Abstract; U.S. Patent App. No. 9/330,792 at 14:11-17; U.S. Patent App. No. | PROPOSED CONSTRUCTION: Plain and ordinary meaning, or in the alternative, "a first database comprising program listings and associated program criteria based on the user's activity from the interactive program guide client"[5]<br><br>DICTIONARY/TREATISE DEFINITIONS: *The New IEEE Standard Dictionary of Electrical and Electronics Terms* (IEEE 1993) at 304 [RVNF00003948-50]; *Newton's Telecom Dictionary* (Harry Newton 1999) at 222 [RVNF00003944-46]; *Webster's II New College Dictionary* (1999) at 92, 288, 1231 [RVNF00003978-80, 82, 84]; *The Merriam-Webster Dictionary* (1998) at 132 [RVNF00003972-74]; *The IEEE Standard Dictionary of the Electrical and Electronics Terms* (IEEE 1996) at 251 [RVNF00003959-60]; *The* |

[4] <u>Statement by Netflix</u>: While both Parties agree that this term should be construed according to its plain and ordinary meaning, Rovi (who proposed the term for construction) has refused to withdraw this term unless Netflix agrees to adopt Rovi's proposed interpretation of plain and ordinary meaning.

[5] <u>Statement by Rovi</u>: Netflix previously proposed the term "a first database comprising program listings and associated program criteria based on the user's viewing history at the interactive program guide client," require "the user's viewing history" to be stored at "the interactive program guide client." Rovi proposes this term be afforded its plain and ordinary meaning where "the user's viewing history at the interactive program guide client" portion means "the user's activity from the interactive program guide client." While Netflix now proposes the term should be afforded its plain and ordinary meaning, the parties appear to disagree on the plain and ordinary meaning of this term since Netflix appears to believe this term requires storing the user's viewing history at the interactive program guide client. As a result, Rovi believes construction of this term is necessary since the parties dispute the plain and ordinary meaning of this term.

JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT PURSUANT TO PLR 4-3 CASE NO. 4:11-CV-06591-PJH

886755.06

| Claim Language (Disputed Terms in **Bold**) U.S. Patent Nos. 7,103,906, 7,974,962, 6,898,762, 7,065,709, 7,945,929 | Netflix's Proposed Construction and Evidence in Support | Rovi's Proposed Construction and Evidence in Support |
|---|---|---|
| | 09/330,792 figs. 1-17. EXTRINSIC EVIDENCE:  N/A | *Authoritative Dictionary of IEEE Standards* (IEEE 2000) at 268 [RVNF00003963-65]. INTRINSIC EVIDENCE: '709 patent specification: col. 2:22-24, 6:25-27, 19:41-48, 21:25-35, 22:11-17, 23:24-26, 23:57-61, 24:1-3, and all figures referenced therein; Abstract; FIGS. 1, 2a-2c, 3, 4, 15, 16a-16c, 18, 19, 20a-20c, 21-24, and accompanying text; Claims 1-24; Provisional Application 60/097538 at *1. EXTRINSIC EVIDENCE: N/A |
| combining at least a subset of the identified simple categories associated with the at least one program listing into the at least one **combination category**, wherein the **combination category** comprises more than one of the identified simple categories [or] **combination category** Found in claim numbers: '929 Patent: 11, 12, 17, 19 | **combination category** PROPOSED CONSTRUCTION: a programming category that is composed of multiple simple categories, such as comedy-movies, comedy-series, sports-baseball, or sports-comedy DICTIONARY/TREATISE DEFINITIONS: N/A INTRINSIC EVIDENCE: '929 Patent Title; '929 Patent Abstract; '929 Patent col. 1:16-21; '929 Patent col. 1:29-30; '929 Patent col. 2:18-24; '929 Patent col. 2:44-54; '929 Patent col. 6:59-8:16; '929 Patent figs. 1-12; '929 Patent claims 1-20; Prosecution History of '929 Patent, Jan. 10, 2011 Notice of | **combination category** PROPOSED CONSTRUCTION: a programming category composed of multiple simple categories DICTIONARY/TREATISE DEFINITIONS: N/A INTRINSIC EVIDENCE: '929 patent specification: col. 2:37-61; 7:12-34; 7:52-9:47, 10:40-59, 12:32-41 and all figures referenced therein; Abstract; FIGS. 1, 2, 4, 3a-3c, 10 and accompanying text; Claims 1-20; Provisional Application 60/106,855 at *1; U.S. Patent 7,873,973 Title & Abstract; Claims 1-22; U.S. Patent 7,603,685 Title, Abstract, & Claims 1-61; U.S. Patent |

886755.06

| Claim Language (Disputed Terms in **Bold**) U.S. Patent Nos. 7,103,906, 7,974,962, 6,898,762, 7,065,709, 7,945,929 | Netflix's Proposed Construction and Evidence in Support | Rovi's Proposed Construction and Evidence in Support |
|---|---|---|
| | Allowance & Detailed Office Action *passim*; Provisional Application No. 60/106,855 *passim*, filed on Nov. 3, 1998; U.S. Patent No. 7,873,973 B2 ("the '973 Patent") Title & Abstract; claims 1-22; U.S. Patent No. 7,603,685 B2 ("the '685 Patent") Title & Abstract; claims 1-61; U.S. Patent No. US 8,381,248 B2 ("the '248 Patent") 13 Title & Abstract; claims 1-20; U.S. Patent No. US 8,572,654 B2 ("the '654 Patent") Title & Abstract; claims 1-34; U.S. Patent No. US 8,904,439 ("the '439 Patent") Title & Abstract; claims 1-40. EXTRINSIC EVIDENCE: N/A | 8,381,248 Title, Abstract, & Claims 1-20; U.S. Patent 8,572,654 Title, Abstract, & Claims 1-34; U.S. Patent 8,904,439 Title, Abstract, & Claims 1-40; U.S. Patent Application 09/410,332 Title, Abstract, & Claims 1-61. EXTRINSIC EVIDENCE: N/A |
| a **receiver** that receives a plurality of program listings [or] **receiver** Found in claim numbers: '929 Patent: 11 | **receiver** PROPOSED CONSTRUCTION: circuitry in user equipment for receiving television signals DICTIONARY/TREATISE DEFINITIONS: European Telecommunications Standards Institute, TR 101 288 v.1.2.1, "Television systems; Code of practice for an Electronic Programme Guide (EPG), at 6 [NETFLIXNDCAL00009535], 10-13 [NETFLIXNDCAL00009539-42] (1997); McGraw-Hill Dictionary of Scientific and Technical Terms at 1661 | **receiver** PROPOSED CONSTRUCTION: Plain and ordinary meaning or, if a definition is needed, "a device or component of a device that receives" DICTIONARY/TREATISE DEFINITIONS: *Newton's Telecom Dictionary* (Harry Newton 1999) at 654 [RVNF00003944, 45, 47]; *Webster's Ninth New Collegiate Dictionary* (Merriam-Webster 1990) at 982 [RVNF00003952, 53, 55]; *Webster's II New College Dictionary* (1999) at 925 [RVNF00003978, 79, 83]; |

886755.06

| Claim Language (Disputed Terms in **Bold**) U.S. Patent Nos. 7,103,906, 7,974,962, 6,898,762, 7,065,709, 7,945,929 | Netflix's Proposed Construction and Evidence in Support | Rovi's Proposed Construction and Evidence in Support |
|---|---|---|
| | [NETFLIXNDCAL00024570] (Sybil B. Parker at al. ed., 5th ed. 1994); The Broadcast Communications Dictionary at 180 [NETFLIXNDCAL00024566] (Lincoln Diamante ed., 3d ed., rev. 1989).<br><br>INTRINSIC EVIDENCE: '929 Patent Title; '929 Patent Abstract; '929 Patent col. 1:16-21; '929 Patent col. 1:29-30; '929 Patent col. 2:28-38; '929 Patent col. 4:34-6:58; '929 Patent col. 10:63-69; '929 Patent figs. 1-12; '929 Patent claims 1-20; Prosecution History of '929 Patent, Jan. 10, 2011 Notice of Allowance & Detailed Office Action *passim*; Provisional Application No. 60/106,855 *passim*, filed on Nov. 3, 1998; U.S. Patent No. 7,873,973 B2 ("the '973 Patent") Title & Abstract; claims 1-22; U.S. Patent No. 7,603,685 B2 ("the '685 Patent") 2 Title & Abstract; claims 1-61; U.S. Patent No. US 8,381,248 B2 ("the '248 Patent") Title & Abstract; claims 1-20; U.S. Patent No. US 8,572,654 B2 ("the '654 Patent") Title & Abstract; claims 1-34; U.S. Patent No. US 8,904,439 ("the '439 Patent") Title & Abstract; claims 1-40.<br><br>EXTRINSIC EVIDENCE: | *The Merriam-Webster Dictionary* (1998) at 436 [RVNF00003972, 73, 76].<br><br>INTRINSIC EVIDENCE: '929 patent specification: col. 2:28-37; 4:22-6:22 and all figures referenced therein; Abstract; Provisional Application 60/106855 at *1; FIGS. 1, 2, 6, 7a, 8 and 12 and accompanying text; Claims 1-20.<br><br>EXTRINSIC EVIDENCE: *Noah Systems, Inc. v. Intuit Inc.*, No. 2-10-cv-01420, Dkt. 40 (W.D. PA Oct. 26, 2011). |

| Claim Language (Disputed Terms in **Bold**) U.S. Patent Nos. 7,103,906, 7,974,962, 6,898,762, 7,065,709, 7,945,929 | Netflix's Proposed Construction and Evidence in Support | Rovi's Proposed Construction and Evidence in Support |
|---|---|---|
| | *Broad. Innovation v. Echostar Communs. Corp.*, 240 F. Supp. 2d 1127, 1153 (D. Colo. 2003) [NETFLIXNDCAL00024553-54]; *United Video Properties, Inc. v. Amazon.com, Inc.*, No. CIV. A. 11-003-RGA, 2012 WL 2370318, at *7-8 (D. Del. June 22, 2012) *aff'd*, 561 F. App'x 914 (Fed. Cir. 2014) [NETFLIXNDCAL00024491-92]. | |
| providing a **search engine application** [or] receiving one or more characters in said **search engine application** [or] matching said characters using said **search engine application** to one or more database entries [or] **search engine application** Found in claim numbers: '962 Patent: 1, 14, 27 | **search engine application** PROPOSED CONSTRUCTION: search engine application for a video recorder DICTIONARY/TREATISE DEFINITIONS: N/A INTRINSIC EVIDENCE: '962 Patent Title; '962 Patent Abstract; '962 Patent col. 1:16-19; '962 Patent col. 1:21-28; '962 Patent col. 1:66-2:1; '962 Patent col. 2:8-15; '962 Patent col. 3:3-:4; '962 Patent col. 3:54-4:12; '962 Patent col. 4:49-58; '962 Patent col. 4:65-5:36; '962 Patent col. 5:43-50; '962 Patent col. 5:51-52; '962 Patent col. 5:61-67; '962 Patent col. 6:1-6; '962 Patent col. 6:12-13; '962 Patent col. 6:26-29; '962 Patent col. 6:66-7:7; '962 Patent col. 7:29-36; '962 Patent col. 8:2-5; '962 Patent col. 8:31-34; '962 Patent col. 11:10-17; '962 Patent col. | **search engine application** PROPOSED CONSTRUCTION: Hardware, software, and/or firmware, which receives search requests and interfaces with one or more databases to respond to search requests DICTIONARY/TREATISE DEFINITIONS: N/A INTRINSIC EVIDENCE: '962 patent specification: col. 2:15-28, 2:29-35, 2:49-61, 5:37-50; 6:1-7:44; 8:31-45, 9:13-10:32 and all figures referenced therein; Abstract; FIGS. 8-20, 22 and accompanying text; Claims 1-27. EXTRINSIC EVIDENCE: N/A |

886755.06

| Claim Language (Disputed Terms in **Bold**) U.S. Patent Nos. 7,103,906, 7,974,962, 6,898,762, 7,065,709, 7,945,929 | Netflix's Proposed Construction and Evidence in Support | Rovi's Proposed Construction and Evidence in Support |
|---|---|---|
| | 11:50-60; '962 Patent figs 1-22; '962 Patent claims 1, 14, 20-22, 27.  EXTRINSIC EVIDENCE: N/A | |
| wherein said results comprise one or more show listings and one or more **selectable categories of shows**  [or]  **selectable categories of shows**  Found in claim numbers: '962 Patent: 1, 14, 27 | **selectable categories of shows**  PROPOSED CONSTRUCTION: groupings created from database entries in response to a user's search  DICTIONARY/TREATISE DEFINITIONS: N/A  INTRINSIC EVIDENCE: '962 Patent col. 2:36-49; '962 Patent col. 2:59-61; '962 Patent col. 9:30-34; '962 Patent col. 9:43-56; '962 Patent col. 10:3-9; '962 Patent col. 10:10-18; '962 Patent col. 10:56-11:5; '962 Patent figs. 11-13, 17-19, 21; '962 Patent claims 1, 14, 27; '962 Patent Prosecution History, 4/7/2008 Reply to Office Action at 2-9, 12-15; '962 Patent Prosecution History, 11/14/2008 Reply to Office Action at 2-3; '962 Patent Prosecution History, 6/24/2009 Reply to Office Action at 2-6, 8-11; '962 Patent Prosecution History, 4/8/2010 Reply to Office Action at 7-8; '962 Patent Prosecution History, 12/22/2010 Reply to Office Action at 2-5; '962 Patent Prosecution History, 3/16/2011 Notice of Allowance at 2. | **selectable categories of shows**  PROPOSED CONSTRUCTION: Plain and ordinary meaning or, if a definition is needed, "categories of shows that a user may select"  DICTIONARY/TREATISE DEFINITIONS: N/A  INTRINSIC EVIDENCE: '962 patent specification: col. 2:36-48, 9:30-10:32, 10:56-11:5 and all figures referenced therein; Abstract; FIGS. 8-20, 22 and accompanying text; Claims 1-27; Amendment After Final (April 7, 2008); Reply Accompanying a Request for Continued Examination  (Nov. 14, 2008); Reply Accompanying a Request for Continued Examination (April 8, 2010); Amendment After Final (Dec. 10, 2010).  EXTRINSIC EVIDENCE: *See e.g.*, *SanDisk Corp. v. Kingston Tech. Co.*, 695 F.3d 1348 (Fed. Cir. 2012) |

886755.06

| Claim Language (Disputed Terms in **Bold**) U.S. Patent Nos. 7,103,906, 7,974,962, 6,898,762, 7,065,709, 7,945,929 | Netflix's Proposed Construction and Evidence in Support | Rovi's Proposed Construction and Evidence in Support |
|---|---|---|
| | EXTRINSIC EVIDENCE: N/A | |
| delivering the media to a [first/second] **client device** [or] identified device properties of said [first/second] **client device** [or] a [first/second] format compatible with said [first/second] **client device** [or] **client device** Found in claim numbers: '906 Patent: 1, 2, 3, 6, 8, 10, 11 | **client device** PROPOSED CONSTRUCTION: Plain and ordinary meaning[6] DICTIONARY/TREATISE DEFINITIONS: N/A INTRINSIC EVIDENCE: '906 Patent Title; '906 Patent Abstract; '906 Patent figs 1, 3, 6; '906 Patent at col. 5:53-67; '906 Patent at col. 10:4-21. EXTRINSIC EVIDENCE:  N/A | **client device** PROPOSED CONSTRUCTION: Plain and ordinary meaning or, if a definition is needed, "device that has the capability to receive media from a network"[7] DICTIONARY/TREATISE DEFINITIONS: N/A INTRINSIC EVIDENCE: '906 patent specification: col. 2:5-15, 5:19-29, 5:53-6:7 and all figures referenced therein; Abstract; FIGS. 1-3, 5, 6, and accompanying text; Claims 1-11. EXTRINSIC EVIDENCE: N/A |
| associated with [a/said] first **user** [or] | **user** PROPOSED CONSTRUCTION: Plain and ordinary meaning[8] | **user** PROPOSED CONSTRUCTION: plain and ordinary meaning or, if a |

---

[6] Statement by Netflix: While both Parties agree that this term should be construed according to its plain and ordinary meaning, Rovi (who proposed the term for construction) has refused to withdraw this term unless Netflix agrees to adopt Rovi's proposed interpretation of plain and ordinary meaning.

[7] Statement by Rovi:  Netflix previously proposed the term "client device" mean "device other than a server."  Rovi proposes the term "client device" should be afforded its plain and ordinary meaning, which is "device that has the capability to receive media from a network."   While Netflix now proposes the term "client device" should be afforded its plain and ordinary meaning, the parties appear to disagree on the plain and ordinary meaning of this term since Netflix appears to believe this term is limited to a "device other than a server."  As a result, Rovi believes construction of the term "client device" is necessary since the parties dispute the plain and ordinary meaning of this term.

[8] Statement by Netflix: While both Parties agree that this term should be construed according to its plain and ordinary meaning, Rovi (who proposed the term for construction) has refused to withdraw this term unless Netflix agrees to

JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT PURSUANT TO PLR 4-3 CASE NO. 4:11-CV-06591-PJH

886755.06

| Claim Language (Disputed Terms in **Bold**) U.S. Patent Nos. 7,103,906, 7,974,962, 6,898,762, 7,065,709, 7,945,929 | Netflix's Proposed Construction and Evidence in Support | Rovi's Proposed Construction and Evidence in Support |
|---|---|---|
| **user** Found in claim numbers: '906 Patent: 1, 10 | DICTIONARY/TREATISE DEFINITIONS: N/A INTRINSIC EVIDENCE: '906 Patent Title; '906 Patent Abstract; '906 Patent at col. 1:40-43; '906 Patent at col. 1:50-53; '906 Patent at col. 2:5-20; '906 Patent at col. 5:19-20. EXTRINSIC EVIDENCE: N/A | definition is needed, "one or more users"[9] DICTIONARY/TREATISE DEFINITIONS: *The New IEEE Standard Dictionary of Electrical and Electronics Terms* (IEEE 1993) at 1444 [RVNF00003948, 49, 51]; *Webster's Ninth New Collegiate Dictionary* (Merriam-Webster 1990) at 1299 [RVNF00003952, 53, 56]; *The IEEE Standard Dictionary of the Electrical and Electronics Terms* (IEEE 1996) at 1169 [RVNF00003959, 62]; *The Authoritative Dictionary of IEEE Standards* (IEEE 2000) at 1241 [RVNF00003963, 64, 68]; *Webster's II New College Dictionary* (1999) at 1215 [RVNF00003978, 79, 84]; *The Merriam-Webster Dictionary* (1998) at 575 [RVNF00003972, 73, 77]. INTRINSIC EVIDENCE: '906 patent specification: col. 2:5-37, 5:19-52, 6:60-7:7, 8:13-26, and all figures referenced therein; Abstract; FIGS. 1, 3, 6, and accompanying text; Claims 1-11; Non-final Rejection (Jan. |

adopt Rovi's proposed interpretation of plain and ordinary meaning.

[9] Statement by Rovi: Netflix previously proposed the term "user" mean "individual who uses the [first/second] client device." Rovi proposes the term "user" should be afforded its plain and ordinary meaning, which is "one or more users." While Netflix now proposes the term "user" should be afforded its plain and ordinary meaning, the parties appear to disagree on the plain and ordinary meaning of this term since Netflix appears to believe this term is limited to an "individual who uses the [first/second] client device." As a result, Rovi believes construction of the term "user" is necessary since the parties dispute the plain and ordinary meaning of this term.

JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT PURSUANT TO PLR 4-3 CASE NO. 4:11-CV-06591-PJH

886755.06

| Claim Language (Disputed Terms in **Bold**)  U.S. Patent Nos. 7,103,906, 7,974,962, 6,898,762, 7,065,709, 7,945,929 | Netflix's Proposed Construction and Evidence in Support | Rovi's Proposed Construction and Evidence in Support |
|---|---|---|
| | | 20, 2004); Response to Non-final office Action (May 7, 2004); Final Rejection (July 22, 2004); Response to Final Rejection (Sept. 22, 2004); Response to Office Communication (March 9, 2005); Non-final Office Action (May 15, 2005); Response to Non-final Office Action (Aug. 12, 2005); Non-final Office Action (Oct. 25, 2005); Response to Non-final Office Action (Feb. 1, 2006); Inventor Disclosure (Sept. 17, 1999) [RVNF 00003026-38].  EXTRINSIC EVIDENCE: N/A |

## III.   Most Significant Terms (Patent L.R. 4-3(c))

Pursuant to Patent L.R. 4-3(c), the Parties' proposed constructions of the ten disputed terms which the Parties deem most significant to the resolution of the case are provided in the chart in Section II.

Netflix has only proposed for construction what it contends are claim-dispositive terms, which are the following terms identified above: "program guide"/"program listing" ('709 and '762 patents); "determining from a program listing database . . ." / "processing circuitry operative . . . (2) to determine from the second database . . . " ('709 patent); "user preference profile" ('709 patent); "receiver" ('929 patent); "search engine application" ('962 patent); "selectable categories of shows" ('962 patent).

Rovi asserts that none of the ten terms identified above are claim dispositive.

## IV.   Anticipated Length of Hearing and Identification of Witnesses (P.L.R. 4-3(d) & (e))

886755.06

1    The Parties estimate that no more than three hours will be required for the Claim Construction

2  Hearing.  Neither Party intends to call any witnesses at the Claim Construction Hearing.

3

4  Dated: December, 19 2014                              Respectfully submitted,

5                                                                      McDERMOTT WILL & EMERY LLP

6

7                                                                      By:_/s/ Amol A. Parikh
                                                                              AMOL A. PARIKH

8                                                                      Attorneys for Defendants-Counterclaimants

9                                                                            ROVI CORPORATION, ROVI
                                                                             TECHNOLOGIES CORPORATION,
10                                                                          ROVI GUIDES, INC. (F/K/A
                                                                             GEMSTAR-TV GUIDE
11                                                                          INTERNATIONAL), and UNITED
                                                                             VIDEO PROPERTIES, INC., and
12
                                                                       Counterclaimants
13
                                                                             APTIV DIGITAL, INC. and
14                                                                           STARSIGHT TELECAST, INC.

15
   Dated:  December 19, 2014                              KEKER & VAN NEST LLP
16

17                                                           By:    /s/ Edward A. Bayley
                                                                             ASHOK RAMANI
18                                                                           MICHAEL S. KWUN
                                                                             SHARIF E. JACOB
19                                                                           EDWARD A. BAYLEY

20                                                                     Attorneys for Plaintiff, Counter-Defendant
                                                                       and Counter-Claimant NETFLIX, INC.
21

22

23

24

25

26

27

28

-20-                    JOINT CLAIM CONSTRUCTION AND PREHEARING
                                STATEMENT PURSUANT TO PLR 4-3
                                CASE NO. 4:11-CV-06591-PJH

1
2

# SIGNATURE ATTESTATION

3         Pursuant to Civil L.R. 5.1, I hereby attest that I have obtained the concurrence in the filing

4    of this document from all the signatories for whom a signature is indicated by a "conformed"

5    signature (/s/) within this e-filed document and I have on file records to support this concurrence

6    for subsequent production for the Court if so ordered or for inspection upon request.

7

8    Dated: December 19, 2014                    MCDERMOTT WILL & EMERY LLP

9
10                                               /s/ Amol A. Parikh
                                            By:  AMOL A. PARIKH

11
                                            Attorney for Defendants,
12                                          Counterdefendants, and Counterclaimants
                                            ROVI CORP., ROVI TECHNOLOGIES-
13                                          CORP., ROVIGUIDES, INC., UNITED
                                            VIDEO PROPERTIES, INC., APTIV
14                                          DIGITAL, INC., and STARSIGHT
                                            TELECAST, INC.
15

16
17   DM_US 57422392-3.072826.0031

18
19
20
21
22
23
24
25
26
27
28

                                    -21-        JOINT CLAIM CONSTRUCTION AND PREHEARING
                                                STATEMENT PURSUANT TO PLR 4-3
                                                CASE NO. 4:11-CV-06591-PJH

886755.06