UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC.,<br>          Plaintiff,<br>    v.<br>ROVI CORPORATION, et al.,<br>          Defendants. | Case No. 11-cv-06591-PJH (DMR)<br><br>**ORDER FOR SUPPLEMENTAL SUBMISSION RE: JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 122 |

Before the court is a joint discovery letter filed by Plaintiff/Counterclaim Defendant Netflix Inc. and Defendant/Counterclaim Plaintiff Rovi. [Docket No. 122.] In the letter, Netflix moves to strike "the definitions of and all references thereafter to 'Netflix Hardware,' 'Netflix Software,' and 'Netflix Hardware/Software'" from Rovi's proposed Infringement Contentions Letter at 2.

Netflix has only identified a handful of specific instances in which these terms appear in the Infringement Contentions: (1) the introductory definition of those terms in Rovi's Infringement Contentions, *see* Letter Ex. 1 at 4; (2) the identification of all "Netflix Hardware/Software" as the Accused Instrumentalities for the '929 Patent, *see* Letter Ex. 1 at 4; (3) the contention that "Netflix Hardware/Software" meets the "receiver" limitation of Claim 1 of the '929 Patent, *see* Letter Ex. 1-A at 1; (4) the contention that "Netflix Hardware/Software" meets the "processor" limitation of Claim 1 of the '929 Patent, *see* Letter Ex. 1-A at 4; (5) the contention that "Netflix Hardware/Software" meets the "method for use in a client-server interactive television program guide system for tracking a user's viewing history" limitation of Claims 1 and 6 of the '762 Patent, *see* Letter Ex. 1-B at 2; and (6) the contention that "Netflix Hardware/Software" meets the "method . . . wherein the media is stored in a media-on-demand

server" limitation of the '906 Patent, *see* Letter Ex. 1-C at 13.

It unclear whether Netflix moves to strike only these or *all* instances of the terms "Netflix Hardware," "Netflix Software," or "Netflix Hardware/Software" from Rovi's proposed amended Infringement Contentions, including, e.g., the identification of all "Netflix Hardware/Software" as the Accused Instrumentalities for the '762, '906, '962, and '709 Patents, *see* Letter Ex. 1 at 4-11, and other instances of the terms in the claim charts. It is also unclear whether Netflix moves to strike the introductory definition of those terms in Rovi's Infringement Contentions.

By **March 25, 2015 at 3:00 p.m.,** Netflix shall file a list of every instance of the terms "Netflix Hardware," "Netflix Software," or "Netflix Hardware/Software" that it seeks to strike, with citations to Rovi's proposed Infringement Contentions. Netflix shall simultaneously lodge with the court, and provide a copy to Rovi, of unredacted copies of only the pages in the Infringement Contentions in which these terms appear. If it is not clear from the page alone, Netflix shall provide context or annotation as appropriate so the court may determine which claim of which patent the contentions accuse.

Netflix shall also indicate whether there are any uses of those terms in Rovi's Infringement Contentions that it does not find objectionable. If so, Netflix shall provide citations (and unredacted copies lodged with chambers) to five examples of such uses so that the court has context to better evaluate whether and under what circumstances the terms are inappropriate.

**IT IS SO ORDERED.**

Dated: March 24, 2015

_____

Donna M. Ryu
United States Magistrate Judge