1  YAR R. CHAIKOVSKY (SBN 175421)
   ychaikovsky@mwe.com
2  DAVID L. LARSON (SBN 112342)
   dlarson@mwe.com
3  HONG S. LIN (SBN 249898)
   hlin@mwe.com
4  PHILIP OU (SBN 259896)
   pou@mwe.com
5  SRULI YELLIN (SBN 291431)
   syellin@mwe.com
6  McDERMOTT WILL & EMERY LLP
   275 Middlefield Road, Suite 100
7  Menlo Park, CA  94025-4004
   Telephone:     +1 650 815 7400
8  Facsimile:     +1 650 815 7401

9  AMOL PARIKH (*pro hac vice*)
   aparikh@mwe.com
10 McDERMOTT WILL & EMERY LLP
   227 West Monroe Street
11 Chicago, IL 60606-5096
   Telephone:     +1 312 372 2000
12 Facsimile:     +1 312 984 7700

13 Attorneys for Defendants, Counterclaimants, and
   Counterdefendants ROVI CORPORATION and
14 UNITED VIDEO PROPERTIES, INC.,
   Defendants and Couterclaimants ROVI
15 TECHNOLOGIES CORPORATION AND
   ROVI GUIDES, INC. (f/k/a GEMSTAR-TV
16 GUIDE INTERNATIONAL);, and
   Counterdefendants APTIV DIGITAL, INC. and
17 STARSIGHT TELECAST, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| NETFLIX, INC.,<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ROVI CORPORATION, ROVI TECHNOLOGIES CORPORATION, ROVI GUIDES, INC. (f/k/a GEMSTAR-TV GUIDE INTERNATIONAL), and UNITED VIDEO PROPERTIES, INC.<br>　　　　Defendants, | CASE NO.  4:11-cv-06591-PJH<br><br>**ROVI'S DEMONSTRATIVES IN SUPPORT OF ITS OPPOSITION TO NETFLIX'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY UNDER 35 U.S.C. § 101**<br><br>DEMAND FOR JURY TRIAL |

| | |
|---|---|
| 1 | ROVI CORPORATION, ROVI TECHNOLOGIES CORPORATION, |
| 2 | ROVI GUIDES, INC. (f/k/a GEMSTAR-TV GUIDE INTERNATIONAL), |
| 3 | UNITED VIDEO PROPERTIES, INC., APTIV DIGITAL, INC., and |
| 4 | STARSIGHT TELECAST, INC. |
| | Counterclaimants, |
| 5 | |
| | v. |
| 6 | NETFLIX, INC., |
| | Counterdefendant. |
| 7 | NETFLIX, INC., |
| | Counterclaimants, |
| 8 | |
| | v. |
| 9 | ROVI CORPORATION, UNITED VIDEO PROPERTIES, INC.; APTIV DIGITAL, |
| 10 | INC., AND STARSIGHT TELECAST, INC. |
| 11 | Counterdefendants, |

Dated: March 25, 2015                    McDERMOTT WILL & EMERY LLP

By: */s/ Yar R. Chaikovsky*
    Yar R. Chaikovsky

Attorneys for Defendants,
Counterclaimants and Counterdefendants:
Rovi Corporation, Rovi Technologies
Guides, Inc. (f/k/a Gemstar-TV Guide
International), Rovi Guides, Inc., United
Video Properties, Inc., Aptiv Digital, Inc.
and StarSight Telecast

ROVI'S DEMONSTRATIVE'S ISO OPP. TO NETFLIX'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY         - 2 -         CASE NO. C-11-CV-06591-PJH



# Netflix v. Rovi

CASE NO. 4:11-cv-06591-PJH

## Rovi's Opposition to Netflix's Motion for Summary Judgment Under § 101

March 25, 2015

# Netflix Violates 30 Years of Supreme Court Precedent

1. **Misapplies *Alice***

2. **Fails to view claim as a whole**

3. **Improperly dissects claims by ignoring presence of "old" elements**

4. **Ignores Rovi's technological improvements to IPG and MOD systems**

5. **Invents "common sense and life experience" test**

2

# Netflix Violates 30 Years of Supreme Court Precedent



1. **Misapplies *Alice***

2. Fails to view claim as a whole

3. Improperly dissects claims by ignoring presence of "old" elements

4. Ignores Rovi's technological improvements to IPG and MOD systems

5. Invents "common sense and life experience" test

3

# Netflix Violates 30 Years of Supreme Court Precedent

## Netflix misapplies *Alice*

> At the same time, we tread carefully in construing this exclusionary principle lest it swallow all of patent law. *Mayo*, 566 U. S., at ___ (slip op., at 2). At some level, "all inventions ... embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas."

*Alice v. CLS*, 134 S. Ct. 2347, 2354 (2014)
(quoting *Mayo v. Prometheus Labs*, 132 S. Ct. 1289, 1293 (2012)).

4

# Netflix Violates 30 Years of Supreme Court Precedent



1. Misapplies *Alice*

2. **Fails to view claim as a whole**

3. Improperly dissects claims by ignoring presence of "old" elements

4. Ignores Rovi's technological improvements to IPG and MOD systems

5. Invents "common sense and life experience" test

5

# Netflix Violates 30 Years of Supreme Court Precedent

## Claim must be viewed as a whole

| "[C]laims must be considered as a whole. It is inappropriate to dissect the claims into old and new elements." | Under § 101, there is a "need to consider the invention as a whole." | All elements of a claim must be considered "as an ordered combination." | "Because the approach we made explicit in *Mayo* considers all claim elements, both individually and in combination, it is consistent with the general rule that patent claims 'must be considered as a whole.'" |
|---|---|---|---|
| *Diamond v. Diehr*, 450 U.S. 175, 188 (1981) | *Bilski v. Kappos*, 561 U.S. 593, 611 (2010) | *Mayo v. Prometheus Labs*, 132 S. Ct. 1289, 1298 (2012) | *Alice v. CLS*, 134 S. Ct. 2347, 2355 n.3 (2014) (citing *Diehr*) |

6

# Netflix Violates 30 Years of Supreme Court Precedent

## Claim must be viewed as a whole at Steps 1 and 2

### Step 1 - Abstract Idea Inquiry

*Alice* **considered all steps of the asserted claim** to determine if the claim embodied an abstract idea.  *Alice*, 134 S. Ct. at 2355.

### If no abstract idea:



**CLAIM IS PATENTABLE**

# Netflix Violates 30 Years of Supreme Court Precedent

## At Step 1, *Alice* analyzed claim as a whole

### One Abstract Idea in *Alice*

Intermediated settlement

**The Supreme Court accounts for all elements:**

> It follows from our prior cases, and *Bilski* in particular, that the claims at issue here are directed to an abstract idea. Petitioner's claims involve a method of exchanging financial obligations between two parties using a third-party intermediary to mitigate settlement risk. The intermediary creates and updates "shadow" records to reflect the value of each party's actual accounts held at "exchange institutions," thereby permitting only those transactions for which the parties have sufficient resources. At the end of each day, the intermediary issues irrevocable instructions to the exchange institutions to carry out the permitted transactions.
>
> On their face, the claims before us are drawn to the concept of intermediated settlement, *i.e.*, the use of a third party to mitigate settlement risk. Like the risk hedging in

*Alice*, 134 S. Ct. at 2356.

### Representative Claim 33 in *Alice*

> 33. A method of exchanging obligations as between parties, each party holding a credit record and a debit record with an exchange institution, the credit records and debit records for exchange of predetermined obligations, the method comprising the steps of:
>
> (a) creating a shadow credit record and a shadow debit record for each stakeholder party to be held independently by a supervisory institution from the exchange institutions;
>
> (b) obtaining from each exchange institution a start-of-day balance for each shadow credit record and shadow debit record;
>
> (c) for every transaction resulting in an exchange obligation, the supervisory institution adjusting each respective party's shadow credit record or shadow debit record, allowing only these transactions that do not result in the value of the shadow debit record being less than the value of the shadow credit record at any time, each said adjustment taking place in chronological order; and
>
> (d) at the end-of-day, the supervisory institution instructing ones of the exchange institutions to exchange credits or debits to the credit record and debit record of the respective parties in accordance with the adjustments of the said permitted transactions, the credits and debits being irrevocable, time invariant obligations placed on the exchange institutions.

8

# Netflix Violates 30 Years of Supreme Court Precedent

## At Step 1, *Alice* analyzed claim as a whole

### One Abstract Idea in *Alice*

Intermediated settlement

**The Supreme Court accounts for all elements:**

> It follows from our prior cases, and *Bilski* in particular, that the claims at issue here are directed to an abstract idea. Petitioner's claims involve a method of exchanging financial obligations between two parties using a third-party intermediary to mitigate settlement risk. The intermediary creates and updates "shadow" records to reflect the value of each party's actual accounts held at "exchange institutions," thereby permitting only those transactions for which the parties have sufficient resources. At the end of each day, the intermediary issues irrevocable instructions to the exchange institutions to carry out the permitted transactions.
>
> On their face, the claims before us are drawn to the concept of intermediated settlement, *i.e.*, the use of a third party to mitigate settlement risk. Like the risk hedging in

*Alice*, 134 S. Ct. at 2356.

### Representative Claim 33 in *Alice*

> 33. A method of exchanging obligations as between parties, each party holding a credit record and a debit record with an exchange institution, the credit records and debit records for exchange of predetermined obligations, the method comprising the steps of:
>
> (a) creating a shadow credit record and a shadow debit record for each stakeholder party to be held independently by a supervisory institution from the exchange institutions;
>
> (b) obtaining from each exchange institution a start-of-day balance for each shadow credit record and shadow debit record;
>
> (c) for every transaction resulting in an exchange obligation, the supervisory institution adjusting each respective party's shadow credit record or shadow debit record, allowing only these transactions that do not result in the value of the shadow debit record being less than the value of the shadow credit record at any time, each said adjustment taking place in chronological order; and
>
> (d) at the end-of-day, the supervisory institution instructing ones of the exchange institutions to exchange credits or debits to the credit record and debit record of the respective parties in accordance with the adjustments of the said permitted transactions, the credits and debits being irrevocable, time invariant obligations placed on the exchange institutions.

9

# Netflix Violates 30 Years of Supreme Court Precedent

## At Step 1, *Alice* analyzed claim as a whole

### One Abstract Idea in *Alice*

Intermediated settlement

**The Supreme Court accounts for all elements:**

> It follows from our prior cases, and *Bilski* in particular, that the claims at issue here are directed to an abstract idea. Petitioner's claims involve a method of exchanging financial obligations between two parties using a third-party intermediary to mitigate settlement risk. The intermediary creates and updates "shadow" records to reflect the value of each party's actual accounts held at "exchange institutions," thereby permitting only those transactions for which the parties have sufficient resources. At the end of each day, the intermediary issues irrevocable instructions to the exchange institutions to carry out the permitted transactions.
>
> On their face, the claims before us are drawn to the concept of intermediated settlement, *i.e.*, the use of a third party to mitigate settlement risk. Like the risk hedging in

*Alice*, 134 S. Ct. at 2356.

### Representative Claim 33 in *Alice*

> 33. A method of exchanging obligations as between parties, each party holding a credit record and a debit record with an exchange institution, the credit records and debit records for exchange of predetermined obligations, the method comprising the steps of:
>
> (a) creating a shadow credit record and a shadow debit record for each stakeholder party to be held independently by a supervisory institution from the exchange institutions;
>
> (b) obtaining from each exchange institution a start-of-day balance for each shadow credit record and shadow debit record;
>
> (c) for every transaction resulting in an exchange obligation, the supervisory institution adjusting each respective party's shadow credit record or shadow debit record, allowing only these transactions that do not result in the value of the shadow debit record being less than the value of the shadow credit record at any time, each said adjustment taking place in chronological order; and
>
> (d) at the end-of-day, the supervisory institution instructing ones of the exchange institutions to exchange credits or debits to the credit record and debit record of the respective parties in accordance with the adjustments of the said permitted transactions, the credits and debits being irrevocable, time invariant obligations placed on the exchange institutions.

10