YAR R. CHAIKOVSKY (SB# 175421)
yarchaikovsky@paulhastings.com
MICHAEL C. HENDERSHOT (SB# 211830)
michaelhendershot@paulhastings.com
HONG S. LIN (SB# 249898)
honglin@paulhastings.com
PHILIP OU (SB# 259896)
philipou@paulhastings.com
JOEL C. LIN (SB# 280679)
joellin@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA  94304-1106
Telephone:  1(650) 320-1800
Facsimile:  1(650) 320-1900

Attorneys for Defendants, Counterclaimants, and Counterdefendants ROVI CORPORATION and UNITED VIDEO PROPERTIES, INC.; Defendants and Counterclaimants ROVI TECHNOLOGIES CORPORATION AND ROVI GUIDES, INC.; and Counterclaimants and Counterdefendants APTIV DIGITAL, INC. and STARSIGHT TELECAST, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NETFLIX, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>ROVI CORPORATION; ROVI TECHNOLOGIES CORPORATION; ROVI GUIDES, INC. (f/k/a GEMSTAR-TV GUIDE INTERNATIONAL); and UNITED VIDEO PROPERTIES, INC.,<br><br>    Defendants.<br><br>ROVI CORPORATION; ROVI TECHNOLOGIES CORPORATION; ROVI GUIDES, INC. (f/k/a GEMSTAR-TV GUIDE INTERNATIONAL); and UNITED VIDEO PROPERTIES, INC., APTIV DIGITAL, INC. and STARSIGHT TELECAST, INC., | CASE NO. 4:11-CV-6591 PJH<br><br>**ROVI'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF IN OPPOSITION TO NETFLIX'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY UNDER 35 U.S.C. § 101** |

|   |   |
|---|---|
| 1 | Counterclaimants, |
| 2 | |
| 3 | v. |
| 4 | NETFLIX, INC., |
| 5 | Counterdefendant. |
| 6 | NETFLIX, INC., |
| 7 | v. |
| 8 | Counterclaimant. |
| 9 | ROVI CORPORATION; UNITED VIDEO PROPERTIES, INC., APTIV DIGITAL, INC. and STARSIGHT TELECAST, INC., |
| 10 | |
| 11 | Counterdefendants. |

Pursuant to Civil Local Rule 7-11, defendants, counterclaimants, and counterdefendants Rovi Corporation, Rovi Technologies Guides, Inc. (f/k/a Gemstar-TV Guide International), United Video Properties, Inc., Aptiv Digital, Inc. and StarSight Telecast (collectively, "Rovi") respectfully submit this Motion for Leave to File a Supplemental Brief in Opposition to Netflix's Motion for Summary Judgment of Invalidity Under 35 U.S.C. § 101 ("Netflix's Motion") (Dkt. 104). A copy of Rovi's Supplemental Brief is attached hereto as Exhibit A.

Rovi submits that good cause exists warranting leave to file its proposed Supplemental Brief, in view of the dispositive nature of the issues presented by Netflix's motion, the state of ongoing development in jurisprudence regarding patentable subject matter, and the *de novo* standard that will be applied on appeal (*see Digitech Image Techs. v. Elecs. for Imaging, Inc.*, 758 F.3d 1344, 1348 (Fed. Cir. 2014)). Judge Ryu issued an order on April 6, 2015 that improperly connected the sufficiency of Rovi's infringement contentions with Section 101 issues, which mirrors arguments in Netflix's briefing. While Rovi intends to file a motion for relief from Judge Ryu's order, which is due today, Rovi believes it is important to bring this development to the Court's attention specifically in connection with Netflix's motion. Given these considerations, Rovi believes it is important that the Court have the benefit of a complete and updated record in

1  rendering its decision.  Thus, Rovi's Supplemental Brief is intended to apprise the Court of
2  relevant factual and legal developments that have occurred since the hearing on Netflix's motion
3  and provide the Court with the benefit of a fulsome and current record.  Thus, good cause exists
4  for granting Rovi leave to file its proposed Supplemental Brief for at the least three main reasons.

5  *First*, at the outset of the hearing on Netflix's Motion, the Court issued various written
6  questions to the parties regarding particular issues on patentable subject matter.  Rovi endeavored
7  to address the questions during the hearing.  However, given the significance of these questions to
8  the Court's analysis, Rovi submits its Supplemental Brief to ensure the Court has a full and clear
9  record concerning those questions to assist in its consideration of Netflix's Motion.

10  *Second*, Rovi's Supplemental Brief updates the Court on factual circumstances that have
11  changed since the hearing on Netflix's motion.  At the hearing, Netflix has repeatedly emphasized
12  excerpts from Rovi's infringement contentions and argued that they meant the asserted claims
13  recite generic computer components.  *See, e.g.*, Dkt. 151 (Mar. 25, 2015 Hearing Tr.) at 19:10-20
14  ("If you look at Rovi's infringement contentions . . . I think that that is a very, very broad generic
15  definition."), 34:18-21 ("making its final appearance are the remarkably similar infringement
16  contentions").  Netflix's excerpts ignored hundreds of pages of claim charts that detailed how
17  specific components of Netflix's service infringe each element of the asserted claims—details
18  Netflix itself did not challenge save for one element of one patent and that hardly demonstrate the
19  claims are directed to generic computer components.  Regardless, the point is now largely moot.
20  Since the hearing, Rovi has provided Netflix with updated infringement contentions that do not
21  contain the language Netflix cherry-picked for the hearing.

22  Rovi maintains that it is error to base a determination of patent eligibility on a party's
23  contentions, rather than the language of the claims.  *See Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
24  134 S. Ct. 2347, 2355 n.3 (2014) (the section 101 test "is consistent with the general rule that
25  patent claims must be considered as a whole" quotation omitted).  However, after the hearing,
26  Magistrate Judge Ryu entered an order on April 6, 2015, drawing a connection between Rovi's
27  infringement contentions and the section 101 issues before the Court.  Dkt. 161.  The deadline for
28  Rovi to file a motion for relief from Judge Ryu's order is today, and Rovi intends to file such a

1   motion. The order suggested that "[p]art of Rovi's difficulty in crafting sufficiently specific
2   infringement contentions stems from the generic nature of the patents-in-suit" and cited to the
3   parties' section 101 briefing. *Id.* at 7 n.7. While Rovi maintains it is legal error under *Alice* to
4   make a section 101 determination based on infringement contentions rather than the language of a
5   claim as a whole, should the Court entertain Netflix's invitation to do so—as Magistrate Judge
6   Ryu appears to have done—the Court should do so on a current and complete record. Rovi's
7   Supplemental Brief seeks to provide that record.

8   ***Third***, Rovi's Supplemental Brief raises two recent judicial opinions for the Court's
9   consideration. Both were issued after the hearing on Netflix's motion and analyze the
10  patentability of software claims in view of *Alice* and apply the Federal Circuit's decisions in
11  *Ultramercial* and *DDR Holdings*, both of which were the subject of the Court's written questions
12  to the parties. The decisions, *OpenTV, Inc. v. Apple, Inc.*, Case No. 14-cv-01622-HSG, 2015 WL
13  1535328 (N.D. Cal. Apr. 6, 2015) and *Messaging Gateway Sol'ns, LLC v. Amdocs, Inc.*, C.A. No.
14  14-737-RGA, Dkt. 35 (D. Del. Apr. 15, 2015) (attached as Exhibit B to this motion), both analyze
15  a number of considerations raised by the Court in connection with the patentability of Rovi's
16  claims. Again, given the dispositive nature of the questions before the Court and the developing
17  state of the law, Rovi submits that it should be granted leave to submit its Supplemental Brief to
18  ensure the Court has the benefit of a complete and current record.

19      Rovi certifies that it met and conferred with Netflix regarding this administrative motion.
20  Netflix, however, has not consented to Rovi's motion for leave to file its Supplemental Brief.
21  Accordingly, the accompanying declaration (attached hereto as Exhibit C), explains why a
22  stipulation could not be obtained. Rovi respectfully requests that the Court enter the attached
23  Proposed Order (attached hereto as Exhibit D) granting Rovi's Motion for Leave to File a
24  Supplemental Brief.

25
26
27
28

| | | |
|---|---|---|
| 1 | DATED: April 20, 2015 | PAUL HASTINGS LLP |
| 2 | | |
| 3 | | By: /s/ *Yar R. Chaikovsky* |
| | | YAR R. CHAIKOVSKY |
| 4 | | MICHAEL C. HENDERSHOT |
| | | HONG S. LIN |
| 5 | | PHILIP OU |
| | | JOEL C. LIN |

Attorneys for Defendants, Counterclaimants, and Counterdefendants: Rovi Corporation, Rovi Technologies Guides, Inc. (f/k/a/ Gemstar-TV International); United Video Properties, Inc., Aptiv Digital, Inc. and StarSight Telecast

CASE NO. 4:11-CV-6591 PJH          -5-          ROVI'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF