# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MESSAGING GATEWAY SOLUTIONS, LLC, <br><br> Plaintiff; <br><br> v. <br><br> AMDOCS, INC. AND AMDOCS LIMITED, <br><br> Defendants. | Civil Action No. 14-732-RGA |
| MESSAGING GATEWAY SOLUTIONS, LLC, <br><br> Plaintiff; <br><br> v. <br><br> CLICKATELL, INC., <br><br> Defendant. | Civil Action No. 14-733-RGA |
| MESSAGING GATEWAY SOLUTIONS, LLC, <br><br> Plaintiff; <br><br> v. <br><br> MGAGE LLC, <br><br> Defendant. | Civil Action No. 14-734-RGA |

| | |
|---|---|
| MESSAGING GATEWAY SOLUTIONS, LLC,<br><br>                      Plaintiff;<br><br>     v.<br><br>MBLOCX, INC.,<br><br>                      Defendant. | Civil Action No. 14-735-RGA |
| MESSAGING GATEWAY SOLUTIONS, LLC,<br><br>                      Plaintiff;<br><br>     v.<br><br>SYNIVERSE TECHNOLOGIES LLC,<br><br>                      Defendant. | Civil Action No. 14-736-RGA |
| MESSAGING GATEWAY SOLUTIONS, LLC,<br><br>                      Plaintiffs;<br><br>     v.<br><br>VIBES MEDIA LLC,<br><br>                      Defendant. | Civil Action No. 14-737-RGA |

MEMORANDUM OPINION

Timothy Devlin, Esq., Devlin Law Firm LLC, Wilmington, DE; Barry J. Bumgardner, Esq., (argued), Brent N. Bumgardner, Esq., Christie B. Lindsey, Esq., Nelson Bumgardner Casto, P.C., Fort Worth, TX, attorneys for Plaintiff.

Steven J. Fineman, Esq., Katharine C. Lester, Esq., Richards, Layton & Finger, P.A., Wilmington, DE; S. Calvin Walden, Esq., Victor F. Souto, Esq., Martin E. Gilmore, Esq., Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY, attorneys for Defendants Amdocs, Inc. and Amdocs Limited.

David E. Moore, Esq., Richard L. Horwitz, Esq., Bindu A. Palapura, Esq., Potter Anderson & Corroon LLP, Wilmington, DE; Stefani E. Shanberg, Esq., Robin L. Brewer, Esq., Wilson Sonsini Goodrich & Rosati, San Francisco, CA, attorneys for Defendant Clickatell, Inc.

Richard D. Kirk, Esq., Stephen B. Brauerman, Esq., Vanessa R. Tiradentes, Esq., Sara E. Bussiere, Esq., Bayard, P.A., Wilmington, DE, attorneys for Defendant mGage, LLC.

Thomas C. Grimm, Esq., Morris, Nichols, Arsht & Tunnell LLP, Wilmington, DE; William J. Robinson, Esq., Jean-Paul Ciardullo, Esq., Justin Sobaje, Esq., (argued), Foley & Lardner LLP, Los Angeles, CA, attorneys for Defendant mBlox Incorporated.

Kelly E. Farnan, Esq., (argued), Anthony Flynn Jr., Esq., Richards, Layton & Finger, P.A., Wilmington, DE; Keith E. Broyles, Esq., Kamran Jivani, Esq., Matthew J. McNeill, Esq., Alston & Bird LLP, Atlanta, GA, attorneys for Defendant Syniverse Technologies, LLC.

Kenneth L. Dorsney, Esq., Morris James LLP, Wilmington, DE; Edward L. Bishop, Esq., Nicholas S. Lee, Esq., Neil A. Benchell, Esq., Bishop Diehl & Lee, Ltd., Schaumburg, IL, attorneys for Defendant Vibes Media LLC.

April 15, 2015

*[signature]*
ANDREWS, U.S. DISTRICT JUDGE:

Presently before the Court are several motions for judgment on the pleadings (C.A. 14-736 D.I. 21; C.A. 14-735 D.I. 24; C.A. 14-732 D.I. 24). On November 26, 2014, Defendants Syniverse Technologies LLC, Vibes Media LLC, and mGage LLC moved for judgment on the pleadings of invalidity pursuant to 35 U.S.C. § 101. (C.A. 14-736 D.I. 21). Defendant Clickatell, Inc. joined the motion on December 1, 2014. (C.A. 14-733 D.I. 22). Defendant mBlox, Inc. filed a separate motion for judgment on the pleadings on November 26, 2014. (C.A. 14-735 D.I. 24). Plaintiff Messaging Gateway Solutions LLC filed a cross-motion for judgment on the pleadings of validity against the moving Defendants, as well as against Amdocs, Inc. and Amdocs, Ltd. (C.A. 14-732 D.I. 24). Amdocs filed an opposition to the cross-motion on January 15, 1015. (C.A. 14-732 D.I. 27). The matter has been fully briefed. (C.A. 14-735 D.I. 25, 29; C.A. 14-736 D.I. 22, 27; C.A. 14-732 D.I. 25, 28). The Court heard oral argument on February 24, 2015. (C.A. 14-737 D.I. 33 [hereinafter, "Tr."]).

For the reasons set forth below, Defendants' motions for judgment on the pleadings of invalidity pursuant to § 101 (C.A. 14-733 D.I. 22; C.A. 14-734 D.I 25; C.A. 14-735 D.I. 24; C.A. 14-736 D.I. 21; C.A. 14-737 D.I. 24) are **DENIED**. Plaintiff's motion for judgment on the pleadings of validity pursuant to §101 (C.A. 14-732 D.I. 24) is **GRANTED**.

## BACKGROUND

Plaintiff filed seven related patent infringement actions against Defendants Aerialink, Inc., Amdocs, Clickatell, mGage, mBlox, Syniverse, and Vibes Media on June 11, 2014. (C.A. 14-731 D.I. 1; C.A. 14-732 D.I. 1; C.A. 14-733 D.I. 1; C.A. 14-734 D.I. 1; C.A. 14-735 D.I. 1; C.A. 14-736 D.I. 1; C.A. 14-737 D.I. 1). Plaintiff alleged that Defendants infringed U.S. Patent Nos. 8,260,329 ("the '329 patent") and 8,750,183 ("the '183 patent"). Plaintiff voluntarily

1

dismissed the case against Aerialink on September 25, 2014. (C.A. 14-731 D.I. 13). The Court ordered a stipulated dismissal of the claims related to the '329 patent on October 15, 2014. (C.A. 14-732 D.I. 19; C.A. 14-733 D.I. 18; C.A. 14-734 D.I. 21; C.A. 14-735 D.I. 18; C.A. 14-736 D.I. 17; C.A. 14-737 D.I. 20).

## LEGAL STANDARD

A Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss when the Rule 12(c) motion alleges that the plaintiff failed to state a claim upon which relief can be granted. *See Turbe v. Gov't of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991); *Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010). The court must accept the factual allegations in the complaint and take them in the light most favorable to the non-moving party. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). "[U]pon cross motions for judgment on the pleadings, the court must assume the truth of both parties' pleadings." 61A Am. Jur. 2d Pleading § 555; *cf. Pichler v. UNITE*, 542 F.3d 380, 386 (3d Cir. 2008) ("On cross-motions for summary judgment, the court construes facts and draws inferences 'in favor of the party against whom the motion under consideration is made.'"). "When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The court must "draw on its judicial experience and common sense" to make the determination. *See id.*

Section 101 of the Patent Act defines patent-eligible subject matter. It provides: "Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101. The Supreme Court

has recognized an implicit exception for three categories of subject matter not eligible for patentability: laws of nature, natural phenomena, and abstract ideas. *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2354 (2014). The purpose of these carve outs is to protect the "basic tools of scientific and technological work." *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1293 (2012). "[A] process is not unpatentable simply because it contains a law of nature or a mathematical algorithm," as "an application of a law of nature or mathematical formula to a known structure or process may well be deserving of patent protection." *Id.* at 1293-94 (quotation marks and emphasis omitted). The Supreme Court has made clear that "to transform an unpatentable law of nature into a patent-eligible application of such a law, one must do more than simply state the law of nature while adding the words 'apply it.'" *Id.* at 1294 (emphasis omitted).

The Supreme Court recently reaffirmed the framework laid out in *Mayo* for distinguishing "patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts." *Alice*, 134 S. Ct. at 2355. First, the court must determine whether the claims are drawn to a patent-ineligible concept. *Id.* If the answer is yes, the court must look to "the elements of the claim both individually and as an 'ordered combination'" to see if there is an "'inventive concept'—*i.e.*, an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself.'" *Id.* (alteration in original); *see also Accenture Global Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1341 (Fed. Cir. 2013) ("[T]he court must first 'identify and define whatever fundamental concept appears wrapped up in the claim.' Then, proceeding with the preemption analysis, the balance of the claim is evaluated to determine whether 'additional substantive limitations . . . narrow,

3

confine, or otherwise tie down the claim so that, in practical terms, it does not cover the full abstract idea itself.'" (internal citation omitted)).

Furthermore, "the prohibition against patenting abstract ideas cannot be circumvented by attempting to limit the use of the formula to a particular technological environment or adding insignificant postsolution activity." *Bilski v. Kappos*, 130 S. Ct. 3218, 3230 (2010) (internal quotation marks omitted). In addition, "the mere recitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention." *Alice*, 134 S. Ct. at 2358. For this second step, the machine-or-transformation test can be a "useful clue," although it is not determinative. *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 716 (Fed. Cir. 2014).

"Whether a claim is drawn to patent-eligible subject matter under § 101 is an issue of law . . . ." *In re Bilski*, 545 F.3d 943, 951 (Fed. Cir. 2008), *aff'd sub nom. Bilski v. Kappos*, 561 U.S. 593 (2010). The Federal Circuit has held that the district court is not required to individually address claims not asserted or identified by the non-moving party, so long as the court identifies a representative claim and "all the claims are substantially similar and linked to the same abstract idea." *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1348 (Fed. Cir. 2014) (internal quotation marks omitted). Neither party asserts that claim construction is necessary to decide the motions. (Tr. 33).

## ANALYSIS

Claim 20 of the '183 patent reads:

A method of using a computer system to facilitate two-way communication between a mobile device and an Internet server, comprising:

    the computer system receiving a text message via a first communication path;

    the computer system inserting at least a message body of the text message into an Internet Protocol (IP) message; and

4

> the computer system transmitting the IP message to the Internet server, via a second communication path,
>
> wherein the text message originates from the mobile device as a short message service (SMS) text message, and wherein the SMS text message contains a multi-digit address that is fewer than seven digits and that is associated with a URL of the internet server.

('183 patent, col. 13, ll. 53-67). The parties have treated Claim 20 as a representative claim. (Tr. 47, 52).

### A. Standard of Proof

At the Court's request, the parties submitted letters regarding the standard of proof required to determine whether a patent is invalid under § 101. There is a lack of direct authority as to whether the clear and convincing evidence standard applies to the question of patentability under § 101. Plaintiff argues that patents have a presumption of validity, and the clear and convincing evidence standard therefore applies. (C.A. 14-732 D.I. 31 at p. 2). Defendants argue that the clear and convincing evidence standard applies only to questions of fact, not to questions of law. (C.A. 14-735 D.I. 34 at pp. 1-2). While I am inclined to agree with Defendants, I need not decide the issue today. Claim 20 is patent-eligible under either standard.

### B. Abstract Idea

Defendants argue that Claim 20 is directed to an abstract idea. They offer differing arguments as to what the abstract idea in question is. mBlox argues that it is "delivering a message using an address." (C.A. 14-735 D.I. 25 at p. 14). The other moving Defendants argue that the abstract idea is "receiving a message in one format, changing the message into another format, and sending the newly formatted message to its destination."[1] (C.A. 14-736 D.I.

---

[1] Other than differing views as to what the abstract idea is, Defendants' arguments generally overlap and will therefore be addressed together.

5

22 at p. 7). Defendants contend that these are precisely the type of abstract ideas that courts have routinely held are not patent-eligible. (Tr. 12).

In *Loyalty Conversion*, the court held that "the conversion of loyalty award points from one vendor into loyalty award points of another" was not patentable. *Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*, 2014 WL 4364848, at *8 (E.D. Tex. Sept. 3, 2014). Defendants argue that the '183 patent claims the same idea—converting information from one format to another.[2] (C.A. 14-736 D.I. 22 at p. 8). In *Dealertrack*, the Federal Circuit held that receiving credit application data and selectively forwarding it to remote terminals was an unpatentable abstract idea. *Dealertrack, Inc. v. Huber*, 674 F.3d 1315, 1331, 1334 (Fed. Cir. 2012). Defendants argue that the claim at issue is similar to that in *Dealertrack*; they both claim a method of receiving a message, performing an action based on that message, and transmitting the message. (Tr. 12-13). In *Content Extraction*, the Federal Circuit held that "1) collecting data, 2) recognizing certain data within the collected data set, and 3) storing that recognized data in a memory" was an abstract idea. *Content Extraction*, 776 F.3d at 1347. Defendants maintain that the claims in *Content Extraction* are very similar to the claim at issue here. (C.A. 14-735 D.I. 29 at p. 9 n.6). Both are directed to receiving information, processing it, and performing an additional step. (*Id.*)

Plaintiff responds that Defendants are over-generalizing the claim. (C.A. 14-732 D.I. 25 at p. 17). Plaintiff argues that Claim 20 is directed to a real-world problem and is firmly rooted in specific technology. (*Id.* at p. 18). Plaintiff maintains that, unlike those in the cases cited by

---

[2] *Loyalty Conversion* was the first case mentioned by Defendants at oral argument. (Tr. 12). The court there described the invention as "the equivalent of a currency exchange as applied to loyalty award credits." 2014 WL 4364848, at *5. I do not think *Loyalty Conversion* is analogous to the present case.

6

Defendants, the claim at issue "is securely tethered to a tangible idea of a particular way to allow a mobile device [to] communicate with an Internet server." (C.A. 14-732 D.I. 25 at p. 19).

The Court finds that Claim 20 is directed to the abstract idea of translation. The claim is a method that enables a device that ordinarily cannot send a message to a different device to do so. That is essentially the same as a translator assisting two people who speak different languages to communicate with each other. A translator receives a message in one language, translates it into another, and delivers the translated message. Similarly, in Claim 20, a computer system receives an SMS text message, converts it to an Internet Protocol message, and delivers the converted message. In essence, it translates mobile phone language into Internet language. Having identified the "fundamental concept . . . wrapped up in the claim," I will now turn to the second step of the *Alice* inquiry. *See Accenture Global Servs.*, 728 F.3d at 1341.

## C.  Inventive Concept

Defendants argue that the claim has no additional features or inventive concept that would render it patent-eligible. (C.A. 14-735 D.I. 29 at p. 11). Defendants note that adding generic computer components or field-of-use limitations is insufficient to meet the "something more" required by the second step of *Alice*. (Tr. 15-16). Defendants argue that the only limitations present in addition to the abstract idea are: "computer system," "mobile device," "Internet server," "text message," "Internet Protocol (IP) message," "short message service (SMS) text message," and "URL of the internet server." (Tr. 16 (quoting '183 patent, col. 13, ll. 53-67)). Defendants maintain that these are generic computer limitations, which are insufficient to render the claim patent-eligible. (Tr. 16). In addition, Defendants argue that limiting the invention to SMS messages does not meet the second prong of the test, because that is merely a field-of-use limitation. (*Id.* at 17).

7

Plaintiff argues that Claim 20 is a patent-eligible technological improvement. (C.A. 14-732 D.I. 25 at p. 20). Plaintiff notes that in *Alice*, the Supreme Court stated that applications of abstract ideas to "a new and useful end" are patent-eligible. (*Id.* (quoting *Alice*, 134 S. Ct. at 2354)). Plaintiff argues that even if Claim 20 is directed to an abstract idea, it is nevertheless patent-eligible because it applies that idea to solve a specific, concrete problem. (*Id.* at p. 21). In addition, Plaintiff argues that Claim 20 contains meaningful limitations because it applies only to SMS messages addressed to phone numbers that are less than seven digits and associated with a URL. (*Id.* at p. 22).

Plaintiff notes that a major policy concern behind prohibiting the patenting of abstract ideas was ensuring that the "building blocks of human ingenuity" remain available. (*Id.* (quoting *Alice*, 134 S. Ct. at 2354)). Plaintiff contends that the limitations of Claim 20 ensure that the concept of delivering a converted message is not preempted. (*Id.*). Rather, Claim 20 is limited to a very specific application of that concept. (*Id.*). Plaintiff further argues that in *DDR Holdings*, the Federal Circuit found that a method claim directed to solving a business challenge was patent-eligible because the "claimed solution is necessarily rooted in computer technology in order to overcome a problem specifically arising in the realm of computer networks." (*Id.* (quoting *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1257 (Fed. Cir. 2014))). Plaintiff argues that the same is true for Claim 20. (*Id.*).

The Court agrees that *DDR Holdings* is apposite. In *DDR Holdings*, the Federal Circuit held that method claims directed to maintaining website visitors were patent-eligible. *Id.* at 1259. The claims at issue addressed the problem of Internet users being transported away from a host website after clicking on a hyperlink in an advertisement. *Id.* at 1257. Rather than transporting the user to a third-party advertiser's website, as would normally occur when a user

8

clicks a hyperlink, the claimed method sent the user to an automatically generated hybrid website with the "look and feel" of the advertiser's website. *Id.* That way, the host website did not lose visitors to a third-party website, but users were still able to purchase products from the third party on a website with the "look and feel" of the third-party website. *Id.* at 1257-58.

The *DDR Holdings* court noted that the claims at issue were in some ways similar to those that it had previously held patent-ineligible: the claims were directed to a business practice and involved the use of a computer and the Internet. *Id.* at 1257. The claims differed, however, because they did not "merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet." *Id.* Rather, they solved a problem specific to the realm of computer networks in a way that was rooted in computer technology. *Id.*

The Federal Circuit cautioned that "not all claims purporting to address Internet-centric challenges are eligible for patent." *Id.* at 1258. The claims at issue differed from Internet-centric patent-ineligible claims because "they do not broadly and generically claim 'use of the Internet' to perform an abstract business practice (with insignificant added activity)"; rather, they "specify how interactions with the Internet are manipulated to yield a desired result—a result that overrides the routine and conventional sequence of events ordinarily triggered by the click of a hyperlink." *Id.* The court also noted that the claims did not preempt an abstract idea because they recite a particular method of addressing a specific problem faced by websites. *Id.* at 1259. Other means of increasing sales by making two web pages look the same remained open to all. *Id.*

The Court finds that Claim 20 contains an inventive concept sufficient to render it patent-eligible. Like the claims in *DDR Holdings*, Claim 20 "is necessarily rooted in computer

9

technology in order to overcome a problem specifically arising in the realm of computer networks." *See id.* at 1257. Claim 20 is directed to a problem unique to text-message telecommunication between a mobile device and a computer. The solution it provides is tethered to the technology that created the problem.

While it is true that not all claims directed at addressing Internet issues are patent-eligible, this claim is analogous to those in *DDR Holdings*. It specifies how an interaction between a mobile phone and a computer is manipulated in order to achieve a desired result which overrides conventional practice. Conventionally, phones could not send SMS text messages to computers. The claimed method manipulates that interaction by translating the message in a way that allows the computer to receive and understand the message.

The Supreme Court has noted that "[a]t some level, all inventions embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas." *Alice*, 134 S. Ct. at 2354 (internal quotation marks and alterations omitted). If one looks at almost any patent from far enough away, it could arguably claim an abstract idea. For example, Alexander Graham Bell's patent could be said to claim the abstract idea of oral communication. But his invention was not the concept of oral communication itself; it was a technological innovation that allowed a type of oral communication between people who could otherwise not communicate in that way. The claimed method here does the same: it uses technology that allows communication where it would otherwise be impossible.[3] In addition, Claim 20 contains meaningful limitations that prevent it from preempting the abstract idea of receiving, translating, and delivering a message. It is limited to SMS text messages between a mobile device and the Internet.

---

[3] Defendants' arguments at times bleed over to issues of novelty and obviousness. (C.A. 14-735 at p. 18 n.11; Tr. 10). Those are issues for another day.

10

Unlike the claims identified by Defendants, Claim 20 contains a sufficient inventive concept to render it patent-eligible. It is firmly rooted in technology and is addressed to a specific problem arising in the realm of mobile device-to-Internet communication. Furthermore, it contains sufficient limitations to prevent it from preempting an abstract idea. Since the parties have relied upon their arguments with respect to Claim 20, and the other asserted claims are substantially similar and linked to the same abstract idea, there is no reason to address them separately. Thus, the other asserted claims are also not invalid under § 101.

## CONCLUSION

For the reasons set forth herein, Defendants' motions for judgment on the pleadings of invalidity pursuant to § 101 (C.A. 14-733 D.I. 22; C.A. 14-734 D.I 25; C.A. 14-735 D.I. 24; C.A. 14-736 D.I. 21; C.A. 14-737 D.I. 24) are **DENIED**. Plaintiff's motion for judgment on the pleadings of validity pursuant to §101 (C.A. 14-732 D.I. 24) is **GRANTED**. An appropriate order will be entered.