KEKER & VAN NEST LLP
ASHOK RAMANI - #200020
aramani@kvn.com
MICHAEL S. KWUN - #198945
mkwun@kvn.com
DAN JACKSON - #216091
djackson@kvn.com
SHARIF E. JACOB - #257546
sjacob@kvn.com
EDWARD A. BAYLEY - #267532
ebayley@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415-391-5400
Facsimile:  415-397-7188

Attorneys for NETFLIX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NETFLIX, INC.,<br><br>　　　　Plaintiff, Counter-Defendant,<br>　　　　and Counter-Claimant<br><br>　　v.<br><br>ROVI CORPORATION; ROVI TECHNOLOGIES CORPORATION; ROVI GUIDES, INC. (f/k/a GEMSTAR-TV GUIDE INTERNATIONAL); and UNITED VIDEO PROPERTIES, INC.,<br><br>　　　　Defendants;<br><br>ROVI CORPORATION; ROVI TECHNOLOGIES CORPORATION; ROVI GUIDES, INC. (f/k/a GEMSTAR-TV GUIDE INTERNATIONAL); UNITED VIDEO PROPERTIES, INC.; APTIV DIGITAL, INC.; and STARSIGHT TELECAST, INC.,<br><br>　　　　Counter-Claimants; and<br><br>ROVI CORPORATION; UNITED VIDEO PROPERTIES, INC.; APTIV DIGITAL, INC.; and STARSIGHT TELECAST, INC.,<br><br>　　　　Counter-Defendants. | Case No. 4:11-CV-6591 PJH<br><br>**NETFLIX'S OPPOSITION TO ROVI'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF IN OPPOSITION TO NETFLIX'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY UNDER 35 U.S.C. § 101** |

938560

1  More than three weeks after stating, "we submit" (March 25 Tr. (Dkt. 151) at 94:11), Rovi wants a do-over.  On top of its 25-page opposition (Dkt. 121), an hour of argument by its counsel, and its 103-slide presentation (Dkt. 145), Rovi now seeks leave to "apprise the Court of relevant factual and legal developments" (Mot. for Leave (Dkt. 160) at 3:1–2) with a further 10-page brief—effectively 13 pages, given the 3 pages of its recent objections to Judge Ryu's April 6 order that it devotes to 35 U.S.C. § 101.  *See* Mot. for Relief (Dkt. 159) at 2:23–5:13.

Leave should be denied, because Rovi's proposed brief is neither necessary nor helpful.  Rovi already had an opportunity to present argument regarding the Court's written questions, and nothing in Judge Ryu's April 6 order is relevant to the summary judgment motion.  Finally, Rovi's discussion of two recent judicial opinions—two of *many* new section 101 decisions—is also unhelpful.  Rovi misreads Judge Gilliam's decision, which squarely supports *Netflix's* position.  And the other decision, filed last week in the District of Delaware, is lacking in analysis, was wrongly decided, and is inapposite; it cannot assist the Court.  Rovi's motion for leave needlessly seeks to burden the Court with more paper and should be denied.

**1. The Court's March 25 Questions.**  Rovi devotes the majority of its proposed brief to written questions the Court raised at the outset of the hearing.  *See* Mot. for Leave, Exh. A (proposed brief) at 1:18–7:26.  Yet Rovi admits that it "endeavored to address the questions during the hearing."  Mot. for Leave at 3:6–7.  Nothing since the hearing justifies allowing Rovi now to expand on its answers.  But, should Rovi's proposed brief be allowed, Netflix requests leave to file a 10-page sur-rebuttal, to respond fully to Rovi's newly expanded arguments.

For example, Netflix's sur-rebuttal would explain why the claimed "media-on-demand server" that Rovi emphasizes in its proposed brief, *see, e.g.,* Mot. for Leave, Exh. A at 6:3–17, is nothing more than a generic server that implements the abstract idea.  The Supreme Court has held that "reciting a computer system configured to implement the relevant concept" does not satisfy section 101.  *Alice Corp. v. CLS Bank Int'l,* 134 S. Ct. 2347, 2359 (2014).  The '906 Claims rely on the admitted knowledge of a person of ordinary skill, not on an inventive concept.  *See* Kwun Decl. (Dkt. 105), Exh. H (IBM invention disclosure form) at RVNF00003035–36.

**2. Judge Ryu's April 6 Order.**  Supplemental briefing is not needed to address *dicta* in a

938560

1
NETFLIX'S OPP. TO MOT. FOR LEAVE TO FILE A SUPP. BRIEF RE 35 U.S.C. § 101
Case No. 4:11-CV-6591 PJH

footnote in Judge Ryu's order.  Judge Ryu did not decide whether the asserted claims are patent eligible, and indeed was careful to note that the issue was not before her.  April 6 Order (Dkt. 156) at 7 n.7.  And Rovi's updated infringement contentions, far from being a factual development warranting further briefing, are irrelevant to the summary judgment motion.  Netflix *agrees* that the issue under section 101 is whether the *claims* are patent-eligible, not whether Rovi's contentions comply with the Patent Local Rules.  *Cf.* March 25 Tr. at 11:6–9 ("Judge Freeman rightfully noted that it doesn't matter whether the specification might describe something that could arguably be called 'inventive.'  The question is what the claims say."); *Hewlett Packard Co. v. ServiceNow, Inc.,* 2015 U.S. Dist. LEXIS 29384, *30 (N.D. Cal. Mar. 10, 2015) ("The . . . specification may contain somewhere a specific, patentable implementation . . . [b]ut for purposes of § 101, the claims themselves are what matter, and what is claimed is far too broad . . . .").  But Rovi's original infringement contentions are admissions by Rovi that the asserted claims are functionally defined at a high level of generality.

As Netflix explained at the summary judgment hearing, Rovi's original contentions are inconsistent with limiting the asserted claims to specific machines.  *See* March 25 Tr. at 19:17–19.  And at the hearing before Judge Ryu, Rovi again argued that those contentions were *appropriate* given the wide breadth of the asserted patent claims.  March 26 Tr. (Dkt. 158) at 15:22–16:22.  Updating its infringement contentions[1] does not render the admissions implicit in Rovi's original contentions "largely moot."  *See* Mot. for Leave, Exh. A at 8:18.

**3. Post-Hearing Authority.**  Even just between the hearing and Rovi's motion for leave, there were a plethora of decisions addressing 35 U.S.C. § 101.  For instance, the Federal Circuit affirmed one of the earliest post-*Alice* district court decisions invalidating patent claims based on section 101, finding the issue to be so straightforward that it did not merit a written opinion.  *DietGoal Innovations LLC v. Bravo Media LLC,* 2015 WL 1542817 (Fed. Cir. Apr. 8, 2015), *aff'g without written op.* 33 F. Supp. 3d 271 (S.D.N.Y. 2014) (granting summary judgment of

---

[1] Netflix received Rovi's updated infringement contentions last Friday evening.  Its review is ongoing, but based on a preliminary review, the updated contentions still lack the specificity required by Patent Local Rule 3-1.

invalidity based on section 101). Many district court decisions—including one from Judge Spero—invalidated patent claims based on section 101. *Shortridge v. Foundation Constr. Payroll Serv., LLC,* 2015 WL 1739256 (N.D. Cal. Apr. 14, 2015); *Genetic Veterinary Sci. Inc. v. Canine EIC Genetics, LLC,* 2015 WL 1505669 (D. Minn. Mar. 31, 2015); *Advanced Auctions LLC v. eBay, Inc.,* 2015 WL 1415265 (S.D. Cal. Mar. 27, 2015); *Tuxis Techs. v. Amazon.com, Inc.,* 2015 WL 1387815 (D. Del. Mar. 25, 2015). One Texas district court declined to find claims patent-ineligible based on the pleadings alone, without prejudice to raising the issue again after claim construction. *Certified Measurement, LLC v. CenterPoint Energy Houston Elec. LLC,* 2015 WL 1432324, *2 (E.D. Tex. Mar. 30, 2015).

Rovi's proposed supplemental brief ignores all of those decisions, instead focusing only on two others. The first, *OpenTV, Inc. v. Apple, Inc.,* 2015 WL 1535328 (N.D. Cal. Apr. 6, 2015), supports Netflix, not Rovi. Rovi argues that the OpenTV claims "did not even recite a general computer," Mot. for Leave, Exh. A at 9:12, but Judge Gilliam noted that the claims would be patent ineligible even "accepting . . . as true" OpenTV's assertion that a person of ordinary skill in the art would have understood them to require a computer. 2015 WL 1535328 at *4. "The pen-and-paper test does not require described electronic components to literally exist on paper: instead, it is an analytical tool to test whether the underlying concept described in the claims is abstract, and thus not patent-eligible." *Id.* (citing cases applying the pen-and-paper test to claims that required a computer).

Judge Gilliam concluded that the underlying concept of the OpenTV claims addressed "[t]he problem of how to transmit, receive, store, and organize confidential information deriving from multiple sources" which "is not a creature of the Internet age." *Id.* Similarly here, the '906 Claims fail to include any technological twist on the old-world problems of bookmarking and format changes. For example, the '906 patent's inventors *conceded* that transcoding was a well-known problem with a well-known solution:

> Transcoding, or converting from one format to another, to allow for different device capabilities, is a feature of many pervasive computing initiatives. . . .

938560

> Capability exchanges are known in the art. . . . An everyday example of capability exchange can be found when two modems exchange signals to find their "common denominator", that is, a transmission speed both modems can support.

Kwun Decl., Exh. H at RVNF00003036. The inventors thus understood that transcoding was *not* a problem that newly arose "in the context of modern media-on-demand . . . systems." Mot. for Leave, Exh. A at 9:26–27. Likewise, as Netflix explained in its opening brief, the problems addressed by the TV Guide Patents pre-date interactive program guides. *See, e.g.,* Netflix's Mot. for Summ. J. (Dkt. 104) at 9:3–9 ('962 patent), 10:2–7 ('929 patent), 10:20–23, 14:2–4 ('709 patent), 11:15–19, 14:22–26 ('762 patent).

Far from reciting an inventive concept turning on anything specific to media-on-demand servers or interactive program guides, each asserted patent claim merely adds "token extra-solution activity" that cannot "convert the abstract idea into patent-eligible subject matter" or "merely instructs the practitioner to implement the abstract idea with 'routine, conventional activit[ies].'" *Ultramercial, Inc. v. Hulu, LLC,* 772 F.3d 709, 714, 716 (Fed. Cir. 2014) (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.,* 132 S. Ct. 1289, 1298 (2012)), *reh'g en banc denied* (Fed. Cir. Feb. 20, 2015). Nothing in Judge Gilliam's decision suggests otherwise or requires further briefing.

The second decision on which Rovi focuses is *Messaging Gateway Solutions, LLC v. Amdocs, Inc.*, 2015 WL 1744343 (D. Del. Apr. 15, 2015). The sum of the *Alice*-step-two analysis in this District of Delaware decision is as follows:

> The Court finds that Claim 20 contains an inventive concept sufficient to render it patent-eligible. . . . Claim 20 is directed to a problem unique to text-message telecommunication between a mobile device and a computer. The solution it provides is tethered to the technology that created the problem.
> 
> . . . [T]his claim is analogous to those in *DDR Holdings*. It specifies how an interaction between a mobile phone and a computer is manipulated in order to achieve a desired result which overrides conventional practice. Conventionally, phones could not send SMS text messages to computers. The claimed method manipulates that interaction by translating the message in a way that allows the computer to receive and understand the message.
> 
> . . . The claimed method here . . . uses technology that allows communication where it would otherwise be impossible. In addition, Claim 20 contains meaningful limitations that prevent it from preempting the abstract idea of receiving, translating, and delivering a message. It is limited to SMS text messages between a mobile device and the Internet.

1  *Id.* at *5.  But the court offered no explanation how "the claimed solution" in claim 20 was
2  "necessarily rooted in computer technology."  *DDR Holdings, LLC v. Hotels.com, L.P.,* 773 F.3d
3  1245, 1257 (Fed. Cir. 2014).  Claim 20 offers *no* explanation how the SMS message should be
4  translated.  *See* 2015 WL 1744343 at *2–3 (quoting claim 20).  Far from a solution necessarily
5  rooted in computer technology, the claim offers nothing more than a suggestion of the problem
6  itself—the need for translation.  *See id.*  Moreover, the "meaningful limitations" mentioned by the
7  court only limit the claims to a particular technological environment, which cannot confer patent
8  eligibility, *Alice,* 134 S. Ct. at 2360—and in any event, Rovi's patent claims are far less limited,
9  applying even to implementations on generic computers, as Rovi implicitly conceded in its
10 original infringement contentions.  Kwun Reply Decl. (Dkt. 130), Exh. I at 4:6–17, 5:19–22,
11 6:22–26, 8:1–4, 8:18–21, 9:26–10:2, 11:1–4.  Nothing in *Messaging Gateway Solutions*
12 adequately explains why it is consistent with the Supreme Court's decision in *Alice* or why the
13 Rovi patent claims are analogous, and thus the decision can offer the Court no useful guidance.

14  Rovi's proposed brief offers nothing of value to the Court.  Moreover, if the Court grants
15 Rovi leave, equity would require allowing Netflix to file a 10-page sur-rebuttal to address Rovi's
16 new arguments in full.  Among other things, Rovi fails to mention that Judge Gilliam concluded
17 that the "clear and convincing" standard does not apply to section 101 challenges.  *OpenTV,* 2015
18 WL 1535328 at *3.  The *Messaging Gateway Solutions* court, while finding it unnecessary to
19 decide the issue, indicated it was inclined to reach the same conclusion.  2015 WL 1744343 at *3.
20 Other courts are in agreement.  *See Shortridge,* 2015 WL 1739256 at *7 (Spero, M.J.) (quoting
21 and agreeing with *Modern Telecom Sys. LLC v. Earthlink, Inc.,* 2015 WL 1239992, at *7–8 (C.D.
22 Cal. Mar. 17, 2015)).

23  For the foregoing reasons, Rovi's motion for leave should be denied.

24 Dated:  April 24, 2015                                Respectfully submitted,

25                                                      KEKER & VAN NEST LLP

26                                              By:    */s/ Michael S. Kwun*
                                                       MICHAEL S. KWUN
27
                                                       Attorneys for NETFLIX, INC.
28

938560