1
2
3
4                        UNITED STATES DISTRICT COURT
5                       NORTHERN DISTRICT OF CALIFORNIA
6
7    NETFLIX, INC.,
8                    Plaintiff,                    Case No. 11-cv-6591-PJH
9         v.                                       **ORDER DENYING MOTION FOR**
                                                   **RELIEF FROM NONDISPOSITIVE**
10   ROVI CORPORATION, et al.,                     **PRETRIAL ORDER OF MAGISTRATE**
                                                   **JUDGE**
11                   Defendants.
12
13
14        Before the court is Rovi's motion for relief from nondispositive pretrial order of a
15   Magistrate Judge, filed in response to Magistrate Judge Ryu's order dated April 6, 2015
16   (referred to as "the Order").  Rovi's motion sets forth two objections to the Order:  (1)
17   "Rovi objects to the section titled 'Netflix Hardware' and 'Netflix Software' as Accused
18   Instrumentalities beginning on page 5 and ending on page 8 finding Rovi may not accuse
19   the Netflix service as an accused instrumentality as contrary to law," and (2) "Rovi also
20   objects to footnote 7 as contrary to law."  Rovi makes clear that it "does not object to the
21   remaining portions of the Order."
22        Starting with (1), Rovi argues that the Order "incorrectly states that '[i]t is clearly
23   insufficient to accuse the entire Netflix service as being the instrumentality that infringes
24   the '929 patent, as it provides no meaningful notice to Netflix regarding Rovi's theory of
25   infringement.'"  Dkt. 159 at 1 (citing Order at 6).  Rovi argues that "[t]he Netflix service is
26   the product Netflix sells," and thus, Rovi's identification of the accused instrumentality
27   provides sufficient notice to Netflix.
28        Rovi further argues that "Northern District judges have permitted parties to accuse

*United States District Court*
*Northern District of California*

1    a service as the accused instrumentality." Dkt. 159 at 2. However, Rovi cites only one

2    case in support of this assertion, Grecia v. Apple Inc., 2014 WL 4685195 (N.D. Cal. Sept.

3    19, 2014). Rovi characterizes Grecia as "finding that identification of the 'Sony

4    Entertainment Network service' as the accused instrumentality in conjunction with details

5    provided in the contentions' claim charts 'provide[d] sufficient detail to put Sony on notice

6    of the accused instrumentalities and how they purportedly [met] the claim limitations.'"

7    Dkt. 159 at 2.

8        First, even according to Rovi's own characterization, simply identifying a service

9    as the accused instrumentality, standing alone, was not found sufficient in Grecia;

10   instead, the identification of the accused instrumentality was found sufficient only when

11   read "in conjunction with details provided in the contentions' claim charts." As applied to

12   this case, the Order considered not only Rovi's identification of "Netflix

13   Hardware/Software" as the accused instrumentality, but also specifically looked to Rovi's

14   claim charts for further detail, ultimately finding that "the '929 claim chart to which Rovi

15   refers suffers from the same problem:  the use of the broad term 'Netflix

16   Hardware/Software to meet the claim limitations rather than a specific identification of the

17   Netflix apparatus, product, device, process, method, act, or other instrumentality that

18   meets each element of the asserted patent claims." Order at 7 (emphasis added). In

19   other words, whereas the Grecia claim charts provided details that sufficed to put the

20   alleged infringer on notice, the claim chart in this case does "not make Rovi's general

21   identification of the Accused Instrumentalities any more specific."

22       Second, the Grecia order makes clear that the patentee provided more detail than

23   Rovi has provided in this case. The patentee did not simply identify the "Sony

24   Entertainment Network service" as the accused instrumentality and leave it at that.

25   Instead, the patentee identified "three web services – Music Unlimited, Video Unlimited,

26   and PlayStation Network" that were used to verify users' access, "provided screenshots

27   of the accused GUIs[1]" and "identified the accused APIs[2] as Java and RESTful,"

28   _____

     [1] Graphic User Interfaces

United States District Court
Northern District of California

"identified the 'sub account' that he has identified as belonging to the accused 'secondary user' and has shown the page that he contends shows validation by a membership service."  2014 WL 4685195 at *2.  Only after considering that level of specificity did the Grecia court find that "[t]hese infringement contentions do not require refinement."  Id.

In sum, the court finds no basis on which to grant relief from the portion of the Order finding the identification of "Netflix Hardware/Software" as the accused instrumentality to be insufficient.

Turning to issue (2), Rovi objects to footnote 7 of the Order, arguing that it "misapprehends the legal concepts underlying Section 101."  Specifically, Rovi objects to the characterization of their patents as "generic."  However, any issues relating to section 101 were not before Judge Ryu, nor does the Order purport to rule on any such issues. Instead, the Order is limited to the sufficiency of Rovi's infringement contentions.  While the Order observes, in dicta, that "[p]art of the difficulty in crafting sufficiently specific infringement contentions stems from the generic nature of the patents-in-suit," the Order's ultimate conclusion regarding the contentions' insufficiency is unrelated to that observation.  For that reason, the court finds no basis on which to grant relief from the portion of the Order characterizing the patents-in-suit as "generic."

Accordingly, Rovi's motion for relief from nondispositive pretrial order of Magistrate Judge is DENIED.

**IT IS SO ORDERED.**

Dated:  May 21, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge

---

[2] Application Programmable Interfaces