UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC.,<br>    Plaintiff,<br>  v.<br>ROVI CORPORATION, et al.,<br>    Defendants. | Case No. 11-cv-6591-PJH<br><br>**ORDER DENYING LEAVE TO FILE SUPPLEMENTAL BRIEF** |

Before the court is Rovi's motion for leave to file a supplemental brief in opposition to Netflix's motion for summary judgment of invalidity under section 101. The motion sets forth three reasons that attempt to demonstrate good cause to allow a supplemental brief.

First, Rovi notes that the court issued various written questions for both parties at the outset of the summary judgment hearing, and requests a supplemental brief to "ensure the court has a full and clear record concerning those questions to assist in its consideration of Netflix's motion."

Second, Rovi seeks to "update[] the court on factual circumstances that have changed since the hearing on Netflix's motion." Specifically, Rovi notes that, at the hearing, Netflix pointed to Rovi's infringement contentions as support for the argument that the patents recite generic computer components, and are therefore invalid. Rovi now informs the court that "[s]ince the hearing, Rovi has provided Netflix with updated infringement contentions that do not contain the language Netflix cherry-picked for the hearing."

Third, Rovi seeks to inform the court of two recent judicial opinions regarding patentability under section 101, and "submits that it should be granted leave to submit its

supplemental brief to ensure the court has the benefit of a complete and current record."

The court will address each of these reasons in turn. First, as to the written questions, the court issued those questions to guide the parties' presentations at the hearing, not to invite an additional round of briefing. Both parties had an equal opportunity to address the questions during the three hour and thirty-four minutes of the hearing. The court finds no need for a supplemental brief from Rovi, nor a sur-rebuttal from Netflix.

Second, as to the infringement contentions, the court agrees with Rovi's own argument that infringement contentions are not relevant to the section 101 invalidity analysis. To the extent that Netflix cited Rovi's contentions as indicative of invalidity, the court did not consider those arguments. Thus, the substance of any updated infringement contentions are similarly irrelevant to the section 101 analysis.

Finally, to the extent that either party wishes to bring recent judicial opinions to the court's attention, the local rules provide a mechanism for the filing of a "statement of recent decision" containing "a citation to and providing a copy of the new opinion – without argument." Civil L.R. 7-3(d)(2). However, the rule only allows such statements to be filed "[b]efore the noticed hearing date." The hearing date has now passed, and the record is closed.

For the foregoing reasons, Rovi's motion for leave to file a supplemental brief is DENIED.

**IT IS SO ORDERED.**

Dated: May 21, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge